# EXHIBIT B



1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 5th Floor
5  San Francisco, California 94102-5408
   Telephone:      (415) 554-3845
6  Facsimile:      (415) 554-4248
   E-Mail:         rose-ellen.fairgrieve@sfgov.org
7
   Attorneys for Defendants
8  CITY AND COUNTY OF SAN FRANCISCO,
   LADRON DURIO, AND JAMES MOORE
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                       COUNTY OF SAN FRANCISCO

12                         UNLIMITED JURISDICTION

13  GLADYS DEWITT,                      Case No. 459-735

14            Plaintiff,               **DEFENDANT CITY AND COUNTY OF**
                                       **SAN FRANCISCO'S NOTICE OF**
15        vs.                          **DEMURRER TO PLAINTIFF'S**
                                       **COMPLAINT; DEMURRER**
16  CITY AND COUNTY OF SAN
    FRANCISCO, SAN FRANCISCO           Hearing Date:      April 4, 2007
17  GENERAL HOSPITAL, LADRON           Hearing Judge:     Hon. Peter J. Busch
    DURIO, JAMES MOORE, and DOES 1 –   Time:              9:30 a.m.
18  25,                                Place:             Dept. 301

19            Defendants.              Date Action Filed: January 19, 2007
                                       Trial Date:        Not yet set
20

21

22

23

24

25

26

27

28

1
CASE NO. 459-735

1

2                                NOTICE OF DEMURRER

3      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

4          Please take notice that defendants City and County of San Francisco's ("City")[1] and

5      Ladron Durio's demurrer to plaintiff's five causes of action in her complaint, served and filed

6      with this notice, has been set for hearing on <u>April 4, 2007 at 9:30 a.m. in Department 301,</u> or as

7      soon as the matter may be heard in the above-referenced court, which is located at 400

8      McAllister Street, San Francisco. The demurrer shall be based on the grounds that plaintiff

9      failed to file a timely government claim, and that plaintiff's five causes of action do not state

10     facts sufficient to state a cause of action and are barred as a matter of law. The demurrer shall be

11     based on all pleadings and records on file with the Court in this matter and on all such other oral

12     and documentary evidence as the Court may consider in the hearing on this motion.

13     Dated: 2/28/07

14                                        DENNIS J. HERRERA
                                          City Attorney
15                                        ELIZABETH S. SALVESON
                                          Chief Labor Attorney
16                                        ROSE-ELLEN H. FAIRGRIEVE
                                          Deputy City Attorney
17

18                                        By:
19                                        ROSE-ELLEN H. FAIRGRIEVE

20                                        Attorneys for Defendants
                                          CITY AND COUNTY OF SAN FRANCISCO,
21                                        LADRON DURIO AND JAMES MOORE

22

23         [1] San Francisco General Hospital is not a separate legal entity from the City and County
       of San Francisco, but rather a City department. Thus, it cannot be sued separate and apart from
24     the City, and makes no appearance in this action. *See Darby v. Pasadena Police Dept.* (5th Cir.
       1991) 939 F.2nd 311, 313-14 [departments within a municipal corporation cannot be sued unless
25     a statute or ordinance specifically vests the department with the power to sue or be sued].)
       Under the San Francisco Charter, only the City has the power to sue or be sued. (*See* San
26     Francisco Charter, § 1.101.)

27         The complaint has not been served on defendant James Moore, and thus he makes no
       appearance in this case.

28

Defendant's Notice/Demurrer;  CASE NO. 459-735                    N:\LABOR\LI2007\071000\00011761.DOC

# DEMURRER

Pursuant to Code of Civil Procedure section 430.10, subdivision, the City demurs to the complaint filed by plaintiff Gladys DeWitt on January 19, 2007. The demurrer is based on each of the following grounds:

### Demurrer to First, Second, Third, Fourth and Fifth Causes of Action

The first, second, third, fourth, and fifth causes of action fail because plaintiff failed to file a timely government claim, as required by the Tort Claims Act.

### Demurrer to First Cause of Action (Breach of Contract)

The first cause of action for breach of contract fails because as a matter of law no contract exists.

### Demurrer to Second Cause of Action (Breach of Implied Covenant of Good Faith and Fair Dealing)

The second cause of action for breach of implied covenant of good faith and fair dealing fails because as a matter of law no contract exists.

### Demurrer to Third Cause of Action (Fraud)

The third cause of action for fraud fails because the City is immune from liability for misrepresentation under California Government Code §818.8.

### Demurrer to Fourth Cause of Action (Intentional Infliction of Emotional Distress)

The fourth cause of action for intentional infliction of emotional distress fails because it is barred by Workers' Compensation Act exclusivity.

### Demurrer to Fifth Cause of Action (Negligent Infliction of Emotional Distress)

The fifth cause of action for negligent infliction of emotional distress fails because it is barred by Workers' Compensation Act exclusivity.

/ / /

/ / /

/ / /

Defendant's Notice/Demurrer;  CASE NO. 459-735                 N:\LABOR\LI2007\071000\00011761.DOC

1    <u>Demurrer to Complaint as Against Defendant San Francisco General Hospital</u>

2    The entire complaint fails as alleged against San Francisco General Hospital, because the

3    hospital is not a separate legal entity that can be sued.

4    Dated: 2/28/07

5                                    DENNIS J. HERRERA
                                     City Attorney
6                                    ELIZABETH S. SALVESON
                                     Chief Labor Attorney
7                                    ROSE-ELLEN H. FAIRGRIEVE
                                     Deputy City Attorney

8

9    By: _____
                                     ROSE-ELLEN H. FAIRGRIEVE
10                                   Attorneys for Defendant
                                     CITY AND COUNTY OF SAN FRANCISCO,
11                                   LADRON DURIO AND JAMES MOORE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

## PROOF OF SERVICE

I, JUDY PERRY, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On February 28, 2007, I served the following document(s):

- **DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S NOTICE OF DEMURRER; DEMURRER**

- **MEMORANDUM OF POINTS AND AUTHORITIES ISO DEMURRER**

on the following persons at the locations specified:

Ashwin Ladva, Esq.
Ladva, Shoker & Associates
530 Jackson St., 2nd Floor
San Francisco, CA 94133-5143

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. A declaration from the messenger who made the delivery ☐ is attached or ☐ **will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number Fax #' to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached or** ☐ **will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed February 28, 2007, at San Francisco, California.

_Judy Perry_
(JUDY PERRY

PROOF OF SERVICE; CASE NO. 459735                    n:\labor\li2007\071000\00011893.doc

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 5th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3845
6  Facsimile:     (415) 554-4248
   E-Mail:        rose-ellen.fairgrieve@sfgov.org
7
8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
   LADRON DURIO, AND JAMES MOORE
9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF SAN FRANCISCO

12                      UNLIMITED JURISDICTION

13  GLADYS DEWITT,                    Case No. 459-735

14          Plaintiff,               MEMORANDUM OF POINTS AND
                                     AUTHORITIES IN SUPPORT OF
15      vs.                          DEMURRER TO PLAINTIFF'S
                                     COMPLAINT FOR DAMAGES
16  CITY AND COUNTY OF SAN
    FRANCISCO, SAN FRANCISCO         Hearing Date:      April 4, 2007
17  GENERAL HOSPITAL, LADRON         Hearing Judge:     Hon. Peter J. Busch
    DURIO, JAMES MOORE, and DOES 1 – Time:              9:30 a.m.
18  25,                              Place:             Dept. 301

19          Defendants.              Date Action Filed: January 19, 2007
                                     Trial Date:        Not yet set
20
                                     Attached Documents: None
21

22

23                            INTRODUCTION

24

25      Plaintiff Gladys DeWitt's complaint arises out of her employment with the City and County

26  of San Francisco. DeWitt sues the City for: 1) breach of contract; 2) breach of implied covenant of

27  good faith and fair dealing; 3) fraud; 4) intentional infliction of emotional distress, and 5) negligent

28  infliction of emotional distress. The demurrer should be sustained without leave to amend as to

                                          1

1  DeWitt's entire complaint because DeWitt failed to file a timely government claim. Furthermore,

2  the causes of action for breach of contract, breach of implied covenant of good faith and fair

3  dealing, and fraud are barred as a matter of law, and her intentional and negligent infliction of

4  emotional distress claims are barred by Workers' Compensation exclusivity.

## PROCEDURAL HISTORY

6      On March 20, 2006, DeWitt filed a tort claim with the City, alleging, among other things,

7  that she was removed from her job in January 2001, and has not received a new job. The City

8  denied her claim on September 28, 2006. DeWitt filed the instant Complaint on January 19, 2007.

9  DeWitt served the City on January 29, 2007. DeWitt served Defendant Durio on February 11,

10  2007. DeWitt has not served Defendant James Moore.

## STATEMENT OF FACTS

12      DeWitt worked as a Healthcare Worker II at San Francisco General Hospital from 1993 to

13  2002. (Complaint ¶12.) Defendant James Moore was DeWitt's supervisor during that time.[1]

14  (Complaint ¶6.) Defendant Ladron Durio was DeWitt's co-worker. (Complaint ¶7.)

15      DeWitt broadly alleges unfair treatment by the City, Moore, and Durio in regard to her

16  disability issues and her disciplinary matter. According to the Complaint, DeWitt suffered a back

17  injury on November 1, 2001, and was temporarily totally disabled. (Complaint ¶¶15, 17.) In

18  September 2002, DeWitt alleges she informed the City that she was able to return to work.

19  (Complaint ¶20.) Between January 2003 and March 2003, DeWitt claims she communicated with

20  the City regarding reasonable accommodations and her return to work. (Complaint ¶¶30-36.)

21      In regard to her performance issues, DeWitt alleges that she was served with a Notice of

22  Intent to Dismiss from Permanent Position on November 29, 2001. (Complaint ¶16.) On

23  December 27, 2001, DeWitt alleges she met with Defendant Moore to discuss the incidents that

24  were the subject of the Notice of Intent to Dismiss, and that she informed Moore that Defendant

25  Durio was making up charges against her in order to have her terminated. (Complaint ¶17.)

26

27     [1] Although James Moore is named as a defendant in the Complaint, he has not been served, and thus makes no appearance in this case.

28

Memorandum of Points and Authorities ISO Demurrer CASE NO. 459735          n:\labor\li2007\071000\00011788.doc

1    Plaintiff alleges that on November 18, 2002, the City served DeWitt with an amended Notice of

2    Intent to Dismiss from Permanent Position. (Complaint ¶21.) Plaintiff claims that the amended

3    Notice was based on allegations made by Durio and Moore. (*Id.*) On December 18, 2002, a

4    hearing on the amended Notice of Intent to Dismiss was conducted. DeWitt alleges that she was

5    exonerated, and the City was ordered to reinstate her. (Complaint ¶26.)

6         DeWitt has not returned to work. (Complaint ¶39.)

                            **LEGAL ANALYSIS**

7

8  **I.    STANDARD FOR DEMURRER**

9         A demurrer is treated "as admitting all material facts properly pleaded, but not contentions,

10   deductions, or conclusions of fact or law." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) A

11   plaintiff bears the burden of showing a reasonable possibility that any defects in a complaint could

12   be cured by amendment. (*Id.*) Where, as here, "there is no liability as a matter of law, leave to

13   amend should not be granted." (*Schonfeldt v. State of California* (1998) 61 Cal.App.4th 1462,

14   1465.)

15  **II.   DEWITT'S COMPLAINT IS BARRED BY HER FAILURE TO FILE A TIMELY**
       **GOVERNMENT TORT CLAIM.**

16

17        DeWitt's complaint is barred because she did not file a timely government claim to the City

18   before filing her lawsuit, as required by the California Tort Claims Act. (See Gov't Code §§ 905,

19   911.2.)

20        Under the Tort Claims Act, claims for money damages against a California public entity and

21   its employees must be submitted in writing to the public entity before a lawsuit may be filed. (*State

22   of California v. Superior Court of Kings County* (*Patricia Bodde, Real Party In Interest*) (2004) 32

23   Cal.4th 1234, 1243 (2004) ("*Bodde*"); *Santee v. Santa Clara County Office of Educ.* (1990) 220

24   Cal.App.3d 702, 708.) The timely filing of a proper claim is a mandatory condition precedent to the

25   maintenance of an action against a public entity. (*City of San Jose v. Superior Court* (1974) 12

26   Cal.3d 447, 454, ("Compliance is mandatory and failure to file a claim is fatal to the cause of

27   action.")) A plaintiff must file a California tort claim within six months or, in the event of late

28   claim relief, within one year of the date the injury incurred as a result of defendant's wrongful act or

                                      3

1   omission. (Govt. Code §911.2, § 911.4.) A plaintiff must plead "facts demonstrating or excusing

2   compliance with the claim presentation requirement," in his or her complaint. *Bodde*, 32 Cal. 4th at

3   1243.

4       The phrase "money or damages" as used in the Claims Act is "comprehensive in scope and

5   includes tort claims arising out of negligence, nuisance, breach of statutory duties, and intentional

6   wrongs. Actions for breach of contract also fall within the scope of claims for 'money or

7   damages.'" (*Loehr v. Ventura County Community College Dist.*, 147 Cal.App.3d 1071, 1079

8   (1983) (Citations omitted).) "A suit for 'money or damages' includes all actions where plaintiff is

9   seeking monetary relief, regardless whether the action is founded in tort, contract or some other

10  theory." (*Hart v. County of Alameda* (1999) 76 Cal.App.4th 766, 778.) (Inner quotations omitted;)

11  see also *Alliance Fin. v. City and County of San Francisco* (1998) 64 Cal.App.4th 635, 641 (...

12  "actions on a contract are indeed actions for 'money or damages' under the [tort claims] act;")

13  *Baines Pickwick Ltd v. City of Los Angeles* (1999) 72 Cal.App.4th 298, 307.))

14      In light of these requirements, DeWitt is barred from relief for any acts that occurred prior to

15  September 20, 2005, which is six months before she filed her claim. All five of DeWitt's causes of

16  action arise from acts that are alleged to have occurred well before that date. In fact, the most

17  recent date of any alleged act by any of the defendants is March 29, 2003, when Defendant Moore

18  allegedly called De Witt and told her a position was not available and he could not accommodate

19  her. (Complaint ¶36.) Accordingly, the demurrer to DeWitt's complaint should be sustained for

20  failure to comply with the Tort Claims Act.

21  **III.    THE DEMURRER TO THE BREACH OF CONTRACT CLAIM (FIRST CAUSE OF
22        ACTION) AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND
      FAIR DEALING CLAIM (SECOND CAUSE OF ACTION) SHOULD BE
23        SUSTAINED WITHOUT LEAVE TO AMEND BECAUSE PUBLIC EMPLOYMENT
      IS SET BY STATUTE AND NOT CONTRACT.**

24      DeWitt contends that the City entered into an oral agreement with her to reinstate her and to

25  provide her with reasonable accommodations. (Complaint ¶42.) She alleges that the City breached

26  this agreement by failing to reinstate her and failing to provide her with reasonable

27  accommodations. (Complaint ¶45.) However, DeWitt's claims must fail because a public employee

28  cannot maintain a contract claim against a public employer. The California Supreme Court has

4

1   consistently held that the terms and conditions of civil service employment are set by statute, not by

2   contract. Thus, as a matter of law, DeWitt cannot assert purported "contract" claims against the

3   City.

4        In *Miller v. State of California* (1977) 18 Cal.3d 808, 813-814, the California Supreme

5   Court dismissed a civil servant's breach of contract claim, stating that "it is well settled in California

6   public employment is not held by contract but by statute", that "the terms and conditions of civil

7   service employment are fixed by statute and not by contract" and "[t]he statutory provisions

8   controlling the terms and conditions of civil service employment cannot be circumvented by

9   purported contracts in conflict therewith."

10       The California Supreme Court later affirmed this principle in *Shoemaker v. Myers* (1990) 52

11  Cal.3d 1, 23. The *Shoemaker* Court sustained the employer's demurrer to the breach of contract and

12  implied covenant of good faith and fair dealing claims, holding that "because plaintiff is a civil

13  service employee, he cannot state such a cause of action." (*Id.*)

14       The California Court of Appeal has consistently followed this Supreme Court precedent.

15  (*See Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426, 1432-35 (county employee's

16  breach of contract and implied covenant claims are barred because a public servant may not as a

17  matter of law assert contract or quasi-contract claims); *Hill v. City of Long Beach*, 33 Cal.App.4th

18  1684, 1690-91, 40 Cal.Rptr.2d 125, 127-28, *review denied* (1995) (city employee's contract and

19  breach of implied covenant claims are barred as a matter of law because public employment is

20  governed by statute, not contract); *Williams v. Dept. of Water & Power*, 130 Cal.App.3d 677, 680

21  (1982) ("the terms and conditions of public employment, including term of service, are fixed by the

22  statute, rules or regulations creating it, not by contract.") (citations omitted); *Vielehr v. State of*

23  *California* (1980) 104 Cal.App.3d 392, 396, *cert. denied*, 449 U.S. 953 (statutory terms and

24  conditions of public employment cannot be circumvented by purported contracts.))

25       It is undisputed that DeWitt is an employee of the City and County of San Francisco.

26  (Complaint ¶12.) Accordingly, the demurrer to DeWitt's breach of contract and breach of implied

27  covenant of good faith and fair dealing causes of action (first and second, respectively) should be

28  sustained without leave to amend.

IV.    THE DEMURRER TO THE FRAUD CLAIM (THIRD CAUSE OF ACTION)
SHOULD BE SUSTAINED WITHOUT LEAVE TO AMEND BECAUSE THE CITY
HAS ABSOLUTE IMMUNITY FOR ANY ALLEGED MISREPRESENTATIONS.

DeWitt alleges fraud against the City and James Moore, claiming that they "falsely and fraudulently represented to DeWitt that they would honor the agreement [referenced in the First Cause of Action, to provide her with reasonable accommodations.]" (Complaint ¶52.) Because the City has immunity for all types of alleged misrepresentations, the demurrer to this cause of action must be sustained.

Public entities are immune from liability "caused by misrepresentation by an employee of the public entity, whether or not such representation be negligent or intentional." (Gov't Code §818.8.) The immunities set forth in Government Code Section 818.8 apply in cases where financial interests are at stake. (*Johnson v. State of California* (1968) 69 Cal.2d 782, 800.) Where the public entity is alleged to have engaged in willful misrepresentation regarding the terms of employment, financial interests are at stake. (*Burden v. County of Santa Clara* (2000) 81 Cal.App.4th 244, 250.)

DeWitt alleges that the City and Defendant Moore promised to reinstate her and provide her with reasonable accommodation, but that they did not intend to honor the agreement to do so. (Complaint ¶¶52-53.) Since DeWitt's claim relates to the terms of her employment, the City has absolute immunity with respect to this claim as a matter of law. Accordingly, the Court should sustain the demurrer as to the fraud cause of action without leave to amend.

V.    THE DEMURRER TO THE INTENTIONAL INFLICTION OF EMOTIONAL
DISTRESS CLAIM (FOURTH CAUSE OF ACTION) AND NEGLIGENT
INFLICTION OF EMOTIONAL DISTRESS CLAIM (FIFTH CAUSE OF ACTION)
SHOULD BE SUSTAINED WITHOUT LEAVE TO AMEND BECAUSE THE
CLAIMS ARE PRECLUDED BY THE WORKERS' COMPENSATION ACT.

A.    THE WORKERS' COMPENSATION ACT BARS DEWITT'S
INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL
DISTRESS CLAIMS.

Generally, an employee whose injury arises out of and in the course of employment is limited to recovery of workers' compensation benefits. (Labor Code §§ 3600-3602.) "Section 3600

6

1  of the Labor Code provides that an employer is liable for injuries to its employees arising out of and

2  in the course of employment, and section [3602] declares that where the conditions of workers'

3  compensation exist, the right to recover such compensation is the exclusive remedy against an

4  employer for injury or death of an employee." (*Vuillemainroy v. American Rock & Asphalt, Inc.*

5  (1st Dist. 1999) 70 Cal.App.4th 1280, 1283.) These provisions apply to all injuries that arise from

6  the employment relationship. (*Livitsanos v. Superior Court* (1992) 2 Cal.4th 744, 747.) Where, as

7  here, "the complaint affirmatively alleges facts indicating coverage by the workers' compensation

8  laws, if it fails to state additional facts negating application of the exclusive remedy provision, no

9  civil action will lie and the complaint is subject to a general demurrer." (*Halliman v. Los Angeles*

10  *Unified School Dist.* (1984) 163 Cal.App.3d 46, 50.)

11         California has a "'tripartite system for classifying injuries arising in the course of

12  employment.'" (*Vuillemainroy,* 70 Cal.App.4th at 1284, quoting *Fermino v. Fedco, Inc.* (1994) 7

13  Cal.4th 701, 714-715, additional internal citations and quotations omitted.) First, "'there are injuries

14  caused by employer negligence,'" which are subject to the Act's exclusivity. (*Id.*) Second, "'there

15  are injuries caused by ordinary employer conduct that intentionally, knowingly, or recklessly harms

16  an employee,'" which are also subject to the Act's exclusivity. (*Id.*) Third, there are injuries caused

17  by "'certain types of *intentional* employer conduct'" that "could not be considered a normal risk of

18  employment or is contrary to fundamental public policy." (*Id.*) Only this third category of injuries

19  is exempt from the Act's exclusivity. (*Id.*)

          1.     **The Workers' Compensation Act's exclusivity applies to DeWitt's**
20                       **Intentional Infliction of Emotional Distress claim.**

21         The Act's exclusivity applies to claims that an employer has inflicted emotional distress on

22  an employee where the employee alleges an injury that arises in the course of the employment.

23  (*Shoemaker v. Myers* (1990) 52 Cal.3d 1, 15-16.) Acts that have been deemed to arise within the

24  course of employment include personnel actions such as "demotion, transfer, discipline, and even

25  the employer's attempt to force the employee into involuntary retirement." (*Id.* at 18.) Exclusivity

26  applies to preclude employees from bringing emotional distress claims against their employers even

27  when an employee alleges that an employer's conduct was "manifestly unfair, outrageous,

28

1  harassment, or intended to cause emotional distress." (*Cole v. Fair Oaks Fire Protection District*

2  (1987) 43 Cal.3d 148, 159.)

3      DeWitt's claim for intentional infliction of emotional distress fails because she does not

4  allege any facts negating application of the exclusive remedy provision. (*See Halliman v. Los*

5  *Angeles Unified School Dist.*, 163 Cal.App.3d at 50.) DeWitt's claim is predicated on alleged

6  personnel actions, specifically the City's and Moore's "failure to act in reinstating DeWitt to her

7  job." (Complaint ¶ 60.) These acts fit squarely within those types of actions discussed in *Cole,*

8  *supra.*, which are deemed to be within the scope of employment. Accordingly, the demurrer to

9  DeWitt's fourth cause of action should be sustained.

           **2.**     **The WCA's exclusivity applies to DeWitt's Negligent Infliction of**

10                  **Emotional Distress claim**

11

12      The Act also bars DeWitt's negligent infliction of emotional distress claim because claims

13  based on an employer's negligent conduct fall within *Fermino's* first category of claims, which are

14  covered by the Act's exclusivity rule. (*Fermino*, 7 Cal. 4th at 713-714; *Vuillemainroy*, 70

15  Cal.App.4th at 1284.) "[B]oth the language and the legislative history of the Act make clear that the

16  Legislature, in setting the terms of the compensation bargain, was focused on eliminating common

17  law tort concepts of negligence." (*Fermino*, 7 Cal.4th at 710; accord *Mathews v. Workmen's Comp.*

18  *Appeals Bd.* (1972) 6 Cal.3d 719, 728 (reviewing the Act's legislative history and holding that the

19  Act bars employees from bringing negligence claims against their employers).)

20      The Act "reflects the virtually unanimous rule throughout the nation that an injury is

21  'accidental' for the purposes of workers' compensation unless it results from a conscious and

22  deliberate intent directed to the purpose of inflicting an injury." (*Soares v. City of Oakland* (1992) 9

23  Cal.App.4th 1822, 1827.) Negligently inflicted injuries are a normal "part of the hazards of the

24  work environment." (*Id.* at 1828, internal quotations omitted.) Precluding tort actions against

25  employers for such accidental injuries is "consistent with the traditional policy of relying on

26  workers' compensation to cover 'accidents' on the job." (*Id.*, internal quotations omitted.)

27  Accordingly, DeWitt's fifth cause of action is barred as a matter of law.

28

VI.  THE DEMURRER SHOULD BE SUSTAINED AS TO DEFENDANT SAN FRANCISCO GENERAL HOSPITAL BECAUSE THE HOSPITAL IS NOT A LEGAL ENTITY.

DeWitt has sued San Francisco General Hospital in addition to the City. However, the Hospital is not a separate legal entity from the City and is therefore not a proper defendant. The San Francisco City Charter provides that the City and County may appear, sue and defend in all courts in all matters and proceedings. (San Francisco Charter § 1.101) Because the Hospital is not a separate legal entity, only the City can be sued in this action. *See* 17 McQuillin, *Municipal Corporations* § 49.16, at 249 (3rd ed.) ("usually actions by or against a municipal corporation should be in its corporate name, and not by or against the council"); *Sheehan v. Board of Police Commissioners*, 188 Cal. 525, 532 (1922) ("board has no separate existence and is incapable of either suing or being sued"); *see also Talbot v. City of Pasadena* (1938) 28 Cal.App.2d 271, 274; *Darby v. Pasadena Police Dept.* (5th Cir. 1991) 939 F.2d 311, 313 ("complaint which sued only the police department and not the City of Pasadena, was filed improperly against a nonexistent jural entity"). Accordingly, the demurrer as to San Francisco General Hospital should be sustained.

## CONCLUSION

For the foregoing reasons, Defendants' demurrer to all causes of action should be granted without leave to amend.

Dated: 2/28/07

DENNIS J. HERRERA
City Attorney
ELIZABETH S. SALVESON
Chief Labor Attorney
ROSE-ELLEN H. FAIRGRIEVE
Deputy City Attorney

By: ROSE-ELLEN H. FAIRGRIEVE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
LADRON DURIO, AND JAMES MOORE

9

# EXHIBIT C



ENDORSED
F I L E D
San Francisco County Superior Court

MAR 2 2 2007

GORDON PARK-LI, Clerk
BY: WESLEY RAMIREZ
Deputy Clerk

1 Ashwin Ladva, Esq. (SB# 206140)
  Palvir K. Shoker, Esq. (SB# 215533)
2 LADVA, SHOKER & ASSOCIATES
3 530 Jackson Street, 2nd Floor
  San Francisco, CA 94133
4 (415) 296-8844

5 Attorney for Plaintiffs,
6 GLADYS DEWITT

7 IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 IN AND FOR THE COUNTY OF SAN FRANCISCO

9

10                                    ) Case No.: CGC-07-459-735
                                       )
11 GLADYS DEWITT,                      ) **PLAINTIFF'S MEMORANDUM OF**
                                       ) **POINTS AND AUTHORITIES IN**
12        Plaintiffs,                  ) **OPPOSITION OF DEFENDANT**
                                       ) **CITY AND COUNTY OF SAN**
13        v.                           ) **FRANCISCO'S DEMURRER TO**
                                       ) **PLAINTIFF'S COMPLAINT FOR**
14                                     ) **DAMAGES**
15 CITY AND COUNTY OF SAN              )
   FRANCISCO, SAN FRANCISCO           ) **Hearing Date:  April 4, 2007**
16 GENERAL HOSPITA, LADRON            ) **Hearing Judge: Hon. Peter J. Busch**
   DURIO, JAMES MOORE and DOES 1 –    ) **Time: 9:30 a.m.**
17 10,                                 ) **Dept. 301**
18        Defendants.                  )
                                       ) **Date Action Filed: January 19, 2007**
19                                     ) **Trial Date: Not Yet Set**
20                                     )
21 _____

22              I.    **INTRODUCTION**
23
24    Defendant incorrectly states in the opening line of their introduction that Plaintiff's complaint arises
25 out of her employment with San Francisco City and County (hereinafter "SFCC").  Plaintiff filed a
26 complaint against the City for a breach of an agreement entered into between Defendant SFCC and
27 Plaintiff.
28

1

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANT CITY AND COUNTY OF
SAN FRANCISCO'S DEMURRER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1  As Plaintiff will make clear, Plaintiff complaint is not barred as Plaintiff filed a timely

2  government claim, and Plaintiff's claims do not only involve the terms and conditions of her

3  employment but also an independent contractual agreement reached between Plaintiff and SFCC. The

4  claims for breach of contract, breach of implied covenant of good faith and fair dealing and fraud must

5  be allowed to go forward as the SFCC has no immunity from contractual obligations.

6

7  ## II.  PROCEDURAL HISTORY

8  On March 20, 2006, Plaintiff properly filed and served a claim with SFCC stating that SFCC

9  breached a contract with Plaintiff for its breach of a promise to provide Plaintiff with a new job per the

10  agreement.[1] SFCC denied the claim of Plaintiff on September 28, 2006. Plaintiff filed the underlying

11  complaint on January 19, 2007. Plaintiff attempted to serve the parties immediately. Plaintiff was

12

13  successful in serving SFCC and James Durio respectively on January 19, 2007 and February 11, 2007.

14  Defendant James Moore has been successful in his attempts to evade service.

15  ## III.  STATEMENT OF FACTS

16  The relevant facts of the complaint are set out below.

17

18  During her employment with San Francisco General Hospital, Plaintiff was a vocal critic of

19  inadequate conditions for appropriate healthcare for patients and her fellow employees. (Para. 10)

20  Plaintiff's supervisor, James Moore, provided copies of confidential information that was not to be

21  disclosed to other employees, including copies of Plaintiff's performance evaluations, to Defendant

22

23  Durio. (Para. 13)

24  In September 2002, Plaintiff advised defendant SFGH that she was able to return to work after an

25  excused absence and communicated her readiness and ability to supervisor James Moore. Moore

26

27

28  [1] Plaintiff recently served SFCC with discovery in order to obtain copies of the agreement, the order from the Skelly hearing, as well as the minutes from the Skelly hearing.

2

1   advised Plaintiff that he was uncertain as to whether he could provide accommodation to Plaintiff given

2   her medical disability. (Paras. 13 – 20). While Plaintiff waited to hear back from Moore as to whether

3   she would be provided with a reasonable accommodation so that she could return to work, on November

4   18, 2002, defendant SFCC served Plaintiff with an amended Notice of Intent to Dismiss from Permanent

5

6   Position. (Para. 21)

7        On or about December 10, 2002, Plaintiff obtained a medical report from her physician, Artur

8   Swartz, MD. The report stated that her medical condition resolved and that she was able to return to all

9   her major life activities, including work, without restriction. (Para. 23)

10

11       On or about December 18, 2002, defendants SFCC and Moore proceeded with a Skelly hearing the

12  purpose of which was to dismiss Plaintiff from her position for "inattention to duty." During the course

13  of that hearing, Plaintiff was completely exonerated from all charges based on her own testimony and

14  the testimony of individual witnesses obtained by Plaintiff's retained counsel. Defendant SFCC was

15  ordered to reinstate Plaintiff. (Para. 26) From the date of the Skelly hearing to present, defendant SFCC

16
    has done nothing to reinstate Plaintiff to a position within SFCC. (Para. 28)
17

18       In January 2003, Plaintiff began to make requests that Defendant SFGH provide her with reasonable

19  accommodations so that she could return to work. (Para. 30) On March 28, 2003, within one hour of

20  Plaintiff's time to arrive at work, Ms. Ito telephoned Plaintiff and told her not to appear at work,

21
    withdrawing her invitation for Plaintiff to return to work as scheduled. Ms. Ito then informed Plaintiff
22

23  that she would get back to her. (Para. 35) On March 29, 2003, Plaintiff's supervisor Moore called her

24  and stated that Ms. Ito made a mistake and the position was no longer available and he could not

25  accommodate her. Defendant James Moore then promised to get back to Plaintiff at a later date.

26
    Defendant Moore never contacted Plaintiff again. (Para. 36)
27

28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANT CITY AND COUNTY OF
SAN FRANCISCO'S DEMURRER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Since recovery from her back injury and the completion of her training, Defendant SFGH has continuously failed and refused and continues to fail and refuse to provide Plaintiff with a reasonable accommodation so that she can return to work. Instead, Plaintiff has been offered a series of temporary assignments that would result in the loss of benefits, including medical benefits, provided no vacation time or retirement contributions, to which she would be entitled to otherwise. Additionally, Defendant SFCC has sent Plaintiff out for interviews for two separate programs for which Plaintiff learned there was no funding. (Para. 39) Defendant SFCC has continued to frustrate the purposes of the agreement between the parties by not offering employment to Plaintiff when it was available, by offering Plaintiff temporary assignments and by not attempting in good faith to honor their portion of the agreement. (Para. 40)

Based on the above facts, Plaintiff filed the five following causes of action against Defendant SFCC and Ladron Durio: Breach of contract, Breach of the implied covenant of good faith and fair dealing, Fraud, Intentional infliction of emotional distress, and negligent infliction of emotional distress.

## IV. LEGAL ARGUMENT

### A. STANDARDS APPLICABLE TO DEMURRER.

As this Court is all too familiar with the grounds for a demurrer, Plaintiff shall states the following for the Court's benefit in brief:

> Cal Code Civ Proc § 430.10 provides that the party against whom a complaint or cross-complaint has been filed may object, by demurrer or answer as provided in Section 430.30, to the pleading on any one or more of the following grounds:
>
> (b) The person who filed the pleading does not have the legal capacity to sue.
> ...
> (e) The pleading does not state facts sufficient to constitute a cause of action.
> ...

4

1  (f) The pleading is uncertain. As used in this subdivision, "uncertain"
2  includes ambiguous and unintelligible.

3  A demurrer is a pleading used to *test the legal sufficiency* of other pleadings, i.e., it raises issues

4  of law, not fact, regarding the form or content of the opposing party's pleading (complaint, answer or

5  cross-complaint). <u>Donabedian v. Mercury Ins. Co.</u> (2004) 116 Cal. App. 4th 968, 994. For the purpose

6  of testing the sufficiency of the cause of action, the demurrer admits the truth of all material facts

7

8  properly pleaded. <u>Aubry v. Tri–City Hosp. Dist.</u> (1992) 2 Cal. 4th 962, 966–967.

9  Defendant SFCC is attempting to twist a fact of the pleading in order to prevent Plaintiff from

10  bringing her causes of action against Defendant SFCC. Here, Defendant SFCC has colored the entire

11  complaint as being one that "arises out of her employment with San Francisco City and County."

12  However, a plain reading of the complaint will show that the action was brought as SFCC breached its

13  promise to reinstate Plaintiff to a like position within San Francisco City and County.

14

15  **B. <u>PLAINTIFF'S COMPLAINT IS NOT TIME BARRED AS PLAINTIFF PROPERLY COMPLIED WITH ALL APPLICABLE PROCEDURES OF THE GOVERNMENT TORT CLAIM ACT.</u>**

16

17

18  Plaintiff filed a timely Government Claim with SFCC before filing her lawsuit and as such is in

19  compliance with the California Torts Claim Act. Defendant SFCC claims that Plaintiff's complaint is

20  now time barred. However, Defendant SFCC is incorrect in its calculation. SFCC has stated that

21  Plaintiff is barred from any recovery for any act which occurred prior to September 20, 2005.

22  Defendant SFCC is just plain wrong. Here, SFCC does not state the date when the breach occurred but

23  just states that the action is barred under Government Tort Claims Act.

24

25  In making the determination as to when the applicable period is to file a Government Claim, the

26  appropriate statute provides:

27

28  For the purpose of computing the time limits prescribed by Sections 911.2, 911.4, 912, and 945.6, the date of the accrual of a cause of action to which

5

a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon. Cal. Gov't. Code § 901.

The California Supreme Court recently examined a similar issue of when a contract is breached. In *Mullins v. Rockwell Internat. Corp.*, (1997) 15 Cal. 4th 731, the Plaintiff was employed by Defendant for over twenty years. During the period of his employment, Plaintiff was harassed and demoted. Plaintiff took a medical leave of absence from March 18, 1988, to April 24, 1988, and again from January 7, 1989, to September 20, 1989.

On September 19, 1991, Mullins filed a complaint against Rockwell for constructive discharge and requested damages for wrongful termination, wrongful termination based upon a breach of the covenant of good faith and fair dealing, breach of an oral employment contract.

Defendant sought summary judgment on the ground that all the claims alleged against it were time-barred by the applicable statute of limitations. The trial court granted Defendant's motion for summary judgment on the ground that all claims were barred by the applicable statutes of limitation. The court declared that the first cause of action was barred by the applicable one-year limitations period because Mullins announced his resignation on September 20, 1989, and did not file his complaint until September 19, 1991. The court held that the contract causes of action were barred by the two-year statute of limitations set out in Code of Civil Procedure section 339.

Plaintiff appealed, and the Court of Appeal affirmed. With respect to the contract causes of action, the Court of Appeal declared that the limitations period for a wrongful discharge claim begins when the employee is given notice of termination or "the basis for constructive discharge," not when termination occurs. It reasoned that the limitations period begins when the circumstances have developed such that the plaintiff is entitled to a legal remedy.

6

1    The California Supreme Court saw the issue differently and reversed and remanded the case.

2  The Court wrote:

3
4              In the context of successive breaches of a continuing contractual
             obligation, we have explained: ' "In such a contract, where the parties did
5              not mutually abandon or rescind it upon a breach or successive breaches,
             the injured party could wait until the time arrived for a complete
6              performance by the other party and then bring an action for damages for
             such breaches. Respondent was not bound to treat the contract as
7              abandoned on the first breach of it, or on any particular breach, but had his
             election to still rely on it, and the statute of limitations could not begin to
8              run until it had made its election." "" *Mullins v. Rockwell Internat. Corp.*,
             (1997) 15 Cal. 4th 731, 739, citing *Romano v. Rockwell Internat., Inc.*
9              (1996) 14 Cal. 4th 479, 489-490.

10
11    The above passage from Mullins is completely applicable to Plaintiff's position with Defendant

12  SFCC. Here, the City had a continuing contractual obligation to reinstate Plaintiff to a position with

13  SFCC per the Skelly hearing. Plaintiff pleaded that Defendant SFGH failed and refused and continues

14  to fail and refuse to provide Plaintiff with a reasonable accommodation so that she can return to work.

15
16  Also that Plaintiff has been offered a series of temporary assignments that would result in the loss of

17  benefits, including medical benefits, provided no vacation time or retirement contributions, to which she

18  would be entitled to otherwise and SFCC sent Plaintiff out for interviews for two separate programs for

19  which Plaintiff learned there was no funding. Defendant SFCC has continued to frustrate the purposes

20  of the agreement between the parties by not offering employment to Plaintiff when it was available, by

21
22  offering Plaintiff temporary assignments and by not attempting in good faith to honor their portion of the

23  agreement.

24    As per the California Supreme Court wrote, Plaintiff and Defendants did not mutually rescind the

25  agreement upon a breach or successive breaches, so Plaintiff is entitled to wait until the time arrived for

26
27  a complete performance by the other party and then bring an action for damages. She was not bound to

28

1 treat the contract as abandoned on the first breach by Defendant, but had an election to rely on it, and the

2 statute of limitations could not begin to run until Plaintiff made her election.

3 Plaintiff made her election on March 20, 2006 when Plaintiff filed and served a claim with SFCC

4
5 stating that SFCC breached a contract with Plaintiff for its breach of a promise to provide Plaintiff with

6 a new job per the agreement.

7 **C. PLAINTIFF'S COMPLAINT IS NOT TIME BARRED AS PLAINTIFF**
   **PROPERLY COMPLIED WITH ALL APPLICABLE PROCEDURES OF THE**
8 **GOVERNMENT TORT CLAIM ACT.**

9 Plaintiff argues in the alternative that if the Court does view this action as an employment action,

10
11 then California Government Code § 905 applies. The statute provides that:

12 There shall be presented in accordance with Chapter 1 (commencing with
   Section 900) and Chapter 2 (commencing with Section 910) of this part all
13 claims for money or damages against local public entities except:

14 ...
    (c) Claims by public employees for fees, salaries, wages, mileage or other
15 expenses and allowances.

16 Plaintiff's lawsuit is an attempt to be put into a position she would have been if SFCC had

17 honored their agreement. If SFCC is found to be liable in the above action, SFCC will be ordered to

18
19 restore Plaintiff to the position she would have been, i.e. payment of all back wages.

20 Plaintiff argues in the alternative that she was not required to submit a Government Claim Form.

21 **D. THE DEMURRER TO THE BREACH OF CONTRACT CLAIM AND THE**
   **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
22 **SHOULD BE OVERRULED BECAUSE PLAINTIFF'S CAUSE OF ACTION FOR**
   **BREACH OF CONTRACT AND BREACH OF IMPLIED COVENANT OF**
23 **GOOD FAITH AND FAIR DEALING ARE INDEPENDENT OF PLAINTIFF'S**
24 **EMPLOYMENT TERMS AND CONDITIONS.**

25 At the Skelly hearing, SFCC entered into an oral agreement with Plaintiff to reinstate her and to

26 provide her with reasonable accommodations. Plaintiff pleaded that SFCC breached the agreement the

27 agreement by not reinstating Plaintiff to a position as agreed upon in the Skelly hearing. Here, Plaintiff

28 entered into an agreement to reinstate her to a position within SFCC.

8

1   Defendant SFCC insists that Plaintiff's claim must fail because a public employee cannot

2   maintain a contract claim against a public employer.  Defendant then goes on to cite several cases in an

3   attempt to support their position.

4   In *Miller v. State of California* (1977) 18 Cal. 3d 808, Plaintiff employee sued the State of

5   California over a new mandatory retirement age.  Plaintiff attempted to argue that since he began his

6   employment before the new law the old law was applicable to him.  Plaintiff argued that he had a vested

7   contractual right, based on the mandatory retirement age that was in effect when he was first employed

8   by the state, to continue in state service until age 70. The Court stated that "it is well settled in California

9   that public employment is not held by contract but by statute and that, insofar as the duration of such

10  employment is concerned, no employee has a vested contractual right to continue in employment

11  beyond the time or contrary to the terms and conditions fixed by law."

12  Furthermore, the California Supreme Court again addressed this point in *Shoemaker v. Myers*

13  (1990) 52 Cal. 3d 1.  The Court cited to *Miller* and again stated

14          Plaintiff has also attempted to state a cause of action for breach of
            contract or breach of the implied covenant of good faith and fair dealing.
15          However, because plaintiff is a civil service employee, he cannot state
            such a cause of action. "[I]t is well settled in California that public
16          employment is not held by contract but by statute and that, insofar as the
            duration of such employment is concerned, no employee has a vested
17          contractual right to continue in employment beyond the time or contrary
            to the terms and conditions fixed by law." *Shoemaker v. Myers* (1990) 52
18          Cal. 3d 1, 23.

19

20  *Vielehr v. State of California* (1980), 104 Cal. App. 3d 392, 393 is a case that dealt with a class

21  action surrounding a 1968 legislative enactment which affected the amount of interest paid to members

22  of the Public Employees Retirement System (PERS) who withdraw their PERS contributions in a lump

23  sum upon leaving public service before retirement. Plaintiff attempted to litigate the terms and

24  conditions of their employment, primarily the interest paid out from Plaintiff's retirement account upon

25  retirement.

26  In all of the cases cited, each Plaintiff was asserting that there was an existence of a contract of

27  employment between each government entity and each individual Plaintiff or there was a disagreement

28

9

1  revolving around the terms and conditions of their employment. By Defendant's reasoning,

2  Government employers can go around and enter into contracts willy-nilly without fear of any

3  repercussion.

4

5      Plaintiff agrees that the legislature is responsible for determining the terms and conditions of

6  employment. There is nothing in the case law cited by Defendant SFCC that states a party is barred

7  from bringing an action for a breach of contract that has arisen independently of Plaintiff's employment.

8  Plaintiff is not stating that she had a vested right to continue to work for Defendant SFCC once she was

9  reinstated. Defendant SFCC may have reinstated Plaintiff and released her immediately. However,

10

11  Plaintiff does insist that Defendant SFCC had a legal obligation in the very least to have reinstated

12  Plaintiff to a position within SFCC.

13      **E.  THE DEMURRER TO THE FRAUD CLAIM SHOULD NOT BE SUSTAINED**
       **WITHOUT LEAVE TO AMEND BECAUSE THE CITY DOES NOT HAVE**
14     **IMMUNITY REGARDING CONTRACT CLAIMS.**

15      Defendant SFCC is attempting to escape liability under every possible theory.

16      Cal. Gov't. Code § 818.8 provides that "nothing in this part affects liability based on contract or

17  the right to obtain relief other than money or damages against a public entity or public employee."

18  Additionally, the Legislative Committee Comments also provide that, "The doctrine of sovereign

19  immunity has not protected public entities in California from liability arising out of contract. This [code]

20  section makes clear that this statute has no effect on the contractual liabilities of public entities or public

21  employees."

22  Doctrine of governmental immunity for misrepresentation does not apply to actions sounding in

23  contract. *Lundeen Coatings Corp. v. Department of Water & Power* (1991) 232 Cal.App.3d 16 [cited fpr

24  general statement of the law]. Here, Plaintiff's cause of action is one that is based on breach of contract

25  and breach of implied covenant of good faith and fair dealing. Defendant is now attempting to escape

26  any form of liability and is urging the Court to toss out any valid cause of action Plaintiff. However, per

27

28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANT CITY AND COUNTY OF
SAN FRANCISCO'S DEMURRER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

1  the statute, Defendant SFCC cannot escape liability by now attempting to paint Plaintiff's claims as one

2  claim as opposed to the varied causes of action that Plaintiff has pleaded.

**F. THE DEMURRER TO THE FRAUD CLAIM SHOULD NOT BE SUSTAINED WITHOUT LEAVE TO AMEND BECAUSE THE CITY DOES NOT HAVE IMMUNITY REGARDING CONTRACT CLAIMS.**

6  A demurrer is not the proper forum to excuse these causes of action. Defendant SFCC offered

7  no legal ground for doing so. The proper forum to excuse these causes of action would be a summary

8  judgment.

**G. IN THE ALTERNATIVE, PLAINTIFF SEEKS LEAVE FROM THE COURT IN ORDER TO AMEND.**

11  Cal. Code of Civ. Proc. § 472 states that:

> Any pleading may be amended once by the party of course, and without costs, at any time before the answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon, by filing the same as amended and serving a copy on the adverse party, and the time in which the adverse party must respond thereto shall be computed from the date of notice of the amendment.

17  Plaintiff intends to file an amended complaint.

**V. CONCLUSION**

19  Based on the above, Plaintiff respectfully requests the Court overrule the subject demurrer and

20  require the Defendant to answer in 10 days.

22  Dated: March 21, 2006

LADVA, SHOKER & ASSOCIATES

Palvir Shoker

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S DEMURRER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Case No.

1

## PROOF OF SERVICE BY MAIL

2

3       I, the undersigned, declare:

4       I am over the age of 18 years and am not a party to this action. I am employed in the City and County of San Francisco. My business address is 530 Jackson Street, 2nd Floor,

5   San Francisco, California, 94133. On the date set forth below, I served the foregoing documents described as follows:

6       • PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF

7         DOCUMENTS TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO

8       • Plaintiff's opposition to demurrer

9   On the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

10

11  Dennis Herrera, City Attorney
    Rose-Ellen Fairgrieve
12  1390 Market Street, 5th Floor
13  San Francisco, CA 94102

14      [ ]      **BY FIRST CLASS MAIL:** I am readily familiar with my firm's practice for
15  collection and processing of correspondence for mailing with the United States Postal Service,
    to-wit, that correspondence will be deposited with the United States Postal Service this same
16  day in the ordinary course of business. I sealed said envelope and placed it for collection and
    mailing this date, following ordinary business practices.
17

18      [X]      **BY PERSONAL SERVICE:**      Following ordinary business practices, I
    cause the aforementioned document to be served, by hand delivery this date to the offices of
19  the addressee(s).

20
        [ ]      **BY OVERNIGHT MAIL:** I caused such envelope to be delivered by a
21  commercial carrier service for overnight delivery to the office(s) of the addressee(s).

22      [ ]      **BY FACSIMILE:** I caused said document to be transmitted by Facsimile
23  machine to the number indicated after the address(es) noted above.

24      I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct and that this declaration was executed this date in San Francisco,
25  California.

26  Dated: _03/22/07_                    _____
27                                        SAM VERNADO
28

# EXHIBIT D

 

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   ELIZABETH S. SALVESON, State Bar #83788
    Chief Labor Attorney
3   ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, 5th Floor
5   San Francisco, California 94102-5408
    Telephone:    (415) 554-3845
6   Facsimile:    (415) 554-4248
    E-Mail:       rose-ellen.fairgrieve@sfgov.org
7
8   Attorneys for Defendants
    CITY AND COUNTY OF SAN FRANCISCO,
    LADRON DURIO, AND JAMES MOORE
9

ENDORSED
**F I L E D**
San Francisco County Superior Court

MAR 2 7 2007

GORDON PARK-LI, Clerk
BY: ___MARY ANN MORAN___
                    Deputy Clerk

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN FRANCISCO

12                      UNLIMITED JURISDICTION

13   GLADYS DEWITT,                    Case No. 459-735

14          Plaintiff,                 **REPLY IN SUPPORT OF DEMURRER
                                        TO PLAINTIFF'S COMPLAINT FOR
15     vs.                             DAMAGES**

16   CITY AND COUNTY OF SAN            Hearing Date:      April 4, 2007
     FRANCISCO, SAN FRANCISCO          Hearing Judge:     Hon. Peter J. Busch
17   GENERAL HOSPITAL, LADRON          Time:              9:30 a.m.
     DURIO, JAMES MOORE, and DOES 1 –  Place:             Dept. 301
18   25,
                                       Date Action Filed:  January 19, 2007
19          Defendants.                Trial Date:         Not yet set

20                                     Attached Documents:  None

21

22
                            **INTRODUCTION**
23

24       Plaintiff Gladys DeWitt's opposition offers no valid basis upon which to overrule

25   defendants' demurrer. The demurrer should be sustained without leave to amend as to DeWitt's

26   entire complaint because DeWitt failed to file a timely government claim. Furthermore, the causes

27   of action for breach of contract, breach of implied covenant of good faith and fair dealing, and fraud

28

                                          1

1  are barred as a matter of law because DeWitt's complaint arises from her employment with the City.

2  Finally, DeWitt's intentional and negligent infliction of emotional distress claims are barred by

3  Workers' Compensation exclusivity.[1] These legal defects cannot be remedied through amendment.

4  Accordingly, the Court should sustain the City's demurrer as to DeWitt's entire complaint without

5  leave to amend.

### ARGUMENT

6

7  **I.    DEWITT'S CONTRACT CLAIMS ARE BARRED BECAUSE THE ALLEGED
       CONTRACT INVOLVES THE TERMS AND CONDITIONS OF HER
8       EMPLOYMENT.**

9          As demonstrated in defendants' moving papers, the well-settled legal principle that the terms

10  and conditions of public employment are set by statute and not contract (which cannot be

11  circumvented by purported "contract" claims) is held in both California Supreme Court precedent as

12  well as numerous California Court of Appeal decisions.  The case law is unequivocal on this point.

13  Where a public employee attempts to assert causes of action that are "predicated upon the existence

14  of a contract of employment," it is proper to sustain a demurrer *without leave to amend.  (Kemmerer*

15  *v. County of Fresno* (1988) 200 Cal.App.3d 1426, 1435.)

16          DeWitt attempts to characterize her lawsuit as not arising out of the employment context so

17  that her contract-based causes of action can survive this demurrer.  But no amount of semantic

18  gymnastics can support her argument that contract principles apply because reinstatement to her

19  position and accommodation in that position are independent of her employment.

20          DeWitt alleges that the City entered into the purported contract at a Skelly hearing.  A

21  Skelly hearing, as it's commonly referred to, is a hearing that must be held when a public employer

22  seeks to impose discipline upon an employee, to protect the employee's due process rights.  *Skelly v.*

23  *State Personnel Board* (1975) 15 Cal.3d 194.  DeWitt alleges that the City attempted to dismiss her,

24  and that as a result of the hearing she was exonerated and the City was ordered to reinstate her.

25  DeWitt states, "at the Skelly hearing, [the City] entered into an oral agreement with Plaintiff to

26

27  _____
       [1] DeWitt does not oppose the demurrer as to the fourth and fifth causes of action for
   intentional and negligent infliction of emotional distress.

28

Reply ISO Demurrer, CASE NO. 459735                    n:\labor\li2007\071000\00016857.doc

1  reinstate her and to provide her with reasonable accommodations." (Plaintiff's MPA in Opposition

2  to Demurrer at 8; Complaint ¶42.) DeWitt argues, with no case law to support her argument, that

3  her contract causes of action for breach of this purported contract are valid because reinstatement to

4  her position is "independent[] of Plaintiff's employment."

5       There are at least two problems with DeWitt's reasoning. First, her contention that

6  reinstatement to her job and her need to be accommodated within that job do not constitute terms

7  and conditions of her employment belies plain language, law, and logic. There would be little point

8  in having a civil service merit system if a public employer could enter into independent agreements

9  with its employees about how the employer would implement its employment obligations

10  irrespective of the civil service rules.

11       Second, the contract that DeWitt alleges the City entered into is invalid for lack of

12  consideration. DeWitt gave nothing for the City's alleged promise to reinstate her and

13  accommodate her. Accepting DeWitt's allegations as true, the City was legally required to reinstate

14  her and to reasonably accommodate her. (*See* Civil Code §1605.)

15       Accordingly, the demurrer to DeWitt's breach of contract and breach of implied covenant of

16  good faith and fair dealing causes of action (first and second, respectively) should be sustained

17  without leave to amend.

18

19  **II.    THE DEMURRER TO THE FRAUD CLAIM (THIRD CAUSE OF ACTION)**
   **SHOULD BE SUSTAINED WITHOUT LEAVE TO AMEND BECAUSE THE CITY**

20  **HAS ABSOLUTE IMMUNITY FOR ANY ALLEGED MISREPRESENTATIONS.**

21       "A Public entity is not liable for any injury caused by misrepresentation by an employee of

22  the public entity, whether or not such representation be negligent or intentional." (Gov't Code

23  §818.8.) The immunities set forth in Government Code Section 818.8 apply in cases where

24  financial interests are at stake. (*Johnson v. State of California* (1968) 69 Cal.2d 782, 800.) Where

25  the public entity is alleged to have engaged in willful misrepresentation regarding the terms of

26  employment, financial interests are at stake. (*Burden v. County of Santa Clara* (2000) 81

27  Cal.App.4th 244, 250.)

28

3

1    Section 818.8 is quoted in its entirety above. DeWitt cites to language that does not exist in

2   that section. Accordingly, the Court should not read any limitation into the language of the statute,

3   as DeWitt urges.

4    Furthermore, DeWitt's argument that her fraud claim is not barred is based upon her

5   contention that she has a valid contract claim. As explained above, DeWitt does not have a valid

6   contract claim.

7    The Court should sustain the demurrer without leave to amend as to DeWitt's third cause of

8   action.

9  **III.   DEWITT'S ACTION IS TIME-BARRED BECAUSE SHE FILED HER TORT
           CLAIM MORE THAN SIX MONTHS AFTER HER CLAIM ACCRUED, AND DID
10          NOT SEEK LATE CLAIM RELIEF.**

11    DeWitt's complaint is barred because she did not file a timely government claim to the City

12   before filing her lawsuit, as required by the California Tort Claims Act. (See Gov't Code §§ 905,

13   911.2.) A plaintiff must file a California tort claim within six months or, in the event of late claim

14   relief, within one year of the date the injury incurred as a result of defendant's wrongful act or

15   omission. (Govt. Code §911.2, § 911.4.)

16    DeWitt does not present any argument that her tort claim regarding her third, fourth, or fifth

17   causes of action was timely filed. The Court should sustain the demurrer without leave to amend as

18   to those causes of action because she failed to comply with the Tort Claims Act.[2]

19  **IV.   THE DEMURRER TO THE INTENTIONAL INFLICTION OF EMOTIONAL
           DISTRESS CLAIM (FOURTH CAUSE OF ACTION) AND NEGLIGENT
20          INFLICTION OF EMOTIONAL DISTRESS CLAIM (FIFTH CAUSE OF ACTION)
           SHOULD BE SUSTAINED WITHOUT LEAVE TO AMEND BECAUSE THE
21          CLAIMS ARE PRECLUDED BY THE WORKERS' COMPENSATION ACT.**

22    DeWitt offers no opposition to the City's argument that the exclusive remedy provisions of

23   the workers' compensation laws bar her fourth and fifth causes of action. The demurrer should be

24   sustained without leave to amend as to these causes of action because DeWitt's claims are barred as

25   a matter of law.

26   _____

27    [2]DeWitt's argument that her tort claim was timely as to her first and second causes of action
relies on her argument that she can validly state contract claims.

28

4

1    Furthermore, as these are the only causes of action alleged against Defendant Ladron Durio,

2  dismissal of these causes of action mandates dismissal of Defendant Durio as well.

3  **V.    THE DEMURRER SHOULD BE SUSTAINED AS TO DEFENDANT SAN FRANCISCO GENERAL HOSPITAL BECAUSE THE HOSPITAL IS NOT A LEGAL ENTITY.**

4

5    DeWitt offers no argument that San Francisco General Hospital is a proper defendant.  The

6  Court should dismiss the Hospital.

7  **VI.   THE COURT SHOULD NOT GRANT LEAVE TO AMEND.**

8    Although DeWitt states that she intends to file an amended complaint, she does not state

9  what amendments she would make.  Thus, she has failed to meet her burden of showing a

10  reasonable possibility that she can cure the defects in her complaint.  (*Blank v. Kirwan* (1985) 39

11  Cal.3d 311, 318.)

12                                **CONCLUSION**

13    For the foregoing reasons, DeWitt's complaint fails as a matter of law.  Accordingly, the

14  Court should sustain the demurrer without leave to amend.  Even if the Court does not sustain the

15  City's demurrer in its entirety, defendants Ladron Durio and San Francisco General Hospital should

16  be dismissed with prejudice.

17

18  Dated: <u>March 27, 2007</u>

19

20                        DENNIS J. HERRERA
                          City Attorney
21                        ELIZABETH S. SALVESON
                          Chief Labor Attorney
22                        ROSE-ELLEN H. FAIRGRIEVE
                          Deputy City Attorney
23

24                    By: _____
                          ROSE-ELLEN H. FAIRGRIEVE
25

26                        Attorneys for Defendants
                          CITY AND COUNTY OF SAN FRANCISCO,
27                        LADRON DURIO, AND JAMES MOORE

28

Reply ISO Demurrer, CASE NO. 459735

n:\labor\li2007\071000\00016857.doc

## PROOF OF SERVICE

I, Karen Passanisi, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On March 27, 2007, I served the following document(s):

- **REPLY IN SUPPORT OF DEMURRER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**

on the following persons at the locations specified:

Ashwin Ladva, Esq.
Ladva, Shoker & Associates
530 Jackson St., 2nd Floor
San Francisco, CA 94133-5143

in the manner indicated below:

☒ **BY UNITED STATES MAIL:** Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE:** I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.

☐ **BY OVERNIGHT DELIVERY:** I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☒ **BY FACSIMILE:** Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-4248 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ is attached or ☒ **will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed March 27, 2007, at San Francisco, California.

_____
Karen Passanisi

1

PROOF OF SERVICE; CASE NO. 459735

n:\labor\li2007\071000\00011893.doc

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 5th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3845
6  Facsimile:    (415) 554-4248
   E-Mail:    rose-ellen.fairgrieve@sfgov.org
7
   Attorneys for Defendants
8  CITY AND COUNTY OF SAN FRANCISCO,
   LADRON DURIO, AND JAMES MOORE
9

ENDORSED
F I L E D
San Francisco County Superior Court

APR 0 4 2007

GORDON PARK-LI, Clerk
BY:    WESLEY RAMIREZ
                    Deputy Clerk

10           SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                    COUNTY OF SAN FRANCISCO

12                    UNLIMITED JURISDICTION

| | |
|---|---|
| 13  GLADYS DEWITT, | Case No. 459-735 |
| 14       Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S COMPLAINT** |
| 15       vs. | |
| 16  CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO | Hearing Date:       April 4, 2007 |
| 17  GENERAL HOSPITAL, LADRON DURIO, JAMES MOORE, and DOES 1 – | Hearing Judge:    Hon. Peter J. Busch<br>Time:                  9:30 a.m.<br>Place:               Dept. 301 |
| 18  25, | |
| 19       Defendants. | Date Action Filed:    January 19, 2007<br>Trial Date:             Not yet set |

20

21

22

23

24

25

26

27

28

1

N:\LABOR\LI2007\071000\00018857.DOC

1

2    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

3        NOTICE IS HEREBY GIVEN that the City and County of San Francisco and Ladron

4    Durio will and hereby do request that this Court take judicial notice of the following document

5    pursuant to California Evidence Code Section 452(h).

6        Plaintiff Gladys DeWitt's Claim Against the City and County of San Francisco, filed

7    March 20, 2006, attached hereto as Exhibit A.

8

9

10   Dated: _April 3, 2007_

11                              DENNIS J. HERRERA
                               City Attorney
12                             ELIZABETH S. SALVESON
                               Chief Labor Attorney
13                             ROSE-ELLEN H. FAIRGRIEVE
                               Deputy City Attorney
14

15                             By:
16                             ROSE-ELLEN H. FAIRGRIEVE

17                             Attorneys for Defendants
                               CITY AND COUNTY OF SAN FRANCISCO,
18                             LADRON DURIO AND JAMES MOORE

19

20

21

22

23

24

25

26

27

28

Defendant's Req for Judicial Ntc, CASE NO. 459-735          N:\LABOR\LI2007\071000\00018857.DOC

EXHIBIT A

0602346

*DPHGH*

# CLAIM AGAINST THE CITY AND COUNTY OF SAN FRANCISCO

e completing this form, please read the instructions on the back. You have only **6 months** from the date of incident
bmit this form and supporting documentation to the Controller or the Clerk of the Board of Supervisors.

| Claimant's Name and Home Address (Please Print Clearly) | 2. Send Official Notices and Correspondence to: |
|---|---|
| *Gladys Dewitt* | *Gladys Dewitt* |
| *772 Hampshire St* | *772 Hampshire St* |
| City *San Francisco, CA* Zip *94110* | City *San Francisco* Zip *94110* |
| Telephone (Daytime) *415) 695-0470* | Telephone (Daytime) *695-0470* (Evening) |

| Date of Birth | 4. Social Security Number | 5. Date of Incident | 6. Time of Incident (AM or PM) |
|---|---|---|---|
| *7/20/50* | *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* | *APPROX Jan 28th 06* | *APPROX 11:00 AM* |

| Location of Incident or Accident *SFGH* | 8. Claimant Vehicle License Plate #, Type and Year |
|---|---|
| *1001 Potrero Drive SF CA 94110* | |

**Basis of Claim.** State in detail all facts and circumstances of the incident. Identify all persons, entities, property and City departments involved. State why you believe the City is responsible for the alleged injury, property damage or loss.

*WAS Removed from Job. Jan 2001 - Replaced Via Arbitration*
*In 03 City Enrolled. Was Offered Job In Jan 06*
*by Robert Thompson Personnel Director S.F.G.H. I Never*
*Received New Job.*

| Name, I.D. Number and City Department of City Employee who allegedly caused injury or loss | Type of City Vehicle | Vehicle License Number and Bus or Train Number |
|---|---|---|
| *Robert Thompson* | | |

| 10. Description of Claimant's Injury, property damage or loss | 11. Amount of Claimant's property damage or loss and method of computation. Attach supporting documentation. (See Instructions) | |
|---|---|---|
| *Loss Removal from Job* | ITEMS | |
| *Health worker II J Classification* | *Loss of Wages* | $ *187,000* |
| *#2586* | *+ Punitive Damages* | $ *Unknown* |
| *Reference E-City & County D.P.H* | | $ |
| *Grievance # G05-55* | | $ |
| | **TOTAL AMOUNT** | $ *187,000* |
| | Court Jurisdiction: Limited Civil ☐  Unlimited Civil ☐ | |

| 12. Witnesses (if any) Name *Any* | Address | Telephone |
|---|---|---|
| 1. *Julian Hubbard* | *600 Alberton St* | *650-369-8353* |
| 2. *Robert Thompson* | *1001 Potrero Ave S.F.* | *415-206-8000* |

**13.**

*Gladys Dewitt*           *3-16-06*
Signature of Claimant or Representative    Date

*Gladys Dewitt*
Print Name          Relationship to Claimant

Do Not Write In This Space

CITY & COUNTY OF SAN FRANCISCO CONTROLLER RECEIVED 06 MAR 20 PM 2:30  #1619

CA/FORM 2. 2/01

CRIMINAL PENALTY FOR PRESENTING A FALSE OR FRAUDULENT CLAIM IS
IMPRISONMENT OR FINE OR BOTH. (PENAL CODE §72)

1   DENNIS J. HERRERA, State Bar 139669
    City Attorney
2   ELIZABETH S. SALVESON, State Bar #83788
    Chief Labor Attorney
3   ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, 5th Floor
5   San Francisco, California 94102-5408
    Telephone:   (415) 554-3845
6   Facsimile:   (415) 554-4248
    E-Mail:      rose-ellen.fairgrieve@sfgov.org
7
8   Attorneys for Defendants
    CITY AND COUNTY OF SAN FRANCISCO,
9   LADRON DURIO, AND JAMES MOORE

ENDORSED
F I L E D
San Francisco County Superior Court

APR 0 5 2007

GORDON PARK-LI, Clerk
BY: WESLEY RAMIREZ
                    Deputy Clerk

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SAN FRANCISCO

12                          UNLIMITED JURISDICTION

13   GLADYS DEWITT,                          Case No. 459-735

14              Plaintiff,                   **PROOF OF SERVICE**

15       vs.

16   CITY AND COUNTY OF SAN
     FRANCISCO, SAN FRANCISCO
17   GENERAL HOSPITAL, LADRON
     DURIO, JAMES MOORE, and DOES 1 –
18   25,

19              Defendants.

20

21   I, Karen Passanisi, declare as follows:

22       I am a citizen of the United States, over the age of eighteen years and not a party to the

23   within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza

24   Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

25       On April 5, 2007, I served the attached:

26   • **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO
       PLAINTIFF'S COMPLAINT**

27

28

                                          1

1   on the interested parties in said action, by placing a true copy thereof in sealed envelope(s)

2   addressed as follows:

3   Ashwin Ladva, Esq.
    Ladva, Shoker & Associates
4   530 Jackson St., 2nd Floor
    San Francisco, CA 94133-5143
5
    and served the named document in the manner indicated below:
6
7   ☒   **BY UNITED STATES MAIL:** Following ordinary business practices, I sealed true and correct copies
        of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing
        with the United States Postal Service. I am readily familiar with the practices of the San Francisco City
8       Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s)
        that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that
9       same day.

10      I declare under penalty of perjury under the laws of the State of California that the foregoing

11  is true and correct.

12      Executed April 5, 2007, at San Francisco, California.

13

14                                      Karen Passanisi

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT E

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 5th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3845
6  Facsimile:    (415) 554-4248
   E-Mail:       rose-ellen.fairgrieve@sfgov.org
7
8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
   LADRON DURIO, AND JAMES MOORE
9

ENDORSED
F I L E D
San Francisco County Superior Court

APR 2 5 2007

GORDON PARK-LI, Clerk
BY: ____LINDA K. ESPY____
                    Deputy Clerk

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                     COUNTY OF SAN FRANCISCO

12                      UNLIMITED JURISDICTION

13  GLADYS DEWITT,                    Case No. 459-735

14             Plaintiff,             [PROPOSED] ORDER SUSTAINING
                                      DEFENDANT CITY AND COUNTY OF
15      vs.                           SAN FRANCISCO AND LADRON
                                      DURIO'S DEMURRER TO
16  CITY AND COUNTY OF SAN            PLAINTIFF'S COMPLAINT
    FRANCISCO, SAN FRANCISCO
17  GENERAL HOSPITAL, LADRON          Hearing Date:  April 11, 2007
    DURIO, JAMES MOORE, and DOES 1 –  Hearing Judge: Hon. Patrick J. Mahoney
18  25,                               Time:          9:30 a.m.
                                      Place:         Dept. 302
19             Defendants.
                                      Date Action Filed:  January 19, 2007
20                                    Trial Date:         Not yet set
21
22
23
24
25
26
27
28

            1

1         This matter came on regularly for hearing on April 11, 2007, in Department 302, the

2   Honorable Patrick J. Mahoney presiding. Present during the hearing and representing defendants

3   City and County of San Francisco and Ladron Durio ("City") was Deputy City Attorney Rose-

4   Ellen H. Fairgrieve. Plaintiff Gladys DeWitt was represented by her attorney, Ashwin Ladva,

5   Esq. After considering the pleadings, oral argument, and matters judicially noticeable,

6   **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, THAT:**

7         The Defendants' demurrer to Plaintiff's January 19, 2007 Complaint is sustained without

8   leave to amend as to the First and Second causes of action, and is sustained as to the Third,

9   Fourth, and Fifth causes of action, with leave to amend as against all Defendants except San

10  Francisco General Hospital.

11  **In so ordering, the Court finds that:**

12  1)     The Complaint is barred on its face by Government Code Sections 911.2 and 911.4.

13  Pursuant to those Sections, a plaintiff must file a California tort claim within six months or, in

14  the event of late claim relief, within one year of the date the injury incurred as a result of

15  defendant's wrongful act or omission.

16  2)     Plaintiff filed her tort claim on March 20, 2006. Plaintiff does not allege any facts that

17  give rise to her causes of action that occurred after September 20, 2005, six months before she

18  filed her claim. Accordingly, Plaintiff's tort claim was untimely.

19  3)     The first and second causes of action for breach of contract and breach of implied

20  covenant of good faith and fair dealing fail as a matter of law because a public servant may not,

21  as a matter of law, assert contract or quasi-contract claims. (*Kemmerer v. County of Fresno*

22  (1988) 200 Cal.App.3d 1426, 1432-35.)

23  4)     The third cause of action for fraud against the City fails because the City is immune from

24  liability for misrepresentation under California Government Code Section 818.8. (*Burden v.*

25  *County of Santa Clara* (2000) 81 Cal.App.4th 244, 250.)

26  5)     The fourth and fifth causes of action for intentional infliction of emotional distress and

27  negligent infliction of emotional distress fail because they are barred by Workers' Compensation

28  Act exclusivity.

2

1    6)    Generally, an employee whose injury arises out of and in the course of employment is

2    limited to recovery of workers' compensation benefits. (Labor Code §§ 3600-3602.) "Section

3    3600 of the Labor Code provides that an employer is liable for injuries to its employees arising

4    out of and in the course of employment, and section [3602] declares that where the conditions of

5    workers' compensation exist, the right to recover such compensation is the exclusive remedy

6    against an employer for injury or death of an employee." (*Vuillemainroy v. American Rock &*

7    *Asphalt, Inc.* (1999) 70 Cal.App.4th 1280, 1283.) These provisions apply to all injuries that arise

8    from the employment relationship. (*Livitsanos v. Superior Court* (1992) 2 Cal.4th 744, 747.)

9    7)    Where, as here, "the complaint affirmatively alleges facts indicating coverage by the

10    workers' compensation laws, if it fails to state additional facts negating application of the

11    exclusive remedy provision, no civil action will lie and the complaint is subject to a general

12    demurrer." (*Halliman v. Los Angeles Unified School Dist.* (1984) 163 Cal.App.3d 46, 50.)

13    8)    Plaintiff's allegations arise out of and in the course of employment, and thus her fourth

14    and fifth causes of action are barred as a matter of law under Workers' Compensation exclusivity.

15

16    **IT IS SO ORDERED.**

17    Dated:    APR 2 4 2007                    PATRICK J. MAHONEY

18                                ─────────────────────────

19                                Honorable Patrick J. Mahoney
                                San Francisco Superior Court

20

21

22    Approved as to form.

23

24    ─────────────────        ─────────
      Ashwin Ladva, Esq.           Dated

25

26

27

28

                                3

## PROOF OF SERVICE

I, Karen Passanisi, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On April 26, 2007, I served the following document(s):

- **ORDER SUSTAINING DEFENDANT CITY AND COUNTY OF SAN FRANCISCO AND LADRON DURION'S DEMURRER TO PLAINTIFF'S COMPLAINT**

on the following persons at the locations specified:

Ashwin Ladva, Esq.
Ladva, Shoker & Associates
530 Jackson St., 2nd Floor
San Francisco, CA 94133-5143

in the manner indicated below:

☐ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☒ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-4248 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ is attached or ☒ **will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed April 26, 2007, at San Francisco, California.

_____
Karen Passanisi