# EXHIBIT I

Rec'd
5/31/07

1  Ashwin Ladva, Esq. (206140)
   Ladva, Shoker & Associates
2  530 Jackson Street, 2nd Floor
   San Francisco, CA 94133
3  (415) 296 8844

4  Attorneys for Plaintiff

5

6

7          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

9              IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11

12  GLADYS DEWITT                    )   Case No.: **CGC-O7-459735**
                                     )
13          Plaintiff(s),            )   NOTICE OF MOTION AND MOTION TO
                                     )   SET ASIDE THE JUDGMENT [C.C.P.
14                                   )   §473(b)]
                                     )
15      v.                           )
                                     )
16                                   )   Date: June 29, 2007
                                     )   Time: 9:00 A.M.
17  CITY AND COUNTY OF SAN           )   Dept: 302
                                     )
18  FRANCISCO, SAN FRANCISCO         )
                                     )
19  GENERAL HOSPITAL, LADRON
20  DURIO, JAMES MOORE, and DOES 1-25
21
22          Defendant(s).
23  _____
24
25
26  TO Hon. Judge Patrick Mahoney and DEFENDANTS AND THEIR ATTORNEY OF RECORD:
27
28  PLEASE TAKE NOTICE THAT on June 29, 2007 at 9:00 a.m. or as soon thereafter as the

1

1  matter may be heard in Dept. 302 of the above-entitled court located at 400 McAllister Street, San

2  Francisco, CA, Plaintiff will bring a Motion to Set Aside the Judgment in this case.

3      This Motion is based upon this notice, the accompanying memorandum of points and

4  authorities, Declaration of Ashwin Ladva, and upon all evidence, oral and documentary that may be

5  presented at the hearing.

6

7

8  DATED: 5/28/2007

Respectfully Submitted,

9

10  By: _____

11      Ashwin V. Ladva
        Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO SET ASIDE JUDGMENT

Ashwin Ladva, Esq. (206140)
Palvir K. Shoker (SB# 215533)
LADVA, SHOKER & ASSOCIATES
530 Jackson Street, 2nd Floor
San Francisco, CA 94133
(415) 296 - 8844

Attorney for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

(UNLIMITED JURISDICTION)

|  |  |
|---|---|
| GLADYS DEWITT<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et. al.<br><br>Defendants. | Case No.: CGC-07-459735<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S ATTORNEY'S MOTION TO SET ASIDE DISMISSAL [C.C.P. §473(b)]**<br><br>**Judge:** Hon. Patrick Mahoney<br>**Date:** June 29, 2007<br>**Time:** 9:00 a.m.<br>**Dept:** 302 |

## STATEMENT OF FACTS

This is a complicated and unusual wrongful termination case.

Plaintiff filed her lawsuit on January 19, 2007. The defendants were duly served and a demur was filed and an order sustaining Defendants' demur was entered on April 25, 2007. On May 24, 2007, Plaintiff timely filed her Case Management Statement. On May 25, 2007, the Defendants filed an Ex Parte Order to Dismiss the Complaint and for Entry of Judgment and on the same day the Court entered said Judgment in favor of the Defendants. At the Ex Parte hearing the Plaintiff's counsel, Mr.

MPA Attorney's Motion to Set Aside Dismissal [C.C.P. §473(b)]



1   Ashwin Ladva, appeared and explained to the court that a calendaring error had occurred due to drastic

2   changes in staff and that the Plaintiff was ready to proceed by filing an Amended Complaint on that

3   very day.  The court informed Mr. Ladva to file a 473 motion.

4

5

6                                    **ARGUMENT**

7   I.    THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO SET ASIDE THE
          DEFAULT UNDER THE MANDATORY PROVISIONS OF C.C.P § 473(b) BECAUSE
8         DEFENDANT'S MOTION IS TIMELY, IN PROPER FORM, AND ACCOMPANIED BY
          MR. LADVA's SWORN AFFIDAVIT OF FAULT.
9

10         Under the mandatory relief provisions of C.C.P. § 473(b), the court is required to grant relief

11  from dismissal whenever the motion is: (1) accompanied by an attorney's sworn affidavit attesting to his

12  or her mistake, inadvertence, surprise, or neglect, (2) in proper form, and (3) made no more than six

13  months after entry of judgment. To obtain relief under these provisions, "counsel need not show that his

14  or her mistake, inadvertence, surprise, or neglect was excusable. Attestation that one of these reasons

15  existed is sufficient to obtain relief." *Yeap v. Leake* (1997) 60 Cal. App. 4th 591, 601. "The only

16  exception to mandatory relief is when the trial court 'finds that the default or dismissal was not in fact

17  caused by the attorney's mistake, inadvertence, surprise, or neglect.'" *Metropolitan Service Corp. v.*

18  *Casa de Palms, Ltd.* (1995) 31 Cal.App.4th 1481. The current version of the law requires no <u>timeliness</u>

19  or <u>diligence</u> requirement other than that the application is made within six months after judgment. <u>Id</u>.

20  The purpose of this statute is to relieve the innocent client of the burden of the attorney's fault, to

21  impose burden on the erring attorney, and to avoid precipitating more litigation in the form of

22  malpractice suits. *Yeap,* at 1487.

23         In *Yeap,* a plaintiff brought a medical malpractice action, which was later sent to arbitration.

24  Plaintiff's counsel <u>failed to properly calendar the arbitration hearing date</u> and then failed to request a

25  trial de novo in a timely fashion after receiving notice of the zero arbitration award. *Yeap,* at 594-599.

26  Consequently, that case was dismissed. The court held that the mandatory provision of C.C.P. §473(b)

27  was specifically applicable and vacated the dismissal. In reaching its decision, the court reasoned that

28  but for the inadvertent mistakes of plaintiff's counsel, the case would have proceeded on the merits.

1  Further, there was nothing to suggest that client was in any way responsible for the calendaring errors or

2  that the errors represented a deliberate strategic decision. *Id.* at 601-602

3      *Yeap* is plainly applicable to the present case. In this case, Plaintiff's attorney, Ashwin Ladva,

4  failed to calendar the date Plaintiff's Amended Complaint was due. This matter was compounded further

5  by the fact that Mr. Ladva has a new assistant who did not know when the Amended Complaint was due

6  because the Order from this Court did not specify a date. The Order sustaining the Demur was therefore

7  filed away without having being calendared.

8
9  **II. MOREOVER, THE COURT SHOULD GRANT DEFENDANT'S MOTION TO SET ASIDE THE DISMISSAL UNDER THE <u>DISCRETIONARY</u> PROVISIONS OF C.C.P §473(b) BECAUSE PLAINTIFF'S ATTORNEY COMMITTED EXCUSABLE NEGLECT, THE MOTION HAS BEEN TIMELY FILED, AND SOUND POLICY REASONS REQUIRE SETTING ASIDE THE DISMISSAL.**

10

11

12      a. <u>Defendant's attorney committed excusable neglect by failing to properly file an answer.</u>

13

14      Traditionally, the court has had broad discretionary power to grant relief to a party on the basis

15  of the attorney's neglect, mistake, or inadvertence. C.C.P. 473(b). Contrary to the mandatory provision

16  of section 473(b), the party seeking discretionary relief under section (b) must show that the attorney's

17  neglect was excusable. [*Id.*]. <u>Calendar errors of by an attorney or a member of the attorney's staff are</u>

18  <u>generally excusable.</u> *Nilsson v. City of Los Angeles*, (1967) 249 Cal. App. 2d 976, 980-981].

19  Additionally, an attorney's failure to even open a file which would have reminded him of a deadline was

20  considered excusable neglect. *Flores v. Board of Supervisors* (1970) 13 Cal. App. 3d 480, 483. The

21  present case is similar to *Nilsson* and *Flores* in that the failure to appear and resulting dismissal was

22  entirely due to the excusable neglect, mistake, or inadvertence of Ms. Shoker in failing to calendar the

23  due date for the answer. Furthermore, there is absolutely no evidence that Plaintiff would be prejudiced

24
25  if the default was vacated.

26

27      Section 473(b) has long been applied with liberality in relieving parties from their defaults where

28  relief can be granted without injustice to other parties. *City of Los Angeles v. Board of Supervisors*,

(1930) 105 Cal. App.199, 201. Indeed, when there is no showing that the party opposing the motion will suffer any prejudice if relief is granted, very slight evidence will be required to justify a court in setting aside the default. *Elston v. City of Turlock* (1985), 38 Cal. 3d. 227, 233. There is simply no change in the positions of the parties or in the available evidence since the dismissal. To argue otherwise, is simply untrue. Therefore, due to the nature of Mr. Ladva's office's error in failing to calendar when Plaintiff's First Amended Complaint was due and lack of prejudice evidenced above, Mr. Ladva's neglect in this case should therefore be deemed excusable.

    b. This motion has been filed with the requisite timeliness and diligence under Code of Civil Procedure, § 473(b)

"Section 473(b) expressly requires that an application for discretionary relief be filed 'within a reasonable time, in no case exceeding six months after the judgment or order was taken. This imposes an obligation to exercise diligence to seek relief promptly after learning of the default." *Metropolitan Service Corp. v. Casa de Palms, Ltd.* (1995), 31 Cal. App.4th 1481, 1488.

    The initial test of timeliness requires that this motion be filed no later than six months after entry of dismissal which dismissal order was signed on November 2, 2006 . Therefore, the six month deadline for filing has not been breached. This motion was filed and will be heard well before that time, the initial test of timeliness has been met. Clearly, filing of the motion has been carried out diligently and within a reasonable time after the dismissal.

    c. Plaintiff's motion to set aside the dismissal should be granted based on sound policy reasons.

    In addition to excusable neglect and timeliness of filing, sound policy reasons dictate the court grant plaintiff's motion to set aside the dismissal. It must be noted that when the mistake is not that of the party but that of his or her attorney, relief is granted more readily as the courts "are somewhat loath to penalize a litigant on account of some omission on the attorney's part, particularly where the litigant

4

1 himself has acted promptly and has relied, as in the instant case, upon the attorney to protect his rights."

2 [*Kaslavage v. West Kern County Water Dist.* (1978), 848 Cal.App.3d 529, 537].

3 Also, "our courts have repeatedly stated that it is the policy of our law to allow each contested

4 cause to be tried on its merits. Code of Civil Procedure, §473 is a legislative expression of the policy.

5

6 Our courts will indulge all presumptions and resolve all doubts in favor of orders setting aside defaults."

7 *Hodge Sheet Metal Products v. Palm Springs Riviera Hotel* (1961), 189 Cal.App.2d 653, 657.

8 Therefore, given that Plaintiff's attorney's failure to properly read the court calendar system and appear

9 at the CMC/OSC hearing constitutes excusable neglect, this motion has been filed in a timely and

10

11 diligent manner, and sound policy reasons apply, this motion to set aside the dismissal should be

12 granted.

13 For the foregoing reasons, plaintiff's attorney's motion to set aside the dismissal in this case

14 should be granted.

15

16 DATED: 5/28/2007

17

18 Respectfully Submitted,

By: _____

19 Ashwin Ladva
Attorney for Plaintiff

20

21

22

23

24

25

26

27

28

1   Ashwin Ladva, Esq. (206140)
    Ladva, Shoker & Associates
2   530 Jackson Street, 2nd Floor
    San Francisco, CA 94133
3   (415) 296 8844

4   Attorneys for Plaintiff

5

6

7               IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

9                    IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11

12  GLADYS DEWITT                        )   Case No.: **CGC-O7-459735**
                                         )
13                Plaintiff(s),          )   DECLARATION OF ASHWIN V. LADVA IN
                                         )   SUPPORT OF MOTION TO SET ASIDE
14                                       )   DISMISSAL [C.C.P. §473(b)]
                                         )
15                                       )
            v.                           )
16                                       )   Date: June 29, 2007
                                         )   Time: 9:00 A.M.
17  CITY AND COUNTY OF SAN               )   Dept: 302
                                         )
18  FRANCISCO, SAN FRANCISCO             )
                                         )
19  GENERAL HOSPITAL, LADRON
20  DURIO, JAMES MOORE, and DOES 1-25
21
22          Defendant(s).
23   _____
24
25
26  I, ASHWIN V. LADVA, hereby declare that:
27      1. My firm has been retained by Plaintiff Gladys Dewitt in the above referenced matter.
28      2. Plaintiff filed the complaint on January 19, 2007.

                                        1



3. The Plaintiff has actively prosecuted this case. The Defendants have suffered no prejudice in this case.

4. The Court entered the Defendants' Demur on April 25, 2007.

5. I received notice of the entry of the Demur on or about April 27, 2007. After receiving Notice I provided the Notice to my new assistant and, based on information and belief, told her to file and calendar the matter.

6. Based on information and belief, because the Order from the court did not contain a due date, the Order was simply filed away without having being calendared.

7. I forgot about the Amended Complaint as it did not appear on my calendar of tasks to complete.

8. On or About April May 24, 2007 I received notice from the Defendants that they were appearing ex parte to enter judgment. I immediately prepared an Amended Complaint and had the same with me at the time of the ex parte hearing on May 25, 2007.

9. I informed the court of my inadvertent error and further informed the court that I had an amended complaint ready to file and serve. Please find attached hereto, in Exhibit A, a true and correct copy of Plaintiff's First Amended Complaint.

10. I will immediately file the First Amended Complaint and serve the same as soon as permitted.

11. The court granted Defendants' request and also informed me to file a 473 motion.

I declare that the forgoing is true and correct under penalty of perjury of laws of California.

DATED: 9/28/07

Respectfully Submitted,

2

Decl. of Ashwin Ladva

1  ASHWIN LADVA
   LADVA, SHOKER & ASSOCIATES
2  530 Jackson Street, Second Floor
   San Francisco, CA 94133
3  Telephone: (415) 296-8844
   Facsimile:  (415) 296-8847
4
   Attorney for Plaintiff,
5  GLADYS DEWITT

6

7                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                       COUNTY OF SAN FRANCISCO

9                         UNLIMITED CIVIL CASE

10                              )   CASE NO:   CGC-07-459735
                                )
11                              )   FIRST AMENDED COMPLAINT FOR
                                )   DAMAGES
12                              )
13   GLADYS DEWITT,             )     1.  CONSTRUCTIVE TERMINATION
                                )     2.  PROMISSORY ESTOPPEL
14        Plaintiff,            )     3.  FRAUD
                                )     4.  INTENTIONAL INFLICTION OF
15   vs.                        )         EMOTIONAL DISTRESS
                                )     5.  NEGLIGENT INFLICTION OF
16                              )         EMOTIONAL DISTRESS
                                )     6.  VIOLATION OF CIVIL RIGHTS
17   SAN FRANCISCO CITY AND COUNTY, a )    BASED ON FIRST AMENDMENT
     public entity, LADRUN DORIO, an )     SPEECH
18   individual, JAMES MOORE, an individual, )
     and DOES 1 through 25.     )
19                              )
          Defendants.           )
20                              )
                                )
21                              )

22       1.  Plaintiff, GLADYS DEWITT, alleges as follows:

23                         GENERAL ALLEGATIONS

24       2.  Plaintiff, GLADYS DEWITT, has been and at all times relevant herein was a resident of

25   San Francisco, County of San Francisco.

26

27

28
                                   - 1 -

3. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter referred to as "SFCC"), is and at all times mentioned herein was a government entity of the City of San Francisco, County of San Francisco, of the State of California.

4. Plaintiff has complied with all applicable claims statutes.

5. At all times relevant herein, Defendant JAMES MOORE (hereinafter "Moore") was Plaintiff's supervisor at San Francisco General Hospital (hereinafter "SFGH") and is sued herein pursuant to his activities as Plaintiff's supervisor. Defendant Moore is and was at all times mentioned herein was a resident of the State of California.

6. At all times relevant herein, Defendant LADRON DURIO (hereinafter "Durio") was a co-employee of Plaintiff at SFGH. Defendant Durio is and was at all times mentioned herein was a resident of the State of California.

7. Plaintiffs are informed and believe and thereon allege that Defendants sued herein as Does 1 through 25, agents or employees of Defendants CCSF and were at all relevant times acting in the course and scope of their employment and agency. Plaintiffs allege that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiffs will ask leave of this Court to amend the Complaint to allege such name and responsibility when that information is ascertained.

8. Plaintiff is informed and believes and on that basis alleges that at all relevant times, each Defendant, whether named or fictitious, was the agent or employee of each of the other Defendants, and in doing the things alleged to have been done in the complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

9. During the period of her employment, Plaintiff was a vocal critic of inadequate conditions for appropriate healthcare for SFGH patients and her fellow employees including but not limited to faulty gurneys, unsanitary conditions and infestation of the patient property room.

FIRST AMENDED COMPLAINT FOR DAMAGES



10. Defendant MOORE repeatedly penalized and retaliated against Plaintiff for her advocacy.

11. Plaintiff began working for SFGH in 1981. In 1986, Plaintiff became a full-time employee. On or about 1993, Plaintiff became a Healthcare Worker II. Plaintiff worked in that position until 2002.

12. Defendant Moore routinely engaged in practices that violated Plaintiffs right of privacy by providing other employees, namely Defendant Durio, copies of confidential information that was not to be disclosed to other employees. The disclosure consisted copies of Plaintiff's performance evaluations.

13. On or about November 1, 2001, Plaintiff fell into a pothole on the grounds of San Francisco General Hospital while working and severely injured her back.

14. On or about November 29, 2001, Plaintiff was served with a Notice of Intent to Dismiss from Permanent Position.

15. On or about December 27, 2001, Plaintiff advised SFGH that she was suffering from temporary total disability. On the same date, Plaintiff met with her supervisor, Defendant Moore, to discuss the incidents that were the subject of the Notice of Intent to Dismiss from Permanent Position. At that meeting, Plaintiff specifically and in detailed refuted the charges and informed Defendant Moore of one or more witnesses that could or would exonerate her. Plaintiff also informed Defendant Moore that Defendant Durio was making up charges. Defendant Moore promised to investigate further. Plaintiff is informed and believes and thereon alleges that he did not do so.

16. Plaintiff made a claim for worker's compensation benefits for her injuries. On or about August 18, 2002, Plaintiff settled her worker's compensation claim. In September of 2002, Plaintiff advised SFGH that she was able to return to work and communicated her readiness,

FIRST AMENDED COMPLAINT FOR DAMAGES



willingness and ability to do so to Defendant Moore. Defendant Moore advised Plaintiff that he was uncertain as to whether he could provide accommodations to Plaintiff given her medical disability.

17. During the time period that Plaintiff waited to hear back from Defendant Moore as to whether she would be provided with a reasonable accommodation so that she could return to work, on November 18, 2002, SFGH served Plaintiff with an amended Notice of Intent to Dismiss from Permanent Position and proceeded with administrative hearings to terminate Plaintiff from her position based on allegations made by Defendant Durio and Moore. Defendants retaliated against Plaintiff for her speech as a patient's advocate.

18. Plaintiff is informed and believes and thereon alleges SFGH, Defendant Durio and Moore knew or should have known that the allegations made against Plaintiff were false and brought maliciously in order to permanently remove Plaintiff from her employment while she was disabled without cause in order to further their own agendas and retaliate against Plaintiff for her engagement in protected speech. Defendant CCSF ratified the conduct of Defendants Durio and Moore by permitting the harassment and the false allegations against Plaintiff to continue and by permitting the harassment and false allegations against Plaintiff to continue and by permitting Defendant Moore to remain in a position where he could and did affect Plaintiff's rights to employment and to exercise her right to protected speech.

19. In late November or early December of 2002, Defendant CCSF notified Plaintiff that it intended to proceed against Plaintiff to dismiss her from her position based on the same charges made more than a year before.

20. On or about December 18, 2002, Defendant CCSF proceeded with a Skelly hearing the purpose of which was to dismiss Plaintiff from her position for "inattention to duty." During the course of the Skelly hearing, Plaintiff was completely from all charges based on her own

- 4 -

FIRST AMENDED COMPLAINT FOR DAMAGES

testimony and the testimony of individual witnesses. Defendant CCSF was ordered to reinstate

her with reasonable accommodations, namely to not put her back to work with Defendant Durio.

21. In January of 2003, Plaintiff began to make requests that Defendant CCSF provide her

with reasonable accommodations so that she could return to work.

22. On January 24, 2003, Defendant CCSF's disability coordinator for SFGH wrote Plaintiff

stating that "the department has determined that your request does not specify a medical

condition for which reasonable accommodation is suitable." The statement was false and on

information and belief Plaintiff alleges that the statement was made for the purpose of delaying

Plaintiff's return to work.

23. On March 20, 2003, Plaintiff received a letter from Janis Ito, Defendant CCSF's

personnel officer for SFGH, that she was expected to return to work on March 28, 2003. There

was no mention of any reasonable accommodation, how the situation with Defendant Durio was

being dealt with, or what her schedule would be.

24. On March 28, 2003, within one hour of what was to be her return to work, Defendant

CCSF telephoned Plaintiff and told her not to appear at work as scheduled. Defendant CCSF

then informed Plaintiff that they would notify her that they would get back to her.

25. On March 29, 2003, Defendant Moore called Plaintiff and stated that the position was no

longer available. Defendant Moore then informed Plaintiff that as soon as a position would

become available he would contact her. Defendant Moore never contacted her again.

26. Plaintiff continuously attempted to contact Defendant Moore by telephone to inquire

about her position. Defendant Moore never returned her phone calls. Plaintiff hired Counsel to

assist her in being reinstated. This too was not effective.

FIRST AMENDED COMPLAINT FOR DAMAGES

27. Defendant CCSF worker's compensation carrier required that she attend training during this time period to prepare her as a medical assistant. Plaintiff attended and fully completed all additional training.

28. Defendant CCSF has continuously failed and refused and continues to fail and refuses to provide Plaintiff an accommodation so that she can return to work. Instead Plaintiff has been offered a series of temporary assignments that would result in the loss of benefits, to which she would be entitled to. Additionally, Defendant CCSF sent Plaintiff out for interviews for two separate programs, which Plaintiff discovered there was no funding.

29. Plaintiff is informed and believes and thereon alleges that Defendant CCSF has continued to frustrate the purposes of the agreement between the parties by not offering employment with accommodations to Plaintiff, by offering promises that Plaintiff will return to work with the proper accommodations. As recently as February of 2007, Plaintiff received a letter from CCSF informing her she was still an employee, however, CCSF will not provide Plaintiff with a job schedule or a place to work. This action on the part of CCSF of promising work and then mot following through has been ongoing from as early as January 2002 until the present time.

30. Plaintiff is informed and believes and thereon alleges that Defendant CCSF and Defendant Moore acted in such a way as to directly retaliate against Plaintiff for her right to protected speech.

31. All of Defendants actions have left Plaintiff without employment.

## FIRST CAUSE OF ACTION

## CONSTRUCTIVE DISCHARGE IN BREACH OF PUBLIC POLICY
(AGAINST ALL DEFENDANTS)

32. Plaintiff realleges and incorporates herein paragraphs 1 through 31 as though fully set forth herein.

- 6 -

FIRST AMENDED COMPLAINT FOR DAMAGES

33. Defendant CCSF through its employees and agents, Defendants Moore and Durio had actual knowledge of the intolerable conditions caused by the acts of harassment alleged above, and failed to take any steps to and those conditions for the purpose of placing Plaintiff in a position.

34. Furthermore, Defendant CCSF, through its employees and agents Defendants Moore and Durio knew or should have known that Plaintiff was constructively terminated as a result of its actions.

35. In doing the acts described herein by Plaintiff, Defendant CCSF, through its employees and agents Defendants Moore and Durio, deprived plaintiff of prospective career and employment opportunities, as well as other benefits, by failing to perform its duties to administer and apply all State and local laws, procedures and regulations.

36. Defendant CCSF had actual knowledge of the intolerable working conditions faced by Plaintiff as a result of the breach of contract and illegal conduct by Defendants Moore and Durio, but deliberately failed to remediate said breach of contract and unethical and illegal conduct and also failed to allow Plaintiff to work in conditions that were tolerable to the reasonable person.

37. As a direct and proximate result of the conduct of Defendant CCSF, through its employees and agents Defendants Moore and Durio, Plaintiff has suffered harm including lost earnings and other employment benefits, humiliation, embarrassment and mental anguish--all to his damage in an amount to be established at trial.

38. As a result of the constructive termination by defendants and each of them, plaintiffs have lost substantial employment benefits with defendants and each of them, including lost wages, bonuses, and other losses, the precise amount of which will be proven at the time of trial.

39. As a further direct and proximate result of defendants' unlawful conduct, plaintiff has suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension,

FIRST AMENDED COMPLAINT FOR DAMAGES

1   anxiety, and depression, the extent of which is not fully known at this time. Plaintiff also sought

2   medical intervention and obtained counseling as a result of the anguish and emotional distress

3   they suffered. The amount of damages caused thereby is not yet fully ascertained, but is in an

4   amount within the jurisdiction of this Court, the precise amount to be proven at time of trial.

5   Plaintiff claims that amount together with prejudgment interest pursuant to Civil Code section

6   3287 or any other provision of law providing for prejudgment interest.

7

8       40. The conduct of defendants as described in this complaint was oppressive, fraudulent, and

9   malicious, thereby entitling plaintiffs to an award of punitive damages in an amount appropriate

10  to punish and make an example of defendants.

11      41. WHEREFORE, plaintiffs pray for entry of judgment as hereinafter set forth.

12                              **SECOND CAUSE OF ACTION**

13                                **PROMISSORY ESTOPPEL**
14                          **(AGAINST DEFENDANT CCSF AND MOORE)**

15      42. Plaintiff incorporates paragraphs 1 through 39 of the complaint as though set forth in full.

16      43. At the various times stated, Defendant represented to Plaintiff that they agreed to provide

17  Plaintiff with a position with accommodations within CCSF.

18      44. In so doing, Defendants knew or should have known that Plaintiff would be reasonably

19
    induced to rely on their promise and not seek other employment.
20
21      45. Defendants have not performed any part of their representation.

22      46. As a result of the failure of Defendants and each of them to perform according to the

23  representation that they made to Plaintiff, Plaintiff has lost the reasonable value of her

24  employment, to her damage in a sum to be shown in accordance with proof at time of trial

25  herein.
26
27      47. WHEREFORE, Plaintiff prays for entry of judgment as hereinafter set forth.

28                              **THIRD CAUSE OF ACTION**

- 8 -

FIRST AMENDED COMPLAINT FOR DAMAGES

**FRAUD**
(AGAINST DEFENDANT CCSF AND MOORE)

48. Plaintiffs incorporate paragraphs 1 through 44 of the Complaint as though stated in full herein.

49. Defendant CCSF, through its employee and agent Defendants Moore promised to Plaintiff that he would reinstate her position with reasonable accommodations.

50. Defendant CCSF represented to Plaintiff that she was an employee of CCSF.

51. Each of the representations by defendant CCSF and Moore alleged in the foregoing paragraph were false in that defendant Defendants had no intention of giving plaintiff any employment within CCSF. Defendants knew these representations were false when he made them.

52. Defendants made the foregoing false statements intentionally and with the intent to deceive plaintiff and induce her reliance thereon. In reliance upon the representations of Defendants, Plaintiff has lost the reasonable value of her employment.

53. Plaintiff did not know the foregoing representations were false and she justifiably relied upon them to their detriment. If plaintiffs had known that the representations were false, they would have not waited for employment from CCSF.

54. As a result of the misrepresentations and concealments of defendants and each of them, as alleged above, plaintiffs have been damaged in an amount to be proved at trial.

55. In doing the acts and omissions that breached their duty as more fully alleged above, defendants and each of them acted with fraud, oppression, and malice and thus entitling plaintiffs to an award of punitive damages.

56. WHEREFORE, plaintiff prays for entry of judgment as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**

- 9 -

FIRST AMENDED COMPLAINT FOR DAMAGES

**(Against All Defendants)**

57. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56, and incorporate them herein by reference.

58. As set forth above, Defendants engaged in a pattern of deceptive and deceitful conduct to take deprive Plaintiff of employment.

59. Defendants' actions were intended to, and had a high probability of causing severe emotional distress.

60. Defendants' conduct had a severe and traumatic effect on Plaintiffs' emotional tranquility and physical state with Plaintiff.

61. As a proximate result of the acts of Defendants, Plaintiff suffered severe depression, and health trauma placing Plaintiff in a position of weakness, despair, and utter helplessness. Plaintiff cannot sleep knowing that Defendants have not honored certain promises to put her back into gainful employment with CCSF..

62. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered general damages.

63. Defendants' conduct was done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive damages in an amount to be determined by proof at trial.

### FIFTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

**(Against All Defendants)**

64. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 63 of this Complaint as though fully set forth at length herein.

65. Defendants CCSF had a duty to exercise due care towards Plaintiff in the giving her gainful employment.

- 10 -

FIRST AMENDED COMPLAINT FOR DAMAGES

66. Defendants knew or should have known that their failure to honor their promise to grant Plaintiff gainful employment would cause Plaintiff severe emotional distress. As a result of Defendant CCSF breach of these duties, Plaintiff has in fact suffered severe emotional distress and mental suffering, all to their damage in a sum to be proven at the time of trial.

## SIXTH CAUSE OF ACTION
### Violation of Civil Rights Based On First Amendment Speech
### [42 USC §1983]
### (Against Defendants CCSF, MOORE and DOES 1-10)

67. Plaintiff refers to the allegations contained in Paragraphs 1 through 66, and incorporates each by reference as though fully set forth at length herein.

68. 95. Plaintiff engaged in speech and conduct protected under the First Amendment of the U.S. Constitution, when Plaintiff was a vocal critic of inadequate conditions for appropriate healthcare for SFGH patients and her fellow employees including but not limited to faulty gurneys, unsanitary conditions and infestation of the patient property room.

69. By virtue of the conduct set forth herein, defendant CCSF and MOORE, individually and in his managerial capacity on behalf of defendant CCSF, retaliated against the Plaintiff based on Plaintiff's exercise of protected speech. Plaintiff was subjected to acts of retaliation as described throughout the complaint herein, specifically including but not limited to: (a) sharing protected information with other employees, (b) reprimanding the Plaintiff based on false allegations, (C) failing to reinstate Plaintiff to her position as ordered in the Skelly hearing and thereby depriving Plaintiff of substantive due process rights secured by the Fourteenth Amendment of the United States Constitution in violation of 42 U.S.C. Sec. 1983; and (d) tolerating harassment of the Plaintiff by supervisors and/or other employees, and performing other conduct reasonably likely to deter First Amendment activity.

- 11 -
FIRST AMENDED COMPLAINT FOR DAMAGES

70. In addition, and as specifically set forth throughout this complaint, Defendants CCSF, MOORE and each of them, have engaged in a pattern and practice of retaliation against Plaintiff and similarly situated employees.

71. As a direct and proximate result of the violation of the Plaintiff's civil rights by defendants, Plaintiff sustained economic damage for past and prospective loss of earnings and benefits in a sum according to proof at trial.

72. 101. As a further direct and proximate result of the violation of Plaintiff's civil rights, Plaintiff sustained general damages for severe mental and emotional distress and injury to Plaintiff's reputation, in a sum according to proof at trial.

73. Defendants, Moore and DOES 1 to 10 acted with malice, oppression and fraud, with the wrongful intention of hurting Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages in an amount according to proof at trial.

74. As a result of defendants' retaliatory and discriminatory conduct, Plaintiff has been compelled to retain legal counsel, and is entitled to reasonable attorneys' fees and costs of suit, pursuant to 42 USC § 1983, and 42 USC §1988.

WHEREFORE, Plaintiffs pray judgment as follows:

1. For compensatory damages according to the proof;

2. For punitive damages in an amount appropriate to punish defendants and deter others from engaging in similar misconduct;

3. For costs of suit incurred herein; and

4. For such other and further relief as the court deems proper.

FIRST AMENDED COMPLAINT FOR DAMAGES

1

Dated: May 25, 2007

Respectfully submitted,

ASHWIN LADVa
Attorney for Plaintiff,

FIRST AMENDED COMPLAINT FOR DAMAGES

Case No. CGC 07 459735

## PROOF OF SERVICE BY MAIL

I, the undersigned, declare:

I am over the age of 18 years and am not a party to this action. I am employed in the City and County of San Francisco. My business address is 530 Jackson Street, 2nd Floor, San Francisco, California, 94133. On the date set forth below, I served the foregoing documents described as follows:

- PLAINTIFF'S Motion to Set aside the Judgment [4739b)]

On the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Dennis Herrera, City Attorney
Rose-Ellen Fairgrieve
1390 Market Street, 6th Floor
San Francisco, CA 94102

[X]        **BY FIRST CLASS MAIL:** I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to-wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing this date, following ordinary business practices.

[ ]        **BY PERSONAL SERVICE:**        Following ordinary business practices, I cause the aforementioned document to be served, by hand delivery this date to the offices of the addressee(s).

[ ]        **BY OVERNIGHT MAIL:** I caused such envelope to be delivered by a commercial carrier service for overnight delivery to the office(s) of the addressee(s).

[ ]        **BY FACSIMILE:** I caused said document to be transmitted by Facsimile machine to the number indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date in San Francisco, California.

Dated: 5/29/07

_____
Ashwin Ladva

# EXHIBIT J

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 MCALLISTER STREET, SAN FRANCISCO, CA 94102

GLADYS DEWITT

PLAINTIFF (S)

VS.

SAN FRANCISCO CITY AND COUNTY, A
PUBLIC ENTITY et al

DEFENDANT (S)

Pretrial Department 212
Case Management Order

NO. CGC-07-459735

Order Continuing Case
Management Conference

TO: ALL COUNSEL AND PARTIES IN PROPRIA PERSONA

The JUN-22-2007 CASE MANAGEMENT CONFERENCE is canceled, and it is hereby ordered:

This case is set for a case management conference on AUG-03-2007 in Department 212 at 9:00 AM.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than
fifteen (15) days before the case management conference.  However, it would facilitate the issuance of a
case management order without an appearance at the case management conference if the case
management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case
management conference.

PLAINTIFF'S COUNSEL OR PLAINTIFF(S) IN PROPRIA PERSONA must send a copy of this notice to all
parties not listed on the attached proof of service within five (5) days of the date of this order.

DATED:  JUN-13-2007

ARLENE T. BORICK
JUDGE/COMMISSIONER

Order Continuing Case Management Conference
Form 000001