# EXHIBIT K

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   ELIZABETH S. SALVESON, State Bar #83788
    Chief Labor Attorney
3   ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, 5th Floor
5   San Francisco, California 94102-5408
    Telephone:    (415) 554-3845
6   Facsimile:    (415) 554-4248
    E-Mail:    rose-ellen.fairgrieve@sfgov.org
7
    Attorneys for Defendants
8   CITY AND COUNTY OF SAN FRANCISCO,
    SAN FRANCISCO GENERAL HOSPITAL,
9   LADRON DURIO



10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN FRANCISCO

12                       UNLIMITED JURISDICTION

13   GLADYS DEWITT,                    Case No. 459-735

14              Plaintiff,            DEFENDANTS' OPPOSITION TO
                                      PLAINTIFF'S MOTION TO SET
15       vs.                          ASIDE THE JUDGMENT AND
                                      REQUEST FOR FEES AND COSTS
16   CITY AND COUNTY OF SAN
     FRANCISCO, SAN FRANCISCO         Hearing Date:    June 29, 2007
17   GENERAL HOSPITAL, LADRON         Hearing Judge:   Hon. Patrick J. Mahoney
     DURIO, JAMES MOORE and DOES 1 –  Time:            9:00 A.M.
18   25,                              Place:           Dept. 302

19              Defendants.           Date Action Filed:   January 19, 2007
                                      Trial Date:          Not yet set
20
                                      Attached Documents:
21                                       • Declaration of Rose-Ellen
                                           Fairgrieve in Support of Defendants'
22                                         Request for Fees and Costs

23

24

25

26

27

28

                                      1

## INTRODUCTION

Defendants respectfully oppose Plaintiff's motion to set aside the judgment. The mandatory provision of Code of Civil Procedure Section 473(b) does not apply to the dismissal in these circumstances. Discretionary set aside should also be denied because the failure of counsel to perform routine duties should not be excused. If Plaintiff's motion is granted, Defendants should be awarded reasonable fees and costs in connection with Plaintiff's failure to timely file her amended complaint.

## STATEMENT OF FACTS

Plaintiff filed this case on January 19, 2007. On February 28, 2007, Defendants demurrered to all causes of action. On April 25, 2007, the Court issued its order sustaining Defendants' demurrer without leave to amend as to the first and second causes of action, and with leave to amend as to the third, fourth, and fifth causes of action. (Fairgrieve Declaration, Exh. A.) Defendants hand-served the order on Plaintiff's counsel on April 26, 2007. (Fairgrieve Declaration, Exh. B.) Under Rule of Court 3.1320(g), Plaintiff had 10 days, or until May 7, 2007, to file her amended complaint. Plaintiff did not file an amended complaint. On May 24, 2007, counsel for Defendants contacted Plaintiff's counsel to inform him that, in light of Plaintiff's failure to file an amended complaint, Defendants would seek dismissal of the action. (Fairgrieve Declaration ¶¶4-5.) Plaintiff's counsel did not respond to or otherwise contact Defendants' counsel regarding filing an amended complaint. (Fairgrieve Declaration ¶6.) On May 25, 2007, Defendants moved to dismiss the action under Code of Civil Procedure Section 581(f)(2). The Court granted the Defendants' motion to dismiss, and entered judgment against Plaintiff on May 25, 2007. (Fairgrieve Declaration, Exhs. D & E.)

## ARGUMENT

### 1.    Plaintiff Is Not Entitled To Mandatory Relief Under CCP §473(b).

The mandatory provision of CCP §473(b) does not apply in the present circumstances. Although the statute says that when the statutory requirements are met the court must grant relief from "dismissal," courts have limited the meaning of the word. *English v. Ikon Business Solutions, Inc.* (2001) 94 Cal.App.4[th] 130, 148 (expressly disagreeing with, among other cases, the case cited

Def's Opposition to Mot. to Set Aside Judgment – Case No. 459-735          n:\labor\li2007\071000\00419789.doc

1    by Plaintiff, *Yeap v. Leake* (1997) 60 Cal.App.4[th] 591.) "Those courts have rejected a literal

2    construction of the term 'dismissal' in the mandatory relief provision as inconsistent with the

3    apparent purpose of the statute." *Matera v. McLeod* (2007) 145 Cal.App. 4[th] 44, 65. Courts have

4    found that, in the context of the mandatory provision of CCP §473, "dismissal" refers only to those

5    dismissals that come about as the result of an attorney's failure to oppose a motion to dismiss.

6    *Peltier v. McCloud River Railroad Co.* (1995) 34 CalApp.4[th] 1809, 1824.

7        The mandatory provision has specifically been determined not to apply in the precise

8    circumstances we have here. *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4[th]

9    603, 607. In *Leader*, plaintiff's case was dismissed after counsel failed to file an amended

10   complaint within the time permitted after a demur to the complaint was sustained without leave to

11   amend. The court held that mandatory relief under §473 was not applicable. (*Id.*)  Similarly, in the

12   present case, Plaintiff's counsel failed to file an amended complaint within the allotted time after

13   Defendants' demurrer was sustained with leave to amend, which resulted in dismissal of the case.

14   Accordingly, the mandatory provision of CCP §473 does not apply to the instant case.

15   **II.      The Court Should Not Grant Relief Under The Discretionary Provision Of CCP**
            **§473(b).**

16       The Court should deny relief under the discretionary provision of CCP §473.

17       Section 473(b) provides that: "The court may, upon such terms as may be just, relieve a

18   party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken

19   against him or her through his or her mistake, inadvertence, surprise, or excusable neglect.  In

20   determining whether the neglect of a party's attorney is excusable for purposes of Section 473(b),

21   courts inquire whether a *reasonably prudent* attorney might have made the same error under similar

22   circumstances. *Generale Bank Nederland, N.V. v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4[th]

23   1384, 1399. Section 473 is not a "catch-all remedy" for every case where counsel's actions result in

24   dismissal. *State Farm Fire & Cas. Co. v. Pietak* (2001) 90 Cal.App.4[th] 600, 611-612. In light of

25   these standards, Plaintiff's motion to set aside the dismissal should be denied.

26

27

28
                                            3

**III.    DEFENDANTS ARE ENTITLED TO THEIR FEES AND COSTS IF PLAINTIFF'S RELIEF IS GRANTED.**

If the Court does grant the relief requested by Plaintiff, Defendants request to be compensated for the fees and costs incurred as a result of Plaintiff's counsel's failure to timely file the amended complaint.

Code of Civil Procedure Section 473(b) provides: "The court shall, whenever relief is granted based on an attorney's affidavit of fault, direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties." Thus, if the court grants Plaintiff's motion to set aside the judgment based on the mandatory provision of Section 473(b), an award of Defendants' fees and costs is mandatory. Otherwise, such relief is permitted under CCP 473(c)(1)(C).

Defendants incurred fees and costs in connection with their motion to dismiss the complaint and for entry of judgment, and in connection with the opposition to the present motion. Most of these costs could have been avoided had Plaintiff's counsel responded to Defendants' counsel's May 24th notification that Defendants would seek dismissal.

Defendants' counsel spent four hours researching and preparing the ex parte application for dismissal and appearing in court for same. (Fairgrieve Declaration ¶9.) Defendants incurred $35 in messenger fees to file the ex parte application and the dismissal. (Fairgrieve Declaration ¶10.) Defendants' counsel spent more than eight hours researching and drafting the opposition to the present motion. (Fairgrieve Declaration ¶11.) The rate at which Defendants' counsel is billed is $199 per hour, which is well below market rate for attorneys of comparable experience in San Francisco. (Fairgrieve Declaration ¶¶12-13.) Accordingly, Defendants seek an award of $2,423, pursuant to CCP 473.

/ / /

/ / /

/ / /

Def's Opposition to Mot. to Set Aside Judgment – Case No. 459-735          n:\labor\li2007\071000\00419789.doc

# CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's motion to set aside the dismissal. However, if the Court grants Plaintiff's motion, Defendants request their fees and costs in the amount of $2,423.

Dated:  June 15, 2007

DENNIS J. HERRERA
City Attorney
ELIZABETH S. SALVESON
Chief Labor Attorney
ROSE-ELLEN H. FAIRGRIEVE
Deputy City Attorney

By: _____
ROSE-ELLEN H. FAIRGRIEVE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO and
LADRON DURIO

5



1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 5th Floor
5  San Francisco, California 94102-5408
   Telephone:   (415) 554-3845
6  Facsimile:    (415) 554-4248
   E-Mail:        rose-ellen.fairgrieve@sfgov.org
7
   Attorneys for Defendants
8  CITY AND COUNTY OF SAN FRANCISCO and
   LADRON DURIO
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SAN FRANCISCO

12                          UNLIMITED JURISDICTION

13  GLADYS DEWITT,                          Case No. 459-735

14              Plaintiff,                   DECLARATION OF ROSE-ELLEN H.
                                             FAIRGRIEVE IN SUPPORT OF
15       vs.                                 DEFENDANTS' OPPOSITION TO
                                             PLAINTIFF'S MOTION TO SET
16  CITY AND COUNTY OF SAN                   ASIDE THE JUDGMENT AND
    FRANCISCO, SAN FRANCISCO                 REQUEST FOR FEES AND COSTS
17  GENERAL HOSPITAL, LADRON
    DURIO, JAMES MOORE, and DOES 1 –         Hearing Date:    June 29, 2007
18  25,                                      Hearing Judge:   Hon. Patrick J. Mahoney
                                             Time:            9:00 A.M.
19              Defendants.                  Place:           Dept. 302

20                                           Date Action Filed:   January 19, 2007
                                             Trial Date:          Not yet set
21

22                                           Attached Documents:   Exhibits A-E

23

24

25       I, ROSE-ELLEN HEINZ FAIRGRIEVE, declare as follows:

26       1.      I am an attorney of record for Defendants in the above-captioned matter. I am

27  admitted to practice law in California and to appear before this Court. I have personal knowledge

28                                           1

of the facts in this declaration, and if called upon to testify, I could and would testify competently to the facts contained herein.

2.      Attached hereto as Exhibit A is this Court's Order Sustaining Defendants' Demurrer, issued on April 25, 2007.

3.      Attached hereto as Exhibit B is a proof of service from Dynamo Deliveries, which hand-delivered the Court's Order on the Demurrer to counsel for DeWitt on April 26, 2007 at 1:30 p.m.

4.      On May 24, 2007, at approximately 9:00 a.m., I phoned the office of Ashwin Ladva, counsel for Gladys DeWitt, to inform him that I would be appearing on the ex parte calendar on May 25, 2007 in Department 302 at 11:00 a.m., seeking dismissal of the complaint. I left a voicemail with the information.

5.      I followed up my voicemail with a letter containing the same information about my intent to appear on the ex parte calendar. A true and correct copy of my letter is attached hereto as Exhibit C.

6.      I did not receive a response from Mr. Ladva prior to the ex parte hearing on May 25, 2007.

7.      Attached hereto as Exhibit D is the Court's Order granting Defendants' motion to dismiss.

8.      Attached hereto as Exhibit E is the Court's Judgment against Plaintiff Gladys DeWitt.

9.      I spent more than 4 hours in connection with Defendants' ex parte motion for dismissal.

10.     The City incurred $35 in messenger costs in connection with filing Defendants' motion for dismissal.

11.     I spent more than 8 hours in connection with Defendants' opposition to Plaintiff's motion to set aside the dismissal.

12.     I am informed and believe that my actual billing rate is $199 per hour.

2

13.    I have been practicing law for more than 10 years. I am informed and believe that the hourly rate of attorneys in San Francisco with more than 10 years' experience is generally well in excess of $199 per hour.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration was executed in San Francisco, California.

Dated:  June 15, 2007

ROSE-ELLEN H. FAIRGRIEVE

3

EXHIBIT A



DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar #83788
Chief Labor Attorney
ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
Deputy City Attorney
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3845
Facsimile:    (415) 554-4248
E-Mail:    rose-ellen.fairgrieve@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
LADRON DURIO, AND JAMES MOORE

ENDORSED
F I L E D
San Francisco County Superior Court

APR 2 5 2007

GORDON PARK-LI, Clerk
BY: _____ LINDA K. ESPY
                    Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

UNLIMITED JURISDICTION

GLADYS DEWITT,

    Plaintiff,

    vs.

CITY AND COUNTY OF SAN
FRANCISCO, SAN FRANCISCO
GENERAL HOSPITAL, LADRON
DURIO, JAMES MOORE, and DOES 1 –
25,

    Defendants.

Case No. 459-735

[PROPOSED] ORDER SUSTAINING
DEFENDANT CITY AND COUNTY OF
SAN FRANCISCO AND LADRON
DURIO'S DEMURRER TO
PLAINTIFF'S COMPLAINT

Hearing Date:    April 11, 2007
Hearing Judge: Hon. Patrick J. Mahoney
Time:    9:30 a.m.
Place:    Dept. 302

Date Action Filed:    January 19, 2007
Trial Date:    Not yet set

This matter came on regularly for hearing on April 11, 2007, in Department 302, the Honorable Patrick J. Mahoney presiding. Present during the hearing and representing defendants City and County of San Francisco and Ladron Durio ("City") was Deputy City Attorney Rose-Ellen H. Fairgrieve. Plaintiff Gladys DeWitt was represented by her attorney, Ashwin Ladva, Esq. After considering the pleadings, oral argument, and matters judicially noticeable,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, THAT:

The Defendants' demurrer to Plaintiff's January 19, 2007 Complaint is sustained without leave to amend as to the First and Second causes of action, and is sustained as to the Third, Fourth, and Fifth causes of action, with leave to amend as against all Defendants except San Francisco General Hospital.

**In so ordering, the Court finds that:**

1)      The Complaint is barred on its face by Government Code Sections 911.2 and 911.4. Pursuant to those Sections, a plaintiff must file a California tort claim within six months or, in the event of late claim relief, within one year of the date the injury incurred as a result of defendant's wrongful act or omission.

2)      Plaintiff filed her tort claim on March 20, 2006. Plaintiff does not allege any facts that give rise to her causes of action that occurred after September 20, 2005, six months before she filed her claim. Accordingly, Plaintiff's tort claim was untimely.

3)      The first and second causes of action for breach of contract and breach of implied covenant of good faith and fair dealing fail as a matter of law because a public servant may not, as a matter of law, assert contract or quasi-contract claims. (*Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426, 1432-35.)

4)      The third cause of action for fraud against the City fails because the City is immune from liability for misrepresentation under California Government Code Section 818.8. (*Burden v. County of Santa Clara* (2000) 81 Cal.App.4th 244, 250.)

5)      The fourth and fifth causes of action for intentional infliction of emotional distress and negligent infliction of emotional distress fail because they are barred by Workers' Compensation Act exclusivity.

2

Case No. 459-735          N:\LABOR\L12007\071000\00018833.DOC

6)    Generally, an employee whose injury arises out of and in the course of employment is limited to recovery of workers' compensation benefits. (Labor Code §§ 3600-3602.) "Section 3600 of the Labor Code provides that an employer is liable for injuries to its employees arising out of and in the course of employment, and section [3602] declares that where the conditions of workers' compensation exist, the right to recover such compensation is the exclusive remedy against an employer for injury or death of an employee." (*Vuillemainroy v. American Rock & Asphalt, Inc.* (1999) 70 Cal.App.4th 1280, 1283.) These provisions apply to all injuries that arise from the employment relationship. (*Livitsanos v. Superior Court* (1992) 2 Cal.4th 744, 747.)

7)    Where, as here, "the complaint affirmatively alleges facts indicating coverage by the workers' compensation laws, if it fails to state additional facts negating application of the exclusive remedy provision, no civil action will lie and the complaint is subject to a general demurrer." (*Halliman v. Los Angeles Unified School Dist.* (1984) 163 Cal.App.3d 46, 50.)

8)    Plaintiff's allegations arise out of and in the course of employment, and thus her fourth and fifth causes of action are barred as a matter of law under Workers' Compensation exclusivity.


**IT IS SO ORDERED.**

Dated: APR 2 4 2007                           PATRICK J. MAHONEY
_____                            _____
                                            Honorable Patrick J. Mahoney
                                            San Francisco Superior Court




Approved as to form.


_____        _____
Ashwin Ladva, Esq.          Dated

[Proposed] Order Sustaining Def's Demurrer, Case No. 459-735          N:\LABOR\LI200707\000\00018833.DOC




## PROOF OF SERVICE

I, Karen Passanisi, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On April 26, 2007, I served the following document(s):

- **ORDER SUSTAINING DEFENDANT CITY AND COUNTY OF SAN FRANCISCO AND LADRON DURION'S DEMURRER TO PLAINTIFF'S COMPLAINT**

on the following persons at the locations specified:

Ashwin Ladva, Esq.
Ladva, Shoker & Associates
530 Jackson St., 2nd Floor
San Francisco, CA 94133-5143

in the manner indicated below:

☐ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☒ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-4248 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and a copy of the transmission report ☐ is attached or ☒ will be filed separately with the court.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed April 26, 2007, at San Francisco, California.

_Karen Passanisi_
Karen Passanisi

EXHIBIT B

 

POS-020

| | FOR COURT USE ONLY |
|---|---|

IEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*

E-ELLEN H. FAIRGRIEVE, State Bar #181257, DEPUTY CITY ATTORNEY
CE OF THE CITY ATTORNEY
MARKET STREET, 5TH FLOOR
FRANCISCO, CA 94102-5408

TELEPHONE NO.: (415) 554-3845          FAX NO. *(Optional)*: (415) 554-4248

L ADDRESS *(Optional)*:

TORNEY FOR *(Name)*: DEFENDANT(S)

PERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
  STREET ADDRESS: 400 McALLISTER SREET
  MAILING ADDRESS: 400 McALLISTER SREET
  CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
  BRANCH NAME:

PETITIONER/PLAINTIFF: GLADYS DEWITT

ESPONDENT/DEFENDANT: CITY AND COUNTY OF SAN FRANCISCO, ET AL.,

| PROOF OF PERSONAL SERVICE—CIVIL | CASE NUMBER: 459-735 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

I am over 18 years of age and not a party to this action.

I served the following documents *(specify):*

ORDER SUSTAINING DEFENDANT CITY AND COUNTY OF SAN FRANCISCO AND LADRON DURIO'S
DEMURRER TO PLANTIFF'S COMPLAINT

☐ The documents are listed in the *Attachment to Proof of Personal Service—Civil (Documents Served)* (form POS-020(D)).

I. I personally served the following persons at the address, date, and time stated:
  a. Name:   ASHWIN LADVA
  b. Address: 530 JACKSON STREET, 2ND FLOOR, SAN FRANCISCO, CA
  c. Date:    APRIL 26TH, 2007
  d. Time:    1:30 p.m.

☐ The persons are listed in the *Attachment to Proof of Personal Service—Civil (Persons Served)* (form POS-020(P)).

4. I am
  a. ☑ not a registered California process server.
  b. ☐ a registered California process server.

  c. ☐ an employee or independent contractor of a registered California process server.
  d. ☐ exempt from registration under Business & Professions Code section 22350(b).

5. My name, address, telephone number, and, if applicable, county of registration and number are *(specify):*

  TARA BETH COOPER / DYNAMO DELIVERIES
  1604 DOLORES STREET, SAN FRANCISCO CA, 94110
  (415) 336-8657

6. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

7. ☐ I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date: MAY 15TH, 2007

▶ _Tara Cooper_

TARA BETH COOPER                                        (SIGNATURE OF PERSON WHO SERVED THE PAPERS)

(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

Form Approved for Optional Use
Judicial Council of California
                                        PROOF OF PERSONAL SERVICE—CIVIL

Code of Civil Procedure, § 1011
www.courtinfo.ca.gov

EXHIBIT C

CITY AND COUNTY OF SAN FRANCISCO

OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA
City Attorney

ROSE-ELLEN HEINZ FAIRGRIEVE
Deputy City Attorney

DIRECT DIAL:    (415) 554-3845
E-MAIL:    rose-ellen.fairgrieve@sfgov.org

May 24, 2007

**Via Facsimile Only:** 296-8847

Ashwin Ladva, Esq.
Ladva, Shoker & Associates
530 Jackson Street, 2nd Floor
San Francisco, CA 94133

Re:    DeWitt v. CCSF, et al., Case No. 459-735
       Appearance on May 25, 2007 Ex Parte Calendar

Dear Ashwin:

I am writing to follow up the voicemail I left for you at 9:00 this morning. Tomorrow, Friday, May 25, 2007, I will be appearing on the ex parte calendar in Department 302. I will be seeking a dismissal and judgment in favor of Defendants City and County of San Francisco and Ladron Durio. Please let me know if you plan to appear and/or oppose the motion.

I will serve you with Defendants' motion and supporting documents this afternoon via facsimile.

Very truly yours,

DENNIS J. HERRERA
City Attorney

ROSE-ELLEN HEINZ FAIRGRIEVE
Deputy City Attorney

FOX PLAZA · 1390 MARKET STREET, SIXTH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 437-4644

n:\labor\li2007\071000\00026474.doc

```
*********** -COMM. JOURNAL- *************** DATE MAY-24-2007 ***** TIME 11:11 ********

MODE = MEMORY TRANSMISSION        START=MAY-24 11:10    END=MAY-24 11:11

    FILE NO.=984

STN.   COMM.   ONE-TOUCH/   STATION NAME/TEL. NO.              PAGES    DURATION
NO.            ABBR NO.

001    OK      #     92968847                                 002/002  00:00:22


*************************************** -     *****- -    4155544248- ********
```

CITY AND COUNTY OF SAN FRANCISCO

DENNIS J. HERRERA
City Attorney

OFFICE OF THE CITY ATTORNEY

ROSE-ELLEN FAIRGRIEVE
Deputy City Attorney
DIRECT DIAL:  (415) 554-3845

## FACSIMILE COVER SHEET

### Thursday, May 24, 2007; Time:  10:10 AM

| TO:               | OF:                         | PHONE:          | FAX:            |
|-------------------|-----------------------------|-----------------|-----------------|
| Ashwin Ladva, Esq.| Ladva, Shoker & Associates  | (415) 296-8844  | (415) 296-8847  |

| FROM:             | OF:                   | PHONE:          | FAX:            |
|-------------------|-----------------------|-----------------|-----------------|
| Rose-Ellen Fairgrieve | City Attorney's Office | (415) 554-3845 | (415) 554-4248 |

| MESSAGE |
|---|
| Re:    DeWitt v. CCSF |

We are transmitting a total of **2** pages, including this cover sheet.
If you did not receive all of the pages or there is another problem, please call me at (415) 554-3845.

CONFIDENTIALITY NOTE

THIS AND ANY ACCOMPANYING PAGES CONTAIN INFORMATION FROM THE SAN FRANCISCO CITY ATTORNEY'S OFFICE WHICH IS CONFIDENTIAL AND PRIVILEGED. THE INFORMATION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF YOU ARE NOT THE INTENDED RECIPIENT, THEN BE AWARE THAT ANY DISCLOSURE, COPYING, DISTRIBUTION OR USE OF THE ACCOMPANYING DOCUMENT (OR THE INFORMATION CONTAINED IN IT) IS PROHIBITED.  IF YOU HAVE RECEIVED THIS FACSIMILE TRANSMISSION IN ERROR, PLEASE NOTIFY OUR OFFICES IMMEDIATELY SO THAT WE CAN ARRANGE FOR RETRIEVAL AT NO COST TO YOU.

FOX PLAZA · 1390 MARKET STREET, 5TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-4248

EXHIBIT D



1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 5th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3845
6  Facsimile:    (415) 554-4248
   E-Mail:    rose-ellen.fairgrieve@sfgov.org
7
   Attorneys for Defendants
8  CITY AND COUNTY OF SAN FRANCISCO,
   LADRON DURIO, AND JAMES MOORE
9

```
                            ENDORSED
                            F I L E D
                   San Francisco County Superior Court

                            MAY 2 5 2007

                   GORDON PARK-LI, Clerk
                   BY: _____
                                      Deputy Clerk
```

```
                   R E C E I V E D
                   By    MAY 2 4 2007
```

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN FRANCISCO

12                      UNLIMITED JURISDICTION

13  GLADYS DEWITT,                    Case No. 459-735

14            Plaintiff,              [PROPOSED] ~~JUDGMENT~~ ORDER IN FAVOR
                                      OF DEFENDANTS CITY AND
15        vs.                         COUNTY OF SAN FRANCISCO AND
                                      LADRON DURIO
16  CITY AND COUNTY OF SAN
    FRANCISCO, SAN FRANCISCO
17  GENERAL HOSPITAL, LADRON          Date Action Filed:    January 19, 2007
    DURIO, JAMES MOORE, and DOES 1 –  Trial Date:           Not yet set
18  25,

19            Defendants.

20

21       This matter came on the ex parte calendar on May 25, 2007, in Department 302, the

22  Honorable Patrick J. Mahoney presiding. Present and representing Defendants City and County

23  of San Francisco and Ladron Durio ("City") was Deputy City Attorney Rose-Ellen H. Fairgrieve.

24  Counsel for Plaintiff Gladys DeWitt, Ashwin Ladva, Esq., was given notice of the ex parte

25  matter and did/did not appear. After considering the Defendants' ex parte application, the

26  declaration of Rose-Ellen Fairgrieve in support of Defendants' ex parte application, and any oral

27  argument presented at the ex parte hearing,

28

                                    1



1  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, THAT:

2      The Complaint is dismissed with prejudice. Judgement is granted against Gladys DeWitt

3  in favor of the Defendants City and County of San Francisco and Ladron Durio.

4

5      **IT IS SO ORDERED.**

6

7  Dated: *May 25, 2007*

                                      Honorable Patrick J. Mahoney
                                      San Francisco Superior Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT E

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 5th Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3845
6  Facsimile:      (415) 554-4248
   E-Mail:         rose-ellen.fairgrieve@sfgov.org
7

8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
   LADRON DURIO, AND JAMES MOORE
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SAN FRANCISCO

12                          UNLIMITED JURISDICTION

13  GLADYS DEWITT,                          Case No. 459-735

14             Plaintiff,                   [PROPOSED] JUDGMENT IN FAVOR
                                            OF DEFENDANTS CITY AND
15      vs.                                 COUNTY OF SAN FRANCISCO AND
                                            LADRON DURIO
16  CITY AND COUNTY OF SAN
    FRANCISCO, SAN FRANCISCO
17  GENERAL HOSPITAL, LADRON                Date Action Filed:    January 19, 2007
    DURIO, JAMES MOORE, and DOES 1 –        Trial Date:           Not yet set
18  25,

19             Defendants.

20

21        This matter came on the ex parte calendar on May 25, 2007, in Department 302, the

22  Honorable Patrick J. Mahoney presiding.  Present and representing Defendants City and County

23  of San Francisco and Ladron Durio ("City") was Deputy City Attorney Rose-Ellen H. Fairgrieve.

24  Counsel for Plaintiff Gladys DeWitt, Ashwin Ladva, Esq., was given notice of the ex parte

25  matter and did/did not appear.  After considering the Defendants' ex parte application, the

26  declaration of Rose-Ellen Fairgrieve in support of Defendants' ex parte application, and any oral

27  argument presented at the ex parte hearing,

28

1

ENDORSED
F I L E D
San Francisco County Superior Court

MAY 2 5 2007

GORDON PARK-LI, Clerk
BY: _____
                    Deputy Clerk

RECEIVED
BY
MAY 2 4 2007

1   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, THAT:

2       The Complaint is dismissed with prejudice. Judgement is granted against Gladys DeWitt

3   in favor of the Defendants City and County of San Francisco and Ladron Durio.

4

5     **IT IS SO ORDERED.**

6

7   Dated: *May 25, 2007*

                           Honorable Patrick J. Mahoney
                           San Francisco Superior Court

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | DENNIS J. HERRERA, State Bar 139669
City Attorney
2 | ELIZABETH S. SALVESON, State Bar #83788
Chief Labor Attorney
3 | ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
Deputy City Attorney
4 | Fox Plaza
1390 Market Street, 5th Floor
5 | San Francisco, California 94102-5408
Telephone:      (415) 554-3845
6 | Facsimile:      (415) 554-4248
E-Mail:      rose-ellen.fairgrieve@sfgov.org
7

8 | Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
LADRON DURIO, AND JAMES MOORE
9

10                SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF SAN FRANCISCO

12                        UNLIMITED JURISDICTION

13 | GLADYS DEWITT,                          Case No. 459-735

14 |            Plaintiff,                   **PROOF OF SERVICE**

15 |     vs.

16 | CITY AND COUNTY OF SAN
FRANCISCO, SAN FRANCISCO
17 | GENERAL HOSPITAL, LADRON
DURIO, JAMES MOORE, and DOES 1 –
18 | 25,

19 |            Defendants.

20

21 | I, Karen Passanisi, declare as follows:

22 |     I am a citizen of the United States, over the age of eighteen years and not a party to the

23 | within entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza

24 | Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

25 |     On June 18, 2007, I served the attached:

26 | • **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE THE
JUDGMENT AND REQUEST FOR FEES AND COSTS**

27

28

1

PROOF OF SERVICE                    CASE NO. 459-735              n:\labor\li2007\071000\00019216.doc

1    • **DECLARATION OF ROSE-ELLEN H. FAIRGRIEVE IN SUPPORT OF
     DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE THE
2    JUDGMENT AND REQUEST FOR FEES AND COSTS**

3    on the interested parties in said action, by placing a true copy thereof in sealed envelope(s)

4    addressed as follows:

5    Ashwin Ladva, Esq.
     Ladva, Shoker & Associates
6    530 Jackson St., 2nd Floor
     San Francisco, CA 94133-5143
7    Facsimile: (415) 296-8847

8    and served the named document in the manner indicated below:

9    ☒    **BY UNITED STATES MAIL:** Following ordinary business practices, I sealed true and correct copies
          of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing
10         with the United States Postal Service. I am readily familiar with the practices of the San Francisco City
           Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s)
11         that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that
           same day.
12

13   ☒    **BY FACSIMILE:** Based on a written agreement of the parties to accept service by fax, I transmitted true
          and correct copies of the above document(s) via a facsimile machine at telephone number **(415) 554-4248** to
14         the persons and the fax numbers listed above. The fax transmission was reported as complete and without
           error. The transmission report was properly issued by the transmitting facsimile machine, **and a copy of the
15         transmission report** ☐ **is attached or** ☒ **will be filed separately with the court.**

16         I declare under penalty of perjury under the laws of the State of California that the foregoing

17   is true and correct.

18         Executed June 18, 2007, at San Francisco, California.

19                                    _K. Passanisi_

20                                    Karen Passanisi

21

22

23

24

25

26

27

28

PROOF OF SERVICE                    CASE NO. 459-735                    n:\labor\li2007\071000\00019216.doc

```
*************** -COMM. J    L- *************** DATE JUN-18-2007   * TIME 13:40 ***********

    MODE = MEMORY TRANSMISSION           START=JUN-18 13:36      END=JUN-18 13:40

      FILE NO.=280

  STN    COMM.    ONE-TOUCH/   STATION NAME/TEL NO.                    PAGES     DURATION
  NO.              ABBR NO.

  001     OK        ☎            92968847                             027/027    00:03:19
```

```
*********************************** -         - ***** -      4155544248- **********
```

## CITY AND COUNTY OF SAN FRANCISCO

DENNIS J. HERRERA
City Attorney

## OFFICE OF THE CITY ATTORNEY

ROSE-ELLEN FAIRGRIEVE
Deputy City Attorney
DIRECT DIAL:  (415) 554-3845

## FACSIMILE COVER SHEET

### Monday, June 18, 2007; Time:  12:34 PM

| TO: | OF: | PHONE: | FAX: |
|---|---|---|---|
| Ashwin Ladva, Esq. | Ladva, Shoker & Associates | (415) 296-8844 | (415) 296-8847 |

| FROM: | OF: | PHONE: | FAX: |
|---|---|---|---|
| Rose-Ellen Fairgrieve | City Attorney's Office | (415) 554-3845 | (415) 554-4248 |

| MESSAGE |
|---|
| Re:  DeWitt v. CCSF |

We are transmitting a total of _27_ pages, including this cover sheet.
If you did not receive all of the pages or there is another problem, please call me at (415) 554-3845.

### CONFIDENTIALITY NOTE

THIS AND ANY ACCOMPANYING PAGES CONTAIN INFORMATION FROM THE SAN
FRANCISCO CITY ATTORNEY'S OFFICE WHICH IS CONFIDENTIAL AND PRIVILEGED. THE
INFORMATION IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF
YOU ARE NOT THE INTENDED RECIPIENT, THEN BE AWARE THAT ANY DISCLOSURE,
COPYING, DISTRIBUTION OR USE OF THE ACCOMPANYING DOCUMENT (OR THE
INFORMATION CONTAINED IN IT) IS PROHIBITED. IF YOU HAVE RECEIVED THIS FACSIMILE
TRANSMISSION IN ERROR, PLEASE NOTIFY OUR OFFICES IMMEDIATELY SO THAT WE CAN
ARRANGE FOR RETRIEVAL AT NO COST TO YOU.

FOX PLAZA · 1390 MARKET STREET, 5TH FLOOR · SAN FRANCISCO, CALIFORNIA 94102-5408
RECEPTION: (415) 554-3800 · FACSIMILE: (415) 554-4248

# EXHIBIT L

1  Ashwin Ladva, Esq. (206140)
   Palvir K. Shoker (SB# 215533)
2  LADVA, SHOKER & ASSOCIATES
3  530 Jackson Street, 2nd Floor
   San Francisco, CA 94133
4  (415) 296 - 8844

5  Attorney for Plaintiff

6

7           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8              IN AND FOR THE COUNTY OF SAN FRANCISCO

9                     (UNLIMITED JURISDICTION)

10

11  GLADYS DEWITT                )  Case No.: CGC-07-459735
                                 )
12          Plaintiff,           )  PLAINTIFF'S REPLY TO DEFENDANT'S
                                 )  OPPOSITION TO PLAINTIFF'S MOTION
13                               )  TO SET ASIDE THE JUDGMENT AND
                                 )  REQUEST FOR FEES AND COSTS
14      v.                       )
                                 )
15  CITY AND COUNTY OF SAN       )  Judge: Hon. Patrick Mahoney
    FRANCISCO, et. al.           )  Date:  June 29, 2007
16                               )  Time:  9:00 a.m.
                                 )  Dept:  302
17      Defendants.              )
                                 )
18  _____)

19

20                        **STATEMENT OF FACTS**

21
     This is a complicated and unusual wrongful termination case.
22
        Plaintiff filed her lawsuit on January 19, 2007. The defendants were duly served and a demur
23
24  was filed and an order sustaining Defendants' demur was entered on April 25, 2007. On May 24,
25  2007, Plaintiff timely filed her Case Management Statement. On May 25, 2007, the Defendants filed
26  an Ex Parte Order to Dismiss the Complaint and for Entry of Judgment and on the same day the Court
27  entered said Judgment in favor of the Defendants. At the Ex Parte hearing the Plaintiff's counsel, Mr.
28

                                        1

1  Ashwin Ladva, appeared and explained to the court that a calendaring error had occurred due to drastic

2  changes in staff and that the Plaintiff was ready to proceed by filing an Amended Complaint on that

3  very day. The court informed Mr. Ladva to file a 473 motion.

4

5

6                              **ARGUMENT**

7

8  I. PLAINTIFF IS ENTITLED TO MANDATORY RELIEF UNDER C.C.P § 473(b).

9        The State in its Opposition relies heavily on Leader v. Health Indus. of Am. Inc. (2001), 89 Cal.

10  App. 4th 603 to argue that relief under Section 473 is not applicable. Subsequent courts however have

11  declined to apply Leader. See Harlan v. Department of Transportation, (2005) 132 Cal. App. 4th 868,

12  875. The "Code of Civil Procedure section 472a, subdivision (c), provides that when a demurrer is

13  sustained, the court may grant leave to amend the pleading upon any terms as may be just and shall fix

14  the time within which the amendment or amended pleading shall be filed." Id. The Harlan court stated

15

16  that the;

17

18     "Code of Civil Procedure section 473 , subdivision (a)(1), gives the court discretion to permit
19     amendment of any pleading  only after notice to the adverse party, the adverse party has already
20     received notice when the court sustains a demurrer with leave to amend pursuant to Code of Civil
       Procedure section 472a, subdivision (a). In sum, **Leader goes beyond the statutory requirements**
21     to the extent it holds that where the court has properly sustained a demurrer, granted leave to amend,
       and fixed a time for filing the amended complaint, it has no discretion subsequently to extend the
22     time without a noticed motion by the plaintiff." Id.

23

24     Furthermore, the Harlan court criticized the Leader decision for standing for propositions "not

25  supported by the authorities the Leader court cited for it: Loser v. E. R. Bacon Co. (1962) 201 Cal. App.

26  2d 387 and Code of Civil Procedure section 473, subdivision (a)(1). (See Leader v. Health Industries of

27  America, Inc., supra, 89 Cal.App. 4th at p. 613.)

28

Memorandum of Points and Authorities in Support of Plaintiff's Attorney's Motion to Set Aside Dismissal [C.C.P. §473(b)]

1    The State mistakenly put undue importance on the Leader opinion. In Harlan the court held that

2    while leave to amend within 10 days is standard under Cal. Rules of Court, Rule 325(e), the court may

3    grant leave to amend "upon any terms as may be just and shall fix the time within which the amendment

4    or amended pleading shall be filed" [Code Civ. Proc. § 472a(c)]. Harlan v. Department of

5    Transportation, (2005) 132 Cal. App. 4th 868, 874-875. In fact, even if the court has not ordered

6    additional time beyond the standard 10 days, the court has the discretion to accept a late filing even after

7    the 10 days has expired, effectively fixing a new time for amendment; and the late filing may be

8    accepted even without noticed motion requesting an extension of time. Id.

9        The State also cites Matera v. Mcleod (2007) 145 Cal.App.4th 44, 65, as authority for the meaning

10    of the term "dismissal." However, this language is pure dicta because the Matera court never dealt with

11    the issue of interpreting the term "dismissal." Id. at 66-67. The Matera court itself stated that the

12    "*Defendants' right to relief does not depend on our construction of the term 'dismissal' as used in the*

13    *statute. Rather, the question here is whether defendants are entitled to mandatory relief from the*

14    *defaults entered by the court after striking defendants' answer as a sanction for failure to comply with a*

15    *discovery order, and from the resulting default judgment.*" Id at 66-67.

16        The State's arguments run in contrast to the mandatory relief provisions of C.C.P. § 473(b), that

17    require courts to grant relief from dismissal whenever the motion is: (1) accompanied by an attorney's

18    sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, (2) in proper form, and

19    (3) made no more than six months after entry of judgment. To obtain relief under these provisions,

20    "counsel need not show that his or her mistake, inadvertence, surprise, or neglect was excusable.

21    Attestation that one of these reasons existed is sufficient to obtain relief." Yeap v. Leake (1997) 60 Cal.

22    App. 4th 591, 601. "The only exception to mandatory relief is when the trial court 'finds that the default

23    or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect.'"

24    Metropolitan Service Corp. v. Casa de Palms, Ltd. (1995) 31 Cal.App.4th 1481. The current version of

25    the law requires no timeliness or diligence requirement other than that the application is made within six

26    months after judgment. Id. The purpose of this statute is to relieve the innocent client of the burden of

27    the attorney's fault, to impose burden on the erring attorney, and to avoid precipitating more litigation in

28    the form of malpractice suits. Yeap, at 1487.

*Yeap* is plainly applicable to the present case. In this case, Plaintiff's attorney, Ashwin Ladva, failed to calendar the date Plaintiff's Amended Complaint was due. This matter was compounded further by the fact that Mr. Ladva has a new assistant who did not know when the Amended Complaint was due because the Order from this Court did not specify a date. The Order sustaining the Demur was therefore filed away without having being calendared.

II.    PLAINTIFF'S MOTION WAS TIMELY FILED, AND SOUND POLICY REASONS REQUIRE SETTING ASIDE THE DISMISSAL.

Section 473(b) has long been applied with liberality in relieving parties from their defaults where relief can be granted without injustice to other parties. *City of Los Angeles v. Board of Supervisors*, (1930) 105 Cal. App.199, 201. Indeed, when there is no showing that the party opposing the motion will suffer any prejudice if relief is granted, very slight evidence will be required to justify a court in setting aside the default. *Elston v. City of Turlock* (1985), 38 Cal. 3d. 227, 233. There is simply no change in the positions of the parties or in the available evidence since the dismissal. To argue otherwise, is simply untrue. Therefore, due to the nature of Mr. Ladva's office's error in failing to calendar when Plaintiff's First Amended Complaint was due and lack of prejudice evidenced above, Mr. Ladva's neglect in this case should therefore be deemed excusable.

Also, "our courts have repeatedly stated that it is the policy of our law to allow each contested cause to be tried on its merits. Code of Civil Procedure, §473 is a legislative expression of the policy. Our courts will indulge all presumptions and resolve all doubts in favor of orders setting aside defaults." *Hodge Sheet Metal Products v. Palm Springs Riviera Hotel* (1961), 189 Cal.App.2d 653, 657. Therefore, given that Plaintiff's attorney's failure to properly read the court calendar system and appear at the CMC/OSC hearing constitutes excusable neglect, this motion has been filed in a timely and diligent manner, and sound policy reasons apply, this motion to set aside the dismissal should be granted.

1  Furthermore, Code of Civil Procedure section 475, provides that to the court must, in every stage

2  of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings

3  which, in the opinion of said court, does not affect the substantial rights of the parties.

4     III.    DEFENDANT IS NOT ENTITLED TO FEES. FURTHERMORE, EVEN IF

5  DEFENDANT IS ENTITLED TO FEES THE TIME CLAIMED SPENT PREPARING
THEIR EXPARTE APPLICATION AND DISMISSAL IS EXCESSIVE AND

6  UNREASONABLE.

7

8     "The court shall, whenever relief is granted based on an attorney's affidavit of fault, direct the

9  attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties." CCP

10  473(b). The statute itself states that the fees should be reasonable. The defendant has spent excessive

11  amount of time researching and drafting an opposition. The defendant is alone attempting to charge 8

12

13  hours of researching and drafting for a motion that is less than three pages.

14     For the foregoing reasons, plaintiff's attorney's motion to set aside the dismissal in this case

15  should be granted.

16

17  DATED: __June 25, 2007__      Respectfully Submitted,

18

19     By: _____

20     Ashwin Ladva
   Attorney for Plaintiff

21

22

23

24

25

26

27

28

5

Case No.

## PROOF OF SERVICE BY MAIL

I, the undersigned, declare:

I am over the age of 18 years and am not a party to this action. I am employed in the City and County of San Francisco. My business address is 530 Jackson Street, 2nd Floor, San Francisco, California, 94133. On the date set forth below, I served the foregoing documents described as follows:

- **PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE THE JUDGMENT AND REQUEST FOR FEES AND COSTS**

On the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Dennis Herrera, City Attorney
Rose-Ellen Fairgrieve
1390 Market Street, 6th Floor
San Francisco, CA 94102

[ ]    **BY FIRST CLASS MAIL:** I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to-wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing this date, following ordinary business practices.

[ ]    **BY PERSONAL SERVICE:**    Following ordinary business practices, I cause the aforementioned document to be served, by hand delivery this date to the offices of the addressee(s).

[ ]    **BY OVERNIGHT MAIL:** I caused such envelope to be delivered by a commercial carrier service for overnight delivery to the office(s) of the addressee(s).

[X]    **BY FACSIMILE:**    I caused said document to be transmitted by Facsimile machine to the number indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date in San Francisco, California.

Dated: _June 25 2007_                    _____
                                          Daniel Martinez de la Vega

# EXHIBIT M



ENDORSED
FILED
San Francisco County Superior Court

JUN 2 9 2007

GORDON PARK-LI, Clerk
BY: RODOLFO VELUZ
Deputy Clerk

1   Ashwin Ladva, Esq. (206140)
2   Ladva, Shoker & Associates
    530 Jackson Street, 2nd Floor
3   San Francisco, CA 94133
    (415) 296 8844
4
    Attorneys for Plaintiff
5

6

7           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8

9           IN AND FOR THE COUNTY OF SAN FRANCISCO

10

11

12  GLADYS DEWITT                    )   Case No.: **CGC-O7-459735**
                                     )
13          Plaintiff(s),            )   ORDER OF THE COURT
                                     )
14                                   )
                                     )   Date: June 29, 2007
15          v.                       )   Time: 9:00 A.M.
                                     )   Dept: 302
16                                   )
                                     )
17  CITY AND COUNTY OF SAN           )
                                     )
18  FRANCISCO, SAN FRANCISCO         )
                                     )
19  GENERAL HOSPITAL, LADRON
20  DURIO, JAMES MOORE, and DOES 1-25
21
22          Defendant(s).
23  _____
24

25      The Motion of Plaintiff having been made and with proof presented to the satisfaction of the

26  Court, and good cause appearing therefore,

27      IT IS HEREBY ORDERED:

28

                                        1
                                ORDER OF THE COURT

1

2    Plaintiff's Motion to Set Aside the Dismissal is Granted.

3    Plaintiff must file her First Amended Complaint by July 3, 2007 and pay sanctions to the

4
Defendant, City and County of San Francisco, in the amount of $835.00.
5

6    The Defendant must file its Responsive pleadings by July 25, 2007.

7

8    Dated: _June 29, 2007_

9

10                                    JUDGE OF THE SUPERIOR COURT
                                      PATRICK J. MAHONEY
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
ORDER OF THE COURT

Case No.

## PROOF OF SERVICE BY MAIL

I, the undersigned, declare:

I am over the age of 18 years and am not a party to this action. I am employed in the City and County of San Francisco. My business address is 530 Jackson Street, 2nd Floor, San Francisco, California, 94133. On the date set forth below, I served the foregoing documents described as follows:

- **ORDER OF THE COURT**

On the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Dennis Herrera, City Attorney
Rose-Ellen Fairgrieve
1390 Market Street, 6th Floor
San Francisco, CA 94102

[x]     **BY FIRST CLASS MAIL:** I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to-wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing this date, following ordinary business practices.

[ ]     **BY PERSONAL SERVICE:**     Following ordinary business practices, I cause the aforementioned document to be served, by hand delivery this date to the offices of the addressee(s).

[ ]     **BY OVERNIGHT MAIL:** I caused such envelope to be delivered by a commercial carrier service for overnight delivery to the office(s) of the addressee(s).

[ ]     **BY FACSIMILE:**     I caused said document to be transmitted by Facsimile machine to the number indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date in San Francisco, California.

Dated: __6/29/07__                    _____
                                                Daniel Martinez de la Vega

# EXHIBIT N

1    ASHWIN LADVA (SB #206140)
    LADVA, SHOKER & ASSOCIATES
2    530 Jackson Street, Second Floor
    San Francisco, CA 94133
3    Telephone: (415) 296-8844
    Facsimile: (415) 296-8847

4

5    Attorney for Plaintiff,
    GLADYS DEWITT

FILED
San Francisco County Superior Court

JUL 0 3 2007

GORDON PARK-LI, Clerk
BY: WESLEY RAMIREZ
Deputy Clerk

6

7       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8           **COUNTY OF SAN FRANCISCO**

9              **UNLIMITED CIVIL CASE**

10

11

12

13    GLADYS DEWITT,

14        Plaintiff,

15    vs.

16

17    SAN FRANCISCO CITY AND COUNTY, a
    public entity, LADRUN DORIO, an
18    individual, JAMES MOORE, an individual,
    and DOES 1 through 25.
19

      Defendants.
20

21

| | |
|---|---|
| **CASE NO:**   **CGC-07-459735** | |
| **FIRST AMENDED COMPLAINT FOR DAMAGES** | |

1. **CONSTRUCTIVE TERMINATION**
2. **PROMISSORY ESTOPPEL**
3. **FRAUD**
4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
5. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
6. **VIOLATION OF CIVIL RIGHTS BASED ON FIRST AMENDMENT SPEECH**

22

23     1.   Plaintiff, GLADYS DEWITT, alleges as follows:

                 **GENERAL ALLEGATIONS**
24

25     2.   Plaintiff, GLADYS DEWITT, has been and at all times relevant herein was a resident of

San Francisco, County of San Francisco.
26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

3. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter referred to as "SFCC"), is and at all times mentioned herein was a government entity of the City of San Francisco, County of San Francisco, of the State of California.

4. Plaintiff has complied with all applicable claims statutes.

5. At all times relevant herein, Defendant JAMES MOORE (hereinafter "Moore") was Plaintiff's supervisor at San Francisco General Hospital (hereinafter "SFGH") and is sued herein pursuant to his activities as Plaintiff's supervisor. Defendant Moore is and was at all times mentioned herein was a resident of the State of California.

6. At all times relevant herein, Defendant LADRON DURIO (hereinafter "Durio") was a co-employee of Plaintiff at SFGH. Defendant Durio is and was at all times mentioned herein was a resident of the State of California.

7. Plaintiffs are informed and believe and thereon allege that Defendants sued herein as Does 1 through 25, agents or employees of Defendants CCSF and were at all relevant times acting in the course and scope of their employment and agency. Plaintiffs allege that each of the Defendants named as a "DOE" was in some manner responsible for the acts and omissions alleged herein, and Plaintiffs will ask leave of this Court to amend the Complaint to allege such name and responsibility when that information is ascertained.

8. Plaintiff is informed and believes and on that basis alleges that at all relevant times, each Defendant, whether named or fictitious, was the agent or employee of each of the other Defendants, and in doing the things alleged to have been done in the complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

9. During the period of her employment, Plaintiff was a vocal critic of inadequate conditions for appropriate healthcare for SFGH patients and her fellow employees including but not limited to faulty gurneys, unsanitary conditions and infestation of the patient property room.

- 2 -

FIRST AMENDED COMPLAINT FOR DAMAGES

10. Defendant MOORE repeatedly penalized and retaliated against Plaintiff for her advocacy.

11. Plaintiff began working for SFGH in 1981. In 1986, Plaintiff became a full-time employee. On or about 1993, Plaintiff became a Healthcare Worker II. Plaintiff worked in that position until 2002.

12. Defendant Moore routinely engaged in practices that violated Plaintiffs right of privacy by providing other employees, namely Defendant Durio, copies of confidential information that was not to be disclosed to other employees. The disclosure consisted copies of Plaintiff's performance evaluations.

13. On or about November 1, 2001, Plaintiff fell into a pothole on the grounds of San Francisco General Hospital while working and severely injured her back.

14. On or about November 29, 2001, Plaintiff was served with a Notice of Intent to Dismiss from Permanent Position.

15. On or about December 27, 2001, Plaintiff advised SFGH that she was suffering from temporary total disability. On the same date, Plaintiff met with her supervisor, Defendant Moore, to discuss the incidents that were the subject of the Notice of Intent to Dismiss from Permanent Position. At that meeting, Plaintiff specifically and in detailed refuted the charges and informed Defendant Moore of one or more witnesses that could or would exonerate her. Plaintiff also informed Defendant Moore that Defendant Durio was making up charges. Defendant Moore promised to investigate further. Plaintiff is informed and believes and thereon alleges that he did not do so.

16. Plaintiff made a claim for worker's compensation benefits for her injuries. On or about August 18, 2002, Plaintiff settled her worker's compensation claim. In September of 2002, Plaintiff advised SFGH that she was able to return to work and communicated her readiness,

- 3 -

willingness and ability to do so to Defendant Moore. Defendant Moore advised Plaintiff that he was uncertain as to whether he could provide accommodations to Plaintiff given her medical disability.

17. During the time period that Plaintiff waited to hear back from Defendant Moore as to whether she would be provided with a reasonable accommodation so that she could return to work, on November 18, 2002, SFGH served Plaintiff with an amended Notice of Intent to Dismiss from Permanent Position and proceeded with administrative hearings to terminate Plaintiff from her position based on allegations made by Defendant Durio and Moore. Defendants retaliated against Plaintiff for her speech as a patient's advocate.

18. Plaintiff is informed and believes and thereon alleges SFGH, Defendant Durio and Moore knew or should have known that the allegations made against Plaintiff were false and brought maliciously in order to permanently remove Plaintiff from her employment while she was disabled without cause in order to further their own agendas and retaliate against Plaintiff for her engagement in protected speech. Defendant CCSF ratified the conduct of Defendants Durio and Moore by permitting the harassment and the false allegations against Plaintiff to continue and by permitting the harassment and false allegations against Plaintiff to continue and by permitting Defendant Moore to remain in a position where he could and did affect Plaintiff's rights to employment and to exercise her right to protected speech.

19. In late November or early December of 2002, Defendant CCSF notified Plaintiff that it intended to proceed against Plaintiff to dismiss her from her position based on the same charges made more than a year before.

20. On or about December 18, 2002, Defendant CCSF proceeded with a Skelly hearing the purpose of which was to dismiss Plaintiff from her position for "inattention to duty." During the course of the Skelly hearing, Plaintiff was completely from all charges based on her own

- 4 -

testimony and the testimony of individual witnesses. Defendant CCSF was ordered to reinstate

her with reasonable accommodations, namely to not put her back to work with Defendant Durio.

21. In January of 2003, Plaintiff began to make requests that Defendant CCSF provide her

with reasonable accommodations so that she could return to work.

22. On January 24, 2003, Defendant CCSF's disability coordinator for SFGH wrote Plaintiff

stating that "the department has determined that your request does not specify a medical

condition for which reasonable accommodation is suitable." The statement was false and on

information and belief Plaintiff alleges that the statement was made for the purpose of delaying

Plaintiff's return to work.

23. On March 20, 2003, Plaintiff received a letter from Janis Ito, Defendant CCSF's

personnel officer for SFGH, that she was expected to return to work on March 28, 2003. There

was no mention of any reasonable accommodation, how the situation with Defendant Durio was

being dealt with, or what her schedule would be.

24. On March 28, 2003, within one hour of what was to be her return to work, Defendant

CCSF telephoned Plaintiff and told her not to appear at work as scheduled. Defendant CCSF

then informed Plaintiff that they would notify her that they would get back to her.

25. On March 29, 2003, Defendant Moore called Plaintiff and stated that the position was no

longer available. Defendant Moore then informed Plaintiff that as soon as a position would

become available he would contact her. Defendant Moore never contacted her again.

26. Plaintiff continuously attempted to contact Defendant Moore by telephone to inquire

about her position. Defendant Moore never returned her phone calls. Plaintiff hired Counsel to

assist her in being reinstated. This too was not effective.

FIRST AMENDED COMPLAINT FOR DAMAGES

27. Defendant CCSF worker's compensation carrier required that she attend training during this time period to prepare her as a medical assistant. Plaintiff attended and fully completed all additional training.

28. Defendant CCSF has continuously failed and refused and continues to fail and refuses to provide Plaintiff an accommodation so that she can return to work. Instead Plaintiff has been offered a series of temporary assignments that would result in the loss of benefits, to which she would be entitled to. Additionally, Defendant CCSF sent Plaintiff out for interviews for two separate programs, which Plaintiff discovered there was no funding.

29. Plaintiff is informed and believes and thereon alleges that Defendant CCSF has continued to frustrate the purposes of the agreement between the parties by not offering employment with accommodations to Plaintiff, by offering promises that Plaintiff will return to work with the proper accommodations. As recently as February of 2007, Plaintiff received a letter from CCSF informing her she was still an employee, however, CCSF will not provide Plaintiff with a job schedule or a place to work. This action on the part of CCSF of promising work and then mot following through has been ongoing from as early as January 2002 until the present time.

30. Plaintiff is informed and believes and thereon alleges that Defendant CCSF and Defendant Moore acted in such a way as to directly retaliate against Plaintiff for her right to protected speech.

31. All of Defendants actions have left Plaintiff without employment.

## FIRST CAUSE OF ACTION
### CONSTRUCTIVE DISCHARGE IN BREACH OF PUBLIC POLICY
### (AGAINST ALL DEFENDANTS)

32. Plaintiff realleges and incorporates herein paragraphs 1 through 31 as though fully set forth herein.

FIRST AMENDED COMPLAINT FOR DAMAGES

33. Defendant CCSF through its employees and agents, Defendants Moore and Durio had actual knowledge of the intolerable conditions caused by the acts of harassment alleged above, and failed to take any steps to and those conditions for the purpose of placing Plaintiff in a position.

34. Furthermore, Defendant CCSF, through its employees and agents Defendants Moore and Durio knew or should have known that Plaintiff was constructively terminated as a result of its actions.

35. In doing the acts described herein by Plaintiff, Defendant CCSF, through its employees and agents Defendants Moore and Durio, deprived plaintiff of prospective career and employment opportunities, as well as other benefits, by failing to perform its duties to administer and apply all State and local laws, procedures and regulations.

36. Defendant CCSF had actual knowledge of the intolerable working conditions faced by Plaintiff as a result of the breach of contract and illegal conduct by Defendants Moore and Durio, but deliberately failed to remediate said breach of contract and unethical and illegal conduct and also failed to allow Plaintiff to work in conditions that were tolerable to the reasonable person.

37. As a direct and proximate result of the conduct of Defendant CCSF, through its employees and agents Defendants Moore and Durio, Plaintiff has suffered harm including lost earnings and other employment benefits, humiliation, embarrassment and mental anguish--all to his damage in an amount to be established at trial.

38. As a result of the constructive termination by defendants and each of them, plaintiffs have lost substantial employment benefits with defendants and each of them, including lost wages, bonuses, and other losses, the precise amount of which will be proven at the time of trial.

39. As a further direct and proximate result of defendants' unlawful conduct, plaintiff has suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension,

FIRST AMENDED COMPLAINT FOR DAMAGES

anxiety, and depression, the extent of which is not fully known at this time. Plaintiff also sought

medical intervention and obtained counseling as a result of the anguish and emotional distress

they suffered. The amount of damages caused thereby is not yet fully ascertained, but is in an

amount within the jurisdiction of this Court, the precise amount to be proven at time of trial.

Plaintiff claims that amount together with prejudgment interest pursuant to Civil Code section

3287 or any other provision of law providing for prejudgment interest.

40. The conduct of defendants as described in this complaint was oppressive, fraudulent, and

malicious, thereby entitling plaintiffs to an award of punitive damages in an amount appropriate

to punish and make an example of defendants.

41. WHEREFORE, plaintiffs pray for entry of judgment as hereinafter set forth.

## SECOND CAUSE OF ACTION
## PROMISSORY ESTOPPEL
## (AGAINST DEFENDANT CCSF AND MOORE)

42. Plaintiff incorporates paragraphs 1 through 39 of the complaint as though set forth in full.

43. At the various times stated, Defendant represented to Plaintiff that they agreed to provide

Plaintiff with a position with accommodations within CCSF.

44. In so doing, Defendants knew or should have known that Plaintiff would be reasonably

induced to rely on their promise and not seek other employment.

45. Defendants have not performed any part of their representation.

46. As a result of the failure of Defendants and each of them to perform according to the

representation that they made to Plaintiff, Plaintiff has lost the reasonable value of her

employment, to her damage in a sum to be shown in accordance with proof at time of trial

herein.

47. WHEREFORE, Plaintiff prays for entry of judgment as hereinafter set forth.

///

FIRST AMENDED COMPLAINT FOR DAMAGES

### THIRD CAUSE OF ACTION
### FRAUD
### (AGAINST DEFENDANT CCSF AND MOORE)

48. Plaintiffs incorporate paragraphs 1 through 44 of the Complaint as though stated in full herein.

49. Defendant CCSF, through its employee and agent Defendants Moore promised to Plaintiff that he would reinstate her position with reasonable accommodations.

50. Defendant CCSF represented to Plaintiff that she was an employee of CCSF.

51. Each of the representations by defendant CCSF and Moore alleged in the foregoing paragraph were false in that defendant Defendants had no intention of giving plaintiff any employment within CCSF. Defendants knew these representations were false when he made them.

52. Defendants made the foregoing false statements intentionally and with the intent to deceive plaintiff and induce her reliance thereon. In reliance upon the representations of Defendants, Plaintiff has lost the reasonable value of her employment.

53. Plaintiff did not know the foregoing representations were false and she justifiably relied upon them to their detriment. If plaintiffs had known that the representations were false, they would have not waited for employment from CCSF.

54. As a result of the misrepresentations and concealments of defendants and each of them, as alleged above, plaintiffs have been damaged in an amount to be proved at trial.

55. In doing the acts and omissions that breached their duty as more fully alleged above, defendants and each of them acted with fraud, oppression, and malice and thus entitling plaintiffs to an award of punitive damages.

56. WHEREFORE, plaintiff prays for entry of judgment as hereinafter set forth.

///

FIRST AMENDED COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### (Against All Defendants)

57. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56, and incorporate them herein by reference.

58. As set forth above, Defendants engaged in a pattern of deceptive and deceitful conduct to take deprive Plaintiff of employment.

59. Defendants' actions were intended to, and had a high probability of causing severe emotional distress.

60. Defendants' conduct had a severe and traumatic effect on Plaintiffs' emotional tranquility and physical state with Plaintiff.

61. As a proximate result of the acts of Defendants, Plaintiff suffered severe depression, and health trauma placing Plaintiff in a position of weakness, despair, and utter helplessness. Plaintiff cannot sleep knowing that Defendants have not honored certain promises to put her back into gainful employment with CCSF..

62. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered general damages.

63. Defendants' conduct was done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive damages in an amount to be determined by proof at trial.

## FIFTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress
### (Against All Defendants)

64. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 63 of this Complaint as though fully set forth at length herein.

65. Defendants CCSF had a duty to exercise due care towards Plaintiff in the giving her gainful employment.

- 10 -

1    66. Defendants knew or should have known that their failure to honor their promise to grant

2    Plaintiff gainful employment would cause Plaintiff severe emotional distress. As a result of

3    Defendant CCSF breach of these duties, Plaintiff has in fact suffered severe emotional distress

4    and mental suffering, all to their damage in a sum to be proven at the time of trial.

5                              **SIXTH CAUSE OF ACTION**
                **Violation of Civil Rights Based On First Amendment Speech**
6                                    **[42 USC §1983]**
                 **(Against Defendants CCSF, MOORE and DOES 1-10)**
7

8    67. Plaintiff refers to the allegations contained in Paragraphs 1 through 66, and incorporates

9    each by reference as though fully set forth at length herein.

10

11   68. 95. Plaintiff engaged in speech and conduct protected under the First Amendment of the

12   U.S. Constitution, when Plaintiff was a vocal critic of inadequate conditions for appropriate

13   healthcare for SFGH patients and her fellow employees including but not limited to faulty

14   gurneys, unsanitary conditions and infestation of the patient property room.

15   69. By virtue of the conduct set forth herein, defendant CCSF and MOORE, individually and

16   in his managerial capacity on behalf of defendant CCSF, retaliated against the Plaintiff based on

17   Plaintiff's exercise of protected speech. Plaintiff was subjected to acts of retaliation as described

18   throughout the complaint herein, specifically including but not limited to: (a) sharing protected

19   information with other employees, (b) reprimanding the Plaintiff based on false allegations, (C)

20   failing to reinstate Plaintiff to her position as ordered in the Skelly hearing and thereby depriving

21   Plaintiff of substantive due process rights secured by the Fourteenth Amendment of the United

22   States Constitution in violation of 42 U.S.C. Sec. 1983; and (d) tolerating harassment of the

23   Plaintiff by supervisors and/or other employees, and performing other conduct reasonably likely

24   to deter First Amendment activity.

25

26   ///

27   ///

28

- 11 -
FIRST AMENDED COMPLAINT FOR DAMAGES

70. In addition, and as specifically set forth throughout this complaint, Defendants CCSF, MOORE and each of them, have engaged in a pattern and practice of retaliation against Plaintiff and similarly situated employees.

71. As a direct and proximate result of the violation of the Plaintiff's civil rights by defendants, Plaintiff sustained economic damage for past and prospective loss of earnings and benefits in a sum according to proof at trial.

72. 101. As a further direct and proximate result of the violation of Plaintiff's civil rights, Plaintiff sustained general damages for severe mental and emotional distress and injury to Plaintiff's reputation, in a sum according to proof at trial.

73. Defendants, Moore and DOES 1 to 10 acted with malice, oppression and fraud, with the wrongful intention of hurting Plaintiff, for an improper and evil motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is therefore entitled to recover punitive damages in an amount according to proof at trial.

74. As a result of defendants' retaliatory and discriminatory conduct, Plaintiff has been compelled to retain legal counsel, and is entitled to reasonable attorneys' fees and costs of suit, pursuant to 42 USC § 1983, and 42 USC §1988.

///

///

///

///

///

///

///

///

FIRST AMENDED COMPLAINT FOR DAMAGES

1  WHEREFORE, Plaintiffs pray judgment as follows:

2  1. For compensatory damages according to the proof;

3  2. For punitive damages in an amount appropriate to punish defendants and deter others from

4  engaging in similar misconduct;

5  3. For costs of suit incurred herein; and

6  4. For such other and further relief as the court deems proper.

7

8

9  Dated: July 3, 2007                          Respectfully submitted,

10

11

12                                              ASHWIN LADVA
                                                Attorney for Plaintiff,

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT FOR DAMAGES

Case No.

## PROOF OF SERVICE BY MAIL

I, the undersigned, declare:

I am over the age of 18 years and am not a party to this action. I am employed in the City and County of San Francisco. My business address is 530 Jackson Street, 2nd Floor, San Francisco, California, 94133. On the date set forth below, I served the foregoing documents described as follows:

- **FIRST AMENDED COMPLAINT**

On the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Dennis Herrera, City Attorney
Rose-Ellen Fairgrieve
1390 Market Street, 6th Floor
San Francisco, CA 94102
Fax: (415) 437-4644

[ ]         **BY FIRST CLASS MAIL:** I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to-wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing this date, following ordinary business practices.

[ ]         **BY PERSONAL SERVICE:**         Following ordinary business practices, I cause the aforementioned document to be served, by hand delivery this date to the offices of the addressee(s).

[ ]         **BY OVERNIGHT MAIL:** I caused such envelope to be delivered by a commercial carrier service for overnight delivery to the office(s) of the addressee(s).

[x]         **BY FACSIMILE:**    I caused said document to be transmitted by Facsimile machine to the number indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date in San Francisco, California.

Dated: 7/3/04

Daniel Martinez de la Vega