1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 5th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3845
6  Facsimile:    (415) 554-4248
   E-Mail:       rose-ellen.fairgrieve@sfgov.org
7
   Attorneys for Defendants
8  CITY AND COUNTY OF SAN FRANCISCO,
   LADRON DURIO, AND JAMES MOORE
9
                                                    PJH
10            UNITED STATES DISTRICT COURT

11          NORTHERN DISTRICT OF CALIFORNIA

12 GLADYS DEWITT,                 Case No.  C 07 3791

13            Plaintiff,          NOTICE OF REMOVAL OF
                                  ACTION PURSUANT TO 28 U.S.C.
14      vs.                       SECTIONS 1441 and 1446;
                                  STATEMENT OF JURISDICTION
15 CITY AND COUNTY OF SAN
   FRANCISCO, a public entity, LADRON    (Federal Question Jurisdiction)
16 DURIO, an individual, JAMES MOORE,
   an individual, and DOES 1 – 25,
17
            Defendants.
18

19

20      **TO THE CLERK OF THE DISTRICT COURT FOR THE NORTHERN DISTRICT**

21 **OF CALIFORNIA AND TO PLAINTIFF GLADYS DEWITT, AND HER ATTORNEY OF**

22 **RECORD**:

23      NOTICE IS HEREBY GIVEN that the City and County of San Francisco and Ladron Durio,

24 Defendants in the above-captioned action, San Francisco Superior Court Case No. 459-735, hereby

25 file in the United States District Court for the Northern District of California, a Notice of Removal

26 of said action to said United States District Court, pursuant to 28 U.S.C. §1441, and are filing in

27 said Superior Court a Notice of Removal.

28
                                    1

## STATE COURT ACTION

On or about January 19, 2007, Plaintiff Gladys DeWitt commenced a civil action in the Superior Court of California, in and for the City and County of San Francisco, Case No. CGC-07-459735. A copy of the summons and complaint filed in San Francisco Superior Court was served upon and received by Defendant City and County of San Francisco on or about January 29, 2007, and is attached hereto as **Exhibit A**. Plaintiff served Defendant Ladron Durio with the complaint on February 11, 2007. Plaintiff did not serve Defendant James Moore.

The complaint alleged claims for 1) breach of contract; 2) breach of implied covenant of good faith and fair dealing; 3) fraud; 4) intentional infliction of emotional distress, and 5) negligent infliction of emotional distress. Defendants CCSF and Durio filed a demurrer to the entire complaint on February 28, 2007. A true and correct copy of Defendants' notice of demurrer, demurrer, and memorandum of points and authorities in support of demurrer, are attached hereto as **Exhibit B**. A true and correct copy of Plaintiff's opposition to the demurrer is attached as **Exhibit C**. Defendants' reply in support of demurrer, request for judicial notice, and proof of service, are attached hereto as **Exhibit D**. On April 25, 2007, the Superior Court issued an order sustaining the demurrer, with leave to amend as to three of the five causes of action. A true and correct copy of the court's order is attached hereto as **Exhibit E**.

On May 16, 2007, Plaintiff filed a case management statement, a true and correct copy of which is attached as **Exhibit F**.

Plaintiff did not timely file an amended complaint. On May 24, 2007, Defendants CCSF and Durio filed an ex parte motion to dismiss the complaint and for entry of judgment. True and correct copies of Defendants' motion and declaration in support are attached as **Exhibit G**. On May 25, 2007, the Superior Court issued an order and a judgment against Plaintiff in favor of CCSF and Durio. A true and correct copy of the notice of judgment and order is attached as **Exhibit H**.

On May 29, 2007, Plaintiff filed a motion to set aside the judgment. True and correct copies of the notice of motion, motion, memorandum of points and authorities in support of the motion, and declaration in support of the motion, are attached hereto as **Exhibit I**.

NOTICE OF REMOVAL TO FEDERAL COURT/STAT OF JURISDICTION          n:\labor\li2007\071000\00422436.doc

On June 13, 2007, the Superior Court issued an order continuing the case management conference to August 3, 2007, a true and correct copy of which is attached as **Exhibit J**.

On June 18, 2007, Defendants filed an opposition to Plaintiff's motion to set aside the judgment and request for fees and costs. True and correct copies of the opposition and declaration in support are attached as **Exhibit K**. A true and correct copy of Plaintiff's reply in support of her motion is attached as **Exhibit L**. On June 29, 2007, the Superior Court granted Plaintiff's motion to set aside the dismissal, ordered Plaintiff to file her First Amended Complaint by July 3, 2007 and to pay the Defendants' costs in the amount of $835, and ordered Defendants to respond to the First Amended Complaint no later than July 25, 2007. A true and correct copy of the court's order is attached as **Exhibit M**.

On July 3, 2007, Plaintiff filed her First Amended Complaint. Plaintiff alleges claims for 1) constructive discharge in violation of public policy; 2) promissory estoppel; 3) fraud; 4) intentional infliction of emotional distress; 5) negligent infliction of emotional distress; and 6) violation of first amendment civil rights brought under 42 U.S.C. § 1983. A true and correct copy of the First Amended Complaint is attached hereto as **Exhibit N**.

The above represents the only pleadings, processes, and orders on file with the Superior Court to the knowledge of the undersigned, as required by 28 U.S.C. § 1446(a). The above also represents a true and accurate description of the status of the Superior Court action.

### JURISDICTION

Where a defendant is sued in a state court for alleged federal civil rights violations, the defendant has the option of defending in the state court or removing the proceeding to federal court pursuant to 28 U.S.C. §1441(b). Section 1441(b) provides in relevant part:

> [a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Section 1441(a) states that the proper venue upon removal is to the district court "for the district and division embracing the place where such state action is pending." 28 U.S.C. §1441(a). Section 1446(b) provides that the notice of removal "may be filed within thirty days after receipt by

3

1  defendant. . . of a copy of an amended pleading, motion . . . or other paper from which it may first

2  be ascertained that the case is one which is or has become removable. . ." 28 U.S.C. § 1446(b).

3      The above-described First Amended Complaint presents a civil action of which this court

4  has original jurisdiction under 28 U.S.C. §1331, in that Plaintiff alleges a cause of action for

5  violation of civil rights in violation of the laws of the United States, over which this Court has

6  original jurisdiction. The sixth cause of action alleges a deprivation of Plaintiff's substantive due

7  process rights secured by the Fourteenth Amendment of the United States Constitution in violation

8  42 U.S.C. § 1983, a federal statute. Defendants file this Notice within 30 days after Plaintiff's

9  filing, and Defendants' receipt, of service of the First Amended Complaint, which is the first

10  pleading from which it can be ascertained that this action is removable, pursuant to 28 U.S.C. §§

11  1441(a) and 1446(b). To the extent that Plaintiff's first amended complaint alleges a claim or cause

12  of action other than violations of rights under the laws of the United States, said cause(s) of action

13  may be removed and adjudicated by this Court pursuant to 28 U.S.C. §1441(c). Section 1441(c)

14  provides that:

15     Whenever a separate and independent claim or cause of action within the
jurisdiction conferred by section 1331 of this title is joined with one or

16     more otherwise non-removable claims or causes of action, the entire case
may be removed and the district court may determine all issues therein, or,

17     in its discretion, may remand all matters in which State law predominates.

18      WHEREFORE, Defendants pray that the above action now pending in the Superior Court of

19  the State of California in and for the City and County of San Francisco be removed in its entirety to

20  this Court for all further proceedings, pursuant to 28 U.S.C. § 1441, *et seq.*

21  Dated: July 24, 2007         Respectfully submitted,

22                  DENNIS J. HERRERA
                City Attorney

23                  ELIZABETH S. SALVESON
                Chief Labor Attorney

24                  ROSE-ELLEN H. FAIRGRIEVE
                Deputy City Attorney

25

26  By: _____

27                  ROSE-ELLEN H. FAIRGRIEVE
                Attorneys for Defendant

28

NOTICE OF REMOVAL TO FEDERAL COURT/STAT OF JURISDICTION     n:\labor\li2007\071000\00422436.doc

**PROOF OF SERVICE**

I, LISA HARRIS, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On July 24, 2007, I served the following document(s):

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. SECTIONS 1441 and 1446; STATEMENT OF JURISDICTION**

on the following persons at the locations specified:

Ashwin Ladva, Esq.
Ladva, Shoker & Associates
530 Jackson St., 2nd Floor
San Francisco, CA 94133-5143

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-4248 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report ☐ is attached or ☒ will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed July 24, 2007, at San Francisco, California.

_____
LISA HARRIS

NOTICE OF REMOVAL TO FEDERAL COURT/STAT OF JURISDICTION          n:\labor\li2007\071000\00422436.doc

# EXHIBIT A

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

NOTICE TO DEFENDANT:
(AVISO AL DEMANDADO) :

an Francisco City and County, a public entity,
an Francisco General Hospital, a public entity,
adron Durio, an individual, James Moore, an
individual, and DOES 1 - 25.

YOU ARE BEING SUED BY PLAINTIFF:
(LO ESTA DEMANDANDO EL DEMANDANTE) :

ladys DeWitt

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

RECEIVED
MAYOR'S OFFICE

07 JAN 29 PM 12: 10

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

he name and address of the court is:
(El nombre y dirección de la corte es):

CASE NUMBER:
(Número del Caso):

CGC-07-459755

an Francisco Superior Court
00 McAllister Street
an Francisco, CA 94102

he name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

adva, Shoker & Associates
30 Jackson St., Second Floor
an Francisco, CA

ATE: 01/18/2007    JAN 19 2007    Gordon Park-Li    Clerk, by    Deborah Steppe    , Deputy
(Fecha)    (Secretario)    (Adjunto)

or proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify) :
3. ☒ on behalf of (specify) : San Francisco General Hospital, a public entity
   under:
   ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☒ other (specify) : CCP 416.50 (public entity)
4. ☐ by personal delivery on (date) :

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)
In Dean's Essential Forms ™

SUMMONS

Code of Civil Procedure §§ 412.20, 465

116A26272.tiff - 1/25/2007 1:41:54 PM

008/21/2013 00:29 FAX    ⊠ 003/030

**SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

OTICE TO DEFENDANT:
VISO AL DEMANDADO) :

an Francisco City and County, a public entity,
an Francisco General Hospital, a public entity,
adron Durio, an individual, James Moore, an
ndividual, and DOES 1 - 25.

OU ARE BEING SUED BY PLAINTIFF:
O ESTA DEMANDANDO EL DEMANDANTE) :

ladys DeWitt

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

RECEIVED
MAYOR'S OFFICE

07 JAN 29 PM 12:10

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| he name and address of the court is:<br>l nombre y dirección de la corte es):<br><br>an Francisco Superior Court<br>00 McAllister Street<br>an Francisco, CA 94102 | CASE NUMBER:<br>(Número del Caso):<br><br>CGC-07-459735 |

he name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
l nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):

adva, Shoker & Associates
30 Jackson St., Second Floor
an Francisco, CA

ATE 01/18/2007          JAN 19 2007    Gordon Park-Li    Clerk, by    Deborah Steppe    , Deputy
echa)                                               (Secretario)                                      (Adjunto)

or proof of service of this summons, use Proof of Service of Summons (form POS-010).)
ara prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

EAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify) :*

3. ☒ on behalf of *(specify):* San Francisco City and County, a public entity

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
☒ other *(specify):* CCP 416.50 (Public entity)

4. ☐ by personal delivery on *(date) :*

Page 1 of 1

n Adopted for Mandatory Use
dicial Council of California
A-100 [Rev. January 1, 2004]
th Dean's Essential Forms ™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

116A26272.tif - 1/25/2007 1:41:54 PM

1  Ashwin Ladva, Esq. (SB #206140)
   LADVA, SHOKER & ASSOCIATES
2  530 Jackson Street, Second Floor
   San Francisco, CA 94612
3  Tel. (415) 296-8844
4  Fax: (415) 296-8847

5  Attorney for Plaintiff,
   Gladys DeWitt.

6

ENDORSED
FILED
San Francisco County Superior Court

JAN 1 9 2007

GORDON PARK-LI, Clerk
BY: DEBORAH STEPPE
Deputy Clerk

CASE MANAGEMENT CONFERENCE SET

JUN 2 2 2007  -9:00 AM

DEPARTMENT 212

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                      COUNTY OF SAN FRANCISCO

9                        (UNLIMITED CIVIL CASE)

10                                    )  CASE NO: CGC-07-459735
11  Gladys DeWitt,                    )
                                      )  COMPLAINT FOR DAMAGES FOR:
12         Plaintiffs,                )
                                      )  1.   BREACH OF CONTRACT
13  vs.                               )  2.   BREACH OF THE IMPLIED
                                      )       COVENANT OF GOOD FAITH
14  San Francisco City and County, a public )    AND FAIR DEALING
    entity, San Francisco General Hospital, a )  3.  FRAUD
15  public entity, Ladron Durio, an individual, ) 4.  INTENTIONAL INFLICTION OF
    James Moore, an individual, and DOES 1 – 25.)    EMOTIONAL DISTRESS
16                                    )  5.   NEGLIGENT INFLICTION OF
           Defendants.               )       EMOTIONAL DISTRESS
17                                    )
18                                    )

19

20     1.  Plaintiff GLADYS DEWITT alleges as follows:

21              I.   GENERAL ALLEGATIONS

22     2.  Plaintiff GLADYS DEWITT has been and at all times relevant herein was a resident of

23  San Francisco, County of San Francisco, California.

24     3.  Defendant San Francisco City and County (hereinafter referred to as SFCC) is and at all

25  times herein mentioned was a government entity of the City of San Francisco, County of San

26  Francisco, State of California.

27     4.  Plaintiff has complied with all applicable claims statutes.

28

                                   - 1 -
                          COMPLAINT FOR DAMAGES

1    5. Defendant San Francisco General Hospital (hereinafter referred to as SFGH), is and at all

2    times herein mentioned was a government entity organized and existing under the laws of the

3    State of California with principle offices located in the City of San Francisco.

4    6. At all times relevant herein, Defendant JAMES MOORE was Plaintiff's supervisor at

5    SFGH and is sued herein pursuant to his activities as Plaintiff's supervisor. Defendant MOORE

6    is and at all times herein mentioned was a resident of the State of California.

7    7. At all times relevant herein, Defendant LADRON DURIO was a co-employee of Plaintiff

8    at SFGH. Defendant DURIO is and all times herein mentioned was a resident of the State of

9    California.

10    8. Plaintiff does not know the true names or capacities of the Defendants sued herein as

11    Does 1 through 25, inclusive, and will amend this complaint, setting forth the true names and

12    capacities of these fictitious Defendants when they are ascertained. Plaintiffs are informed and

13    believe and on that basis allege that at all relevant times each of the fictitious Defendants have

14    participated in the acts alleged in this complaint to have been done by the named Defendants.

15    9. Plaintiff is informed and believes and on that basis alleges that at all relevant times, each

16    Defendant, whether named or fictitious, was the agent or employee of each of the other

17    Defendant, and in doing the things alleged to have been done in the complaint, acted within the

18    scope of such agency or employment, or ratified the acts of the other.

19    10. During the period of her employment, Plaintiff was a vocal critic of inadequate

20    conditions for appropriate healthcare for SFGH patients and her fellow employees, including, but

21    not limited to: faulty gurneys, unsanitary conditions and infestation of the patient property room.

22    11. Defendant JAMES MOORE repeatedly penalized Plaintiff for her advocacy.

23    12. Plaintiff began working for SFGH in 1981. In 1986, Plaintiff became a full-time

24    employee. On or about 1993, Plaintiff became a Healthcare Worker II. Plaintiff worked in that

25    position until 2002.

26    13. Plaintiff's supervisor, JAMES MOORE, routinely engaged in practices that violated

27    Plaintiff's right of privacy by providing other employees, namely LADRON DURIO, copies of

28

- 2 -

COMPLAINT FOR DAMAGES

1    confidential information that was not to be disclosed to other employees, including copies of

2    Plaintiff's performance evaluations.

3        14. On or about March 27, 2001, Plaintiff became disabled as a result of a physical injury

4    suffered during the course of her work. On or about May 3, 2001, Plaintiff's disability ended.

5        15. On or about November 1, 2001, Plaintiff fell into a pothole on the grounds of SFGH

6    while working and severely injured her back.

7        16. On or about November 29, 2001, Plaintiff was served with a Notice of Intent to Dismiss

8    from Permanent Position.

9        17. On or about December 27, 2001, Plaintiff advised defendant SFGH that she was suffering

10   from temporary total disability. On the same date, Plaintiff met with her supervisor, Defendant

11   Moore, to discuss the incidents that were the subject of the Notice of Intent to Dismiss from

12   Permanent Position. At that meeting, Plaintiff specifically and in detail refuted the charges and

13   informed Defendant Moore of one or more witnesses that could and would exonerate her.

14   Plaintiff also informed Defendant Moore that Defendant Durio was making up charges against

15   her in order to have her terminated. Defendant Moore promised to investigate further. Plaintiff

16   is informed and believes and thereon alleges that he did not do so.

17       18. Plaintiff made a claim for worker's compensation benefits for her injuries.

18       19. On or about August 18, 2002, Plaintiff settled her worker's compensation claim.

19       20. In September 2002, Plaintiff advised defendant SFGH that she was able to return to work

20   and communicated her readiness and ability to supervisor Defendant Moore. Defendant Moore

21   advised Plaintiff that he was uncertain as to whether he could provide accommodation to

22   Plaintiff given her medical disability.

23       ·21. During the period that Plaintiff waited to hear back from Defendant Moore as to whether

24   she would be provided with a reasonable accommodation so that she could return to work, on

25   November 18, 2002, defendant SFGH served Plaintiff with an amended Notice of Intent to

26   Dismiss from Permanent Position and proceeded with administrative hearings to terminate

27   Plaintiff from her position based on allegations made by Defendants DORAN and MOORE.

28

COMPLAINT FOR DAMAGES

22. Plaintiff is informed and believes and thereon alleges SFGH, Doran and Moore knew or had reason to know that the allegations made against Plaintiff were false and brought maliciously in order to permanently remove Plaintiff from her employment while she was disabled without cause in order to further their own agendas. Defendant SFGH ratified the conduct of Doran and Moore by permitting the harassment and the false allegations against Plaintiff to continue and by permitting the harassment and the false allegations against Plaintiff to continue and by permitting defendant Moore to remain in a position where he could and did affect Plaintiff's rights to employment.

23. On or about December 10, 2002, Plaintiff obtained a medical report from her physician, Artur Swartz, MD. The report stated that her medical condition resolved and that she was able to return to all her major life activities, including work, without restriction.

24. In late November or early December 2002, defendant SFGH notified Plaintiff that it intended to proceed against Plaintiff to dismiss her from her position based on the same charges made more than a year before. Plaintiff requested that she be represented by an agent or attorney from defendant SEIU. Defendant SEIU promised to provide such representation but failed to do so.

25. Defendant SEIU dispatched a representative who was unprepared to fully represent her interests at the hearing and failed to do any background investigation or obtain the testimony of witnesses who could and would exonerate Plaintiff from all charges. Plaintiff is informed and believes and thereon alleges that Defendant SEIU engaged in a pattern and practice of failing to adequately represent the interests of senior staff members working at defendant SFGH when their employment is challenged and in effect, have contributed by its separate and independent negligence and breach of its obligations to adequately represent its members, including Plaintiff herein. As a direct and proximate result of the failure of defendant SEIU to provide adequate representation, Plaintiff was forced to hire her own independent counsel at her own expense.

26. On or about December 18, 2002, defendants SFGH and Moore proceeded with a Skelly hearing the purpose of which was to dismiss Plaintiff from her position for "inattention to duty." During the course of that hearing, Plaintiff was completely exonerated from all charges based on

- 4 -

1  her own testimony and the testimony of individual witnesses obtained by Plaintiff's retained

2  counsel. Defendant SFGH was ordered to reinstate Plaintiff.

3      27. The SEIU representative added nothing to Plaintiff's defense. Plaintiff is informed and

4  believes and thereon alleges that in the absence of her efforts in retaining her own counsel for her

5  defense, she would have lost the Skelly hearing due to the complete lack of preparation on the

6  part of Defendant SEIU's representative.

7      28. From the date of the Skelly hearing to the present, defendant SEIU has done nothing on

8  behalf of Plaintiff to assist her in securing her employment, despite repeated requests from

9  Plaintiff to do so.

10      29. Plaintiff is informed and believes that as a direct result of the findings of the Skelly

11  hearing in Plaintiff's case, Defendant Moore retaliated against one of the witnesses, Robert

12  Runkle, who testified favorably for plaintiff, by firing him and refusing to hire him on other

13  acceptable employment.

14      30. In January 2003, Plaintiff began to make requests that Defendant SFGH provide her with

15  reasonable accommodations so that she could return to work.

16      31. On January 24, 2003, SFGH's disability coordinator wrote plaintiff stating that the

17  "department has determined that your request does not specify a medical condition for which

18  reasonable accommodation is suitable." The statement was false and on information and belief,

19  plaintiff alleges that the statement was made for the purpose of delaying Plaintiff's return to

20  work.

21      32. On March 4, 2003, Plaintiff's physician, Artur Swartz, M.D., provided a report that

22  Plaintiff could return to work with some reasonable accommodations given her problems with

23  her lower back.

24      33. On March 20, 2003, Plaintiff received a letter from Janis Ito, Defendant SFGH's

25  departmental personnel officer, that she was expected to return to work on March 28, 2003.

26  There was no mention of any reasonable accommodation or what her schedule would be.

27      34. On March 24, 2003, Plaintiff met with Casey Chatillon, the ADA coordinator for

28  Defendant SFGH to discuss the status of her employment. At that time, Mr. Chatillon advised

- 5 -

1  that it was Defendant SFGH's position that Plaintiff was still disabled and unable to return to

2  work.

3      35. On March 28, 2003, within one hour of Plaintiff's time to arrive at work, Ms. Ito

4  telephoned Plaintiff and told her not to appear at work, withdrawing her invitation for Plaintiff to

5  return to work as scheduled. Ms. Ito then informed Plaintiff that she would get back to her.

6      36. On March 29, 2003, Plaintiff's supervisor Defendant James Moore called her and stated

7  that Ms. Ito made a mistake and the position was no longer available and he could not

8  accommodate her. Defendant James Moore then promised to get back to Plaintiff at a later date.

9  Defendant Moore never contacted Plaintiff again.

10     37. During the entire period from 2001 to the present day, Plaintiff has not received a W-2

11  form or record of her accrued vacation time or retirement contributions from her former

12  supervisor or from Defendant SFGH's accounting department. Plaintiff is informed, believes

13  and thereon alleges that Defendant James Moore regularly received the statements of vacation

14  time and retirement for Plaintiff and has failed and refused to provide those statements to

15  Plaintiff.

16     38. Defendant SFGH's worker's compensation insurer, Cambridge Insurance, then required

17  Plaintiff undertake additional training to prepare her as a medical assistant and to increase her

18  skills while recovering from her back injury. Plaintiff attended and fully completed all

19  additional training.

20     39. Since recovery from back injury and the completion of her training, Defendant SFGH has

21  continuously failed and refused and continues to fail and refuse to provide Plaintiff with a

22  reasonable accommodation so that she can return to work. Instead, Plaintiff has been offered a

23  series of temporary assignments that would result in the loss of benefits, including medical

24  benefits, provided no vacation time or retirement contributions, to which she would be entitled to

25  otherwise. Additionally, Defendant SFGH has sent Plaintiff out for interviews for two separate

26  programs for which Plaintiff learned there was no funding.

27     40. Plaintiff is informed and believes and thereon alleges that Defendant SFGH has

28  continued to frustrate the purposes of the agreement between the parties by not offering

- 6 -

COMPLAINT FOR DAMAGES

1  employment to Plaintiff when it was available, by offering Plaintiff temporary assignments and

2  by not attempting in good faith to honor their portion of the agreement.

### FIRST CAUSE OF ACTION
### (For Breach Of Contract Against Defendant San Francisco City and County, San Francisco General Hospital, and James Moore)

5  41. Plaintiff realleges and incorporates herein by reference each and every allegation

6  contained in paragraph 1 through 40.

7  42. On or about December 18, 2002, in the City and County of San Francisco, State of

8  California, Plaintiff and Defendants entered into an oral agreement that stated Defendant SFGH

9  would reinstate Plaintiff and provide her with reasonable accommodations. By the terms of said

10  agreement, Plaintiff would be reinstated to her job with fair and reasonable accommodations

11  which included not working with Defendant Durio. This contract was executed after the Skelly

12  hearing.

13  43. The consideration set forth in the agreement was fair and reasonable.

14  44. Plaintiff has performed all conditions, covenants and promises required by her on her part

15  to be performed within the terms and conditions of the contract.

16  45. Since December 18, 2002, the Defendants SFCC, SFGH and Moore breached the said

17  agreement and their contractual duty by failing to reinstate the Plaintiff and failing to provide the

18  Plaintiff with reasonable accommodations.

19  46. By reason of Defendants breach of said contract as herein alleged, the Plaintiff suffered

20  damages in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (For Breach Of Implied Covenant Of Good Faith And Fair Dealing Against Defendant San Francisco City and County)

23  47. Plaintiff realleges and incorporates herein by reference each and every allegation

24  contained in paragraph 1 through 46.

25  48. California law implies a covenant of good faith and fair dealing in all contracts between

26  parties entered into in the State of California.

27

28

-7-

116A26272 tif - 1/25/2007 1:41:64 PM

08/21/2013 00:30 FAX                    010/030

49. The actions of Defendants San Francisco City and County, San Francisco General Hospital, and James Moore violated the implied covenant of good faith and fair dealing contained in the oral agreement with Plaintiff.

50. As a result of Defendants' breach of the implied covenant of good faith and fair dealing thereof, Plaintiff is entitled to damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
**(For Fraud Against San Francisco City and County, San Francisco General Hospital, and James Moore)**

51. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 50.

52. On or about December 18, 2002, Defendants San Francisco City and County, San Francisco General Hospital, and James Moore falsely and fraudulently represented to Plaintiff that they would honor the agreement.

53. The representations made by Defendants were in fact false. The true facts were that Defendants did not intend to honor the agreement by reinstating Plaintiff into her job after the Skelly hearing.

54. When the Defendant made these representations to the Plaintiff, the Defendants knew them to be false, and these representations were made by Defendants with the intent to defraud and deceive Plaintiff and with the intent to induce Plaintiff to believe her job would be reinstated. At the time Defendants made the promises to Plaintiff, Defendants had no intention of performing them.

55. Plaintiff, at the time these representations were made by Defendants and at the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendants' representations and believed them to be true. In reliance on these representations, Plaintiff was induced to and did believe she would be reinstated with reasonable accommodations to her job. Had Plaintiff known the actual facts and the actual intention of Defendants, Plaintiff would not have taken such action. Plaintiff's reliance on Defendants' representations was justified because SFGH was ordered to reinstate Plaintiff and because Plaintiff was exonerated of all charges against her.

- 8 -

56. As a proximate result of Defendants' fraud and deceit and the facts herein alleged, Plaintiff was not reinstated by reason of which Plaintiff has been damaged in an amount to be determined at trial.

57. In doing the acts herein alleged, the Defendants acted with oppression, fraud, and malice, and plaintiff is entitled to punitive damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
#### (Intentional Infliction of Emotional Distress against all Defendants)

58. Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 57.

59. Plaintiff alleges Defendants intended to cause emotional distress on Plaintiff. Defendants' conduct was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

60. As a proximate result of Defendant Durio's actions of harassing the Plaintiff, and Defendants SFCC, SFGH, and Moore failure to act in reinstating Plaintiff to her job, the Plaintiff has suffered humiliation, mental anguish, and emotional and physical distress.

61. As a further proximate result of Defendants' actions and the consequences proximately caused by it, as hereinabove alleged, Plaintiff suffered severe humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body in a sum to be determined at trial.

62. Plaintiff has continued to suffer special damages including loss of wages, medical and related expenses incurred.

### FIFTH CAUSE OF ACTION
#### (Negligent Infliction of Emotional Distress against all Defendants)

63. Plaintiff alleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 62.

64. Defendants had a duty to exercise due care towards Plaintiff in reinstating her to her job pursuant to the Skelly hearing, and Defendant Durio had a duty not to harass Plaintiff.

- 9 -

COMPLAINT FOR DAMAGES

116A26272.tif - 1/25/2007 1:41:54 PM

1    65. Defendants knew, or should have known, that failure to exercise due care in the

2    performance of the oral contract to reinstate Plaintiff would cause Plaintiff severe emotional

3    distress.

4    66. Defendants action constituted breach of contract and caused Plaintiff to suffer severe

5    emotional distress and mental suffering amounting to damages to be determined at trial.

6    67. Plaintiff has continued to suffer special damages including loss of wages, medical and

7    related expenses incurred.

8    ///

9    ///

10    ///

11    ///

12    ///

13    ///

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

COMPLAINT FOR DAMAGES

116A26272.tif - 1/25/2007 1:41:54 PM

## RELIEF DEMANDED

As for the first through fifth causes of action, Plaintiff prays for relief as follows against Defendants SAN FRANCISO COUNTY AND CITY AND SAN FRANCISCO GENERAL HOSPITAL:

1.   General damages according to proof.

2.   Special damages according to proof.

3.   Such other and further relief as the Court may order.


As for the first through fifth causes of action, Plaintiff prays for relief as follows against Defendant JAMES MOORE:

1.   General damages according to proof.

2.   Special damages according to proof.

3.   Punitive damages pursuant to Cal. Civ. Code § 1780, and common law.


As for the fourth and fifth causes of action, Plaintiff prays for relief as follows against Defendants LADRON DURIO:

1.   General damages according to proof.

2.   Special damages according to proof.

3.   Punitive damages pursuant to Cal. Civ. Code § 1780, and common law.

Dated: January 18, 2007                    Respectfully submitted,


_____
ASHWIN LADVA
Attorney for Plaintiff,
Gladys DeWitt

- 11 -

## COMPLAINT FOR DAMAGES

116A26272.tif - 1/25/2007 1:41:54 PM

CASE NUMBER: CGC-07-____35  GLADYS DEWITT VS. SAN FRANCISCO CITY AND COUNT

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

> **DATE:** JUN-22-2007
>
> **TIME:** 9:00AM
>
> **PLACE:** Department 212
> 400 McAllister Street
> San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 212 (g)(1) requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> **IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**



# Alternative Dispute Resolution (ADR)
# Information Package

# Alternatives to Trial

# Here are some other ways to resolve a civil dispute.

The plaintiff must serve a copy of the ADR information package
on each defendant along with the complaint. (CRC 201.9(c))

**Superior Court of California**
**County of San Francisco**

ADR-1  1/06  (bc)

116A26272.tif - 1/26/2007 1:41:54 PM

016/030

08/21/2013 00:32 FAX

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can be speedier.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can permit more participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR can be flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

116A26272.tif - 1/25/2007 1:41:54 PM

☑ 017/030

08/21/2013 00:32 FAX

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

116A26272 td - 1/25/2007 1:41:54 PM

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for civil matters; each program is described below:

    1)    Judicial arbitration
    2)    Mediation
    3)    The Early Settlement Program (ESP) in conjunction with the
          San Francisco Bar Association.

## JUDICIAL ARBITRATION

### Description

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

ADR-1  1/06  (bc)

116A26272.tif - 1/25/2007 1:41:54 PM

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

ADR-1  1/06  (bc)

116A26272 tif - 1/26/2007 1:41:54 PM

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case. Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions. Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

## Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes. An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts. Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties. A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed. If settlement is not reached through mediation, a case proceeds to trial as scheduled.

## Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation. The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial. Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110). Both forms are attached to this packet.

ADR-1  1/06  (bc)

116A26272.tif - 1/25/2007 1:41:54 PM

## Mediation Services of the Bar Association of San Francisco

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-8913

### Judicial Mediation

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

116A26272.tif - 1/25/2007 1.41:54 PM

02/022/030

08/21/2013 00:33 FAX

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

# EARLY SETTLEMENT PROGRAM

## Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

## Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

ADR-1  1/06 (bc)

Page 8


If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

## Cost

All parties must submit a $200 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 982-1600.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution Coordinator,
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

ADR-1  1/06  (bc)                                               Page 9

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff | Case No. _____ |
| v. | **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |
| Defendant |  |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ Private Mediation      ☐ Mediation Services of BASF    ☐ Judicial Mediation
☐ Binding arbitration                                          Judge _____
☐ Non-binding judicial arbitration                      Judge _____
☐ BASF Early Settlement Program
☐ Other ADR process (describe) _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | Dated: _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | Dated: _____ |
| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  3/06

**STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

116A26272.tif - 1/25/2007 1:41:54 PM

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

**CM-110**

FOR COURT USE ONLY

TELEPHONE NO.:
FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:
DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one): ☐ UNLIMITED CASE (Amount demanded exceeds $25,000) ☐ LIMITED CASE (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:                    Time:                    Dept.:              Div.:              Room:
Address of court (if different from the address above):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

**Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint      (describe, including causes of action):

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2005]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4

Cal. Rules of Court,
rule 212

Ø026/030

08/21/2013 00:34 FAX

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.   b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial   *(if more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
  a. ☐ The trial has been set for *(date):*
  b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

  c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
  a. ☐ days *(specify number):*
  b. ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
  a.   Attorney:
  b.   Firm:
  c.   Address:
  d.   Telephone number:
  e.   Fax number:
  f.   E-mail address:
  g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
  a.   Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
  b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
  c. ☐ The case has gone to an ADR process *(indicate status):*

41:54 PM
08/21/2013 00:34 FAX
030/027/030

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

CASE NUMBER:

**10. d.** The party or parties are willing to participate in *(check all that apply)*:

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify):*

**e.** ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

**f.** ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

**g.** ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

**a.** ☐ Insurance carrier, if any, for party filing this statement *(name):*

**b.** Reservation of rights: ☐ Yes ☐ No

**c.** ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

**a.** ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

**b.** ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.USCourtForms.com

116A26272.tif - 1/25/2007 1.41:54 PM

08/21/2013 00:34 FAX

0028/030

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. Discovery
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

   c. ☐ The following discovery issues are anticipated *(specify)*:

18. Economic Litigation
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. Other Issues
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. Meet and confer
   a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain)*:

   b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify)*:

21. Case management orders
   Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                             (SIGNATURE OF PARTY OR ATTORNEY)

_____          ▶ _____
(TYPE OR PRINT NAME)                             (SIGNATURE OF PARTY OR ATTORNEY)

                                         ☐ Additional signatures are attached

116A26272.tif - 1/25/2007 1:41:54 PM

American LegalNet, Inc.

08/21/2013 00:35 FAX    ☒ 029/030





# Superior Court of California
## County of San Francisco

## Judicial Mediation Program

### Introducing a new court alternative dispute resolution
### program that provides judicial mediation of complex civil cases

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David L. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable John J. Conway
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Curtis E. A. Karnow
The Honorable Patrick J. Mahoney

The Honorable Tomar Mason
The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Evans Quidachay
The Honorable A. James Robertson, II
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

12/15/06