1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 5th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3845
6  Facsimile:    (415) 554-4248
   E-Mail:       rose-ellen.fairgrieve@sfgov.org
7
   Attorneys for Defendants
8  CITY AND COUNTY OF SAN FRANCISCO,
   LADRON DURIO, AND JAMES MOORE
9

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12  GLADYS DEWITT,                          Case No.

13            Plaintiff,                    **DEFENDANTS CITY AND COUNTY
                                            OF SAN FRANCISCO'S AND
14       vs.                                LADRON DURIO'S NOTICE OF
                                            MOTION AND MOTION TO DISMISS
15  CITY AND COUNTY OF SAN                  AND SUPPORTING MEMORANDUM
    FRANCISCO, SAN FRANCISCO                OF POINTS AND AUTHORITIES
16  GENERAL HOSPITAL, LADRON                (F.R.C.P. 12(b)(6))**
    DURIO, JAMES MOORE, and DOES 1 –
17  25,                                     Date:  September 5, 2007
                                            Time:  9:00 a.m.
18            Defendants.                    Place:  Courtroom 3, 17th Floor

19                                          Trial Date: Not yet set

20                                          Accompanying document: Request for
                                            Judicial Notice
21

22

23

24

25

26

27

28

---

DEFS' NOTICE OF MOTION TO DISMISS AND SUPPORTING MPA

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................................................................ ii

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
DISMISS PURSUANT TO RULE 12(B)(6) ....................................................................1

INTRODUCTION ................................................................................................................1

PROCEDURAL HISTORY..................................................................................................2

STATEMENT OF FACTS ...................................................................................................2

ARGUMENT .......................................................................................................................3

    I.      STANDARD FOR MOTION UNDER FEDERAL RULE OF CIVIL
           PROCEDURE 12(B)(6). ..................................................................................3

    II.     PLAINTIFF'S FIRST FIVE CLAIMS ARE BARRED BECAUSE DEWITT
           FAILED TO FILE A TIMELY GOVERNMENT TORT CLAIM. .......................4

    III.    THE PROMISSORY ESTOPPEL (SECOND CAUSE OF ACTION) FAILS
           AS A MATTER OF LAW BECAUSE PUBLIC EMPLOYMENT IS SET
           BY STATUTE AND NOT CONTRACT. ...............................................................6

    IV.    DEWITT'S FRAUD CAUSE OF ACTION (THIRD CAUSE OF ACTION)
           FAILS BECAUSE THE CITY HAS ABSOLUTE IMMUNITY FOR ANY
           ALLEGED MISREPRESENTATIONS. ...................................................................7

    V.     DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED AS TO
           THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM
           (FOURTH CAUSE OF ACTION) AND NEGLIGENT INFLICTION OF
           EMOTIONAL DISTRESS CLAIM (FIFTH CAUSE OF ACTION),
           WITHOUT LEAVE TO AMEND BECAUSE THE CLAIMS ARE
           PRECLUDED BY THE WORKERS' COMPENSATION ACT. .........................8

         A.     The Workers' Compensation Act Bars Dewitt's Intentional And
                  Negligent Infliction Of Emotional Distress Claims....................................8

               1.     The Workers' Compensation Act's Exclusivity Applies to
                        DeWitt's Intentional Infliction of Emotional Distress claim. ..........9

               2.     The Workers Compensation Act's Exclusivity Applies to
                        DeWitt's Negligent Infliction of Emotional Distress Claim. .........10

    VI.    DEWITT'S SECTION 1983 CLAIM FAILS AS A MATTER OF LAW.............11

         A.     DeWitt's Section 1983 Claim Is Barred By The Statute Of
                   Limitations .................................................................................................11

         B.     DeWitt's Section 1983 Cause of Action Against the City Must Be
                   Dismissed Because she Fails to Allege a Custom, Practice, or Policy
                   of the City. .................................................................................................11

CONCLUSION...................................................................................................................12

# TABLE OF AUTHORITIES

**State Cases**

*Alliance Fin. v. City and County of San Francisco,*
    64 Cal. App. 4th 635 (1998) ................................................................4

*Baines Pickwick Ltd  v. City of Los Angeles,*
    72 Cal. App. 4th 298 (1999) ................................................................4

*Burden v. County of Santa Clara,*
    81 Cal.App. 4th 244 (2000) ................................................................8

*City of San Jose v. Superior Court,*
    12 Cal. 3d 447 (1974) ................................................................4

*Cole v. Fair Oaks Fire Protection District,*
    43 Cal.3d 148 (1987) ................................................................9, 10

*Fermino v. Fedco, Inc.,*
    7 Cal.4th 701 (1994) ................................................................9, 10

*Halliman v. Los Angeles Unified School Dist.,*
    163 Cal.App.3d 46 (1994) ................................................................9

*Hart v. County of Alameda,*
    76 Cal.App. 4th 766 (1999) ................................................................4

*Johnson v. State of California,*
    69 Cal. 2d 782 (1968) ................................................................7

*Livitsanos v. Superior Court,*
    2 Cal.4th 744 (1992) ................................................................8

*Loehr v. Ventura County Community College Dist.,*
    147 Cal. App. 3d 1071 (1983) ................................................................4

*Mathews v. Workmen's Comp. Appeals Bd.,*
    6 Cal.3d 719 (1972) ................................................................10

*Miller v. State of California,*
    18 Cal.3d 808 (1977) ................................................................7

*Santee v. Santa Clara County Office of Educ.,*
    220 Cal.App. 3d 702 (1990) ................................................................4

*Schmier v. Board of Trustees of the Cal. State Univ. and Colleges,*
    74 Cal.App.3d 314 (1977) ................................................................7

*Shoemaker v. Myers,*
    52 Cal.3d 1 (1990) ................................................................7, 9

ii

*Soares v. City of Oakland*,
  9 Cal.App.4th 1822 (1992) ...................................................................10

*State of California v. Superior Court of Kings County* (*Patricia Bodde*, *Real Party In Interest*),
  32 Cal. 4th 1234 (2004) .......................................................................4

*Vielehr v. State of California*,
  104 Cal.App.3d 392 (1980) ...................................................................7

*Vuillemainroy v. American Rock & Asphalt, Inc.,*
  70 Cal.App.4th 1280 (1999) ...........................................................8, 9, 10

*Williams v. Dept. of Water & Power*,
  130 Cal.App.3d 677 (1982) ...................................................................7

**State Statutes & Codes**

Government Code
  §818.8 ..............................................................................................7

Government Code
  §905 ................................................................................................4

Government Code
  §911.2 ..............................................................................................4

Government Code
  §911.4 ..............................................................................................4

Labor Code
  §3600 ..............................................................................................8

Labor Code
  §3601 ..............................................................................................8

Labor Code
  §3602 ..............................................................................................8

**Federal Cases**

*Balistreri v. Pacifica Police Department,*
  901 F.2d 696 (9th Cir. 1990); ..............................................................3

*Canatella v. Van De Kamp,*
  486 F.3d 1128 (9th Cir. 2007) ............................................................11

*City of Canton, Ohio v. Harris,*
  489 U.S. 378 (1989).........................................................................12

*Federation of African American Contractors v. City of Oakland,*
  96 F.3d 1204  (9th Cir. 1996) ............................................................12

*Gillette v. Delmore,*
   979 F.2d 1342 (9th Cir. 1992) ........................................................12

*Hishon v. King & Spalding,*
   467 U.S. 69 (1984)...........................................................................3

*Hyland v. Wonder,*
   117 F.3d 405 (9th Cir. 1997) ........................................................12

*Jablon v. Dean Witter & Co.,*
   614 F.2d 677 (9th Cir. 1980) ..........................................................3

*Jett v. Dallas Indep. School Dist.,*
   491 U.S. 701 (1989).......................................................................12

*Mack v. South Bay Beer Distributors, Inc.,*
   798 F.2d 1279 (9th Cir. 1986) ........................................................3

*Monell v. Department of Social Services,*
   436 U.S. 658 (1978)..................................................................11, 12

*Mullis v. United States Bankruptcy Court for the District of Nevada,*
   828 F.2d 1385 (9th Cir. 1987) ........................................................3

*Owens v. Haas,*
   601 F.2d 1242 (2nd Cir. 1979) .....................................................12

*Quintanilla v. City of Downey,*
   84 F.3d 353 (9th Cir. 1996) ..........................................................11

*Taylor v. Regents of University of California,*
   993 F.2d 710 (9th Cir. 1993) ........................................................11

**Federal Statutes**

42 U.S.C.
   §1983 .................................................................................1, 11, 12

Federal Rule of Civil Procedure
   §12(b)(6) ......................................................................................1, 3

**San Francisco Statutes, Codes & Ordinances**

San Francisco Charter
   §10.101 ..........................................................................................12

San Francisco Charter
   §10.103 ..........................................................................................12

DEFS' NOTICE OF MOTION TO DISMISS AND SUPPORTING MPA      n:\labor\li2007\071000\00427116.doc

**TO PLAINTIFF GLADYS DEWITT AND HER ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on September 5, 2007, at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 3, 17th Floor, of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Defendants, the City and County of San Francisco (the "City") and Ladron Durio, will move to dismiss the First Amended Complaint. Defendants move on the numerous procedural and substantive grounds set forth in the points and authorities below.

This motion is based on this Notice, the Points and Authorities included herewith, the accompanying Request for Judicial Notice, the complete files and records of this action, and any oral argument presented at the hearing. Defendants make this motion on the grounds that plaintiff's complaint fails to state a claim upon which relief can be granted as a matter of law.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION DISMISS PURSUANT TO RULE 12(B)(6)**

**INTRODUCTION**

Plaintiff Gladys DeWitt's ("DeWitt") complaint arises out of her employment with the City and County of San Francisco ("City"). From 1981 to 2002, DeWitt worked at San Francisco General Hospital. DeWitt sues the City for: 1) constructive discharge in violation of public policy; 2) promissory estoppel; 3) fraud; 4) intentional infliction of emotional distress; 5) negligent infliction of emotional distress; 6) violation of first amendment civil rights brought under 42 U.S.C. §1983. DeWitt fails to establish a prima facie case on any of her claims as a matter of law. The court should dismiss DeWitt's claims for constructive discharge in breach of public policy, promissory estoppel, fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress because she failed to file a timely government claim. Furthermore, DeWitt's cause of action for promissory estoppel is barred because, as a public employee, she cannot maintain a contract cause of action against the City. DeWitt's cause of action for fraud should be dismissed because the City is immune from that claim. DeWitt's intentional and negligent infliction of emotional distress claims should be dismissed because they are barred by Workers' Compensation exclusivity. Finally, DeWitt's §1983 claim is barred by the statue of limitations, and

1

1    because she fails to allege a custom, policy or practice of the City that resulted in a constitutional

2    violation.

3                                    **PROCEDURAL HISTORY**

4           On March 20, 2006, DeWitt filed a tort claim with the City, alleging, among other things,

5    that she was removed from her job in January 2001, and has not received a new job.  The City

6    denied her claim on September 28, 2006.  DeWitt filed her original Complaint in Superior Court on

7    January 19, 2007.  DeWitt served the City on January 19, 2007.  DeWitt served Defendant Durio on

8    February 11, 2007.  CCSF and Defendant Ladron Durio demurrered to the original complain on

9    February 28, 2007.  On April 11, 2007, the court sustained the demurrer.  The court granted leave to

10   amend as to three of the five causes of action, and denied leave to amend as to the two causes of

11   action based on contract principles.  DeWitt filed her first amended complaint on July 3, 2007.  The

12   Superior court granted the Defendants until July 25, 2007 to respond to the first amended complaint.

13   DeWitt did not serve Defendant James Moore with the original complaint, and has not served him

14   with the first amended complaint.  On July 24, 2007, Defendants City and Durio removed the action

15   to federal court in the Northern District of California.

16                                    **STATEMENT OF FACTS**

17          DeWitt worked as a Healthcare Worker II at San Francisco General Hospital from 1993 to

18   2002.  First Amended Complaint ("FAC") ¶ 11.  Defendant James Moore was DeWitt's supervisor

19   during that time.[1]  FAC ¶5.  Defendant Durio was DeWitt's co-worker.  FAC ¶6.

20          DeWitt broadly alleges unfair treatment by the City, Moore, and Durio in regard to her

21   disability issues and her disciplinary matter.  According to the Complaint, DeWitt suffered a back

22   injury on November 1, 2001, and advised SFGH, on December 27, 2001, that she was temporarily

23   totally disabled.  FAC ¶¶13, 15.  In September 2002, DeWitt alleges she informed the City that she

24   was able to return to work.  FAC ¶16.  Between January 2003 and March 2003, DeWitt claims she

25

26

27          [1] Although James Moore is named as a defendant in the Complaint, he has not been served,
     and thus makes no appearance in this case.

28

communicated with the City regarding reasonable accommodations and her return to work.  FAC ¶¶21-25.

DeWitt also alleges she was subjected to disciplinary action.  She alleges that Defendants served her with a notice of intent to dismiss from permanent position on November 29, 2001, and an amended notice on November 18, 2002.  FAC ¶¶14, 17.  DeWitt alleges that Defendants took this disciplinary action in retaliation for her being a patient's advocate, and that it was based on false allegations.  FAC ¶¶15, 17, 18.  DeWitt alleges that she was exonerated, and the City was ordered to reinstate her.  FAC ¶20.

On March 20, 2006, DeWitt filed a tort claim with the City, alleging, among other things, that she was removed from her job in January 2001, and has not received a new job.  Request for Judicial Notice ("RJN") Exhibit A.

DeWitt has not been at work since 2002.  FAC ¶11.

ARGUMENT

## I.    STANDARD FOR MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).

Under Federal Rule of Civil Procedure §12(b)(6), a court may dismiss a complaint for failure to state a claim when "it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations."  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  Dismissal is also proper where the complaint alleges facts that demonstrate that the complaint is barred as a matter of law.  See *Balistreri v. Pacifica Police Department,* 901 F.2d 696, 699 (9th Cir. 1990); *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980).

On a 12(b)(6) motion to dismiss, a court may take judicial notice of facts outside the pleadings.  *Mullis v. United States Bankruptcy Court for the District of Nevada*, 828 F.2d 1385 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988).  In particular, a court "may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment."  *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.  PLAINTIFF'S FIRST FIVE CLAIMS ARE BARRED BECAUSE DEWITT FAILED TO FILE A TIMELY GOVERNMENT TORT CLAIM.

DeWitt's causes of action for constructive discharge in breach of public policy, promissory estoppel, fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress are all barred because she did not file a timely government claim to the City before filing her lawsuit, as required by the California Tort Claims Act.  See Govt. Code §§905, 911.2.

Under the Tort Claims Act, claims for money damages against a California public entity and its employees must be submitted in writing to the public entity before a lawsuit may be filed.  *State of California v. Superior Court of Kings County* (*Patricia Bodde*, *Real Party In Interest*), 32 Cal. 4th 1234, 1243 (2004) *("Bodde"); Santee v. Santa Clara County Office of Educ.*, 220 Cal.App. 3d 702, 708 (1990).  The timely filing of a proper claim is a mandatory condition precedent to the maintenance of an action against a public entity.  *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 454 (1974) ("Compliance is mandatory and failure to file a claim is fatal to the cause of action.")  A plaintiff must file a California tort claim within six months or, in the event of late claim relief, within one year of the date the injury incurred as a result of defendant's wrongful act or omission.  (Govt. Code §911.2, §911.4.)  A plaintiff must plead "facts demonstrating or excusing compliance with the claim presentation requirement," in his or her complaint.  *Bodde*, 32 Cal. 4th at 1243.

The phrase "money or damages" as used in the Claims Act is "comprehensive in scope and includes tort claims arising out of negligence, nuisance, breach of statutory duties, and intentional wrongs." *Loehr v. Ventura County Community College Dist.*, 147 Cal. App. 3d 1071, 1079 (1983) (Citations omitted).  "A suit for 'money or damages' includes all actions where plaintiff is seeking monetary relief, regardless whether the action is founded in tort, contract or some other theory." *Hart v. County of Alameda,* 76 Cal.App. 4th 766, 778 (1999) (Inner quotations omitted);  see also *Alliance Fin. v. City and County of San Francisco,* 64 Cal. App. 4th 635, 641 (1998) (… "actions on a contract are indeed actions for 'money or damages' under the [tort claims] act"); *Baines Pickwick Ltd  v. City of Los Angeles*, 72 Cal. App. 4th 298, 307 (1999).

In light of these requirements, DeWitt is barred from relief for any acts that occurred prior to September 20, 2005, which is six months before she filed her claim. DeWitt's causes of action for: constructive discharge, promissory estoppel, fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress, are all based on acts that are alleged to have occurred well before September 20, 2005.

DeWitt's allegations can be put into three types or categories of "bad acts" committed by defendants. One category consists of acts committed by her supervisor, Defendant Moore. DeWitt contends that Moore "penalized and retaliated against" her, and violated her right of privacy. FAC ¶¶10, 12. DeWitt was most recently in the workplace, and thus was most recently working under Defendant Moore, in 2002. FAC ¶11.

The second category of allegations relate to the disciplinary action taken against her. DeWitt alleges that she was served with a notice of intent to dismiss on November 29, 2001, and an amended notice of intent to dismiss on November 18, 2002. FAC ¶¶14, 17. She alleges that the charges upon which the disciplinary action was based were made up, "false and brought maliciously in order to permanently remove [her] from her employment," and that after the Skelly hearing she was exonerated from all charges.[2] FAC ¶¶15, 18, 19, 20.

The final category of acts about which DeWitt complains are based on the City's alleged failure to reinstate her to her position. She alleges that in September of 2002, after she settled her worker's compensation claim, she informed her employer that she was able to return to work, and Defendant Moore allegedly said he was not sure she could be accommodated. FAC ¶16. Then in January 2003, DeWitt contends that she began to make requests for accommodations to return to work. FAC ¶21. DeWitt contends that between January 2003 and March 2003, she had communications with the City about her return to work, was told she could return, then was told she could not return. FAC ¶¶22-25.

---

[2] The word "exonerated" is missing in the First Amended Complaint, but Defendants believe, based on the allegation contained in her original complaint, that DeWitt intended to state that she was "completely exonerated from all charges" in paragraph 20, line 28.

1   DeWitt alleges that all of Defendants' acts were retaliatory because "[d]uring the period of
2   her employment" she was a vocal critic of conditions for patients and employees at San Francisco
3   General Hospital.  FAC ¶9.  She has not been in the workplace since 2002.  FAC ¶11.

4   As is apparent from the face of the allegations, each of the acts that Defendants are alleged
5   to have committed, as well as DeWitt's speech for which she was allegedly retaliated against,
6   occurred more than two years before September 20, 2005.  Accordingly, her government claim to
7   the City was not timely as to those allegations.

8   DeWitt may argue that her causes of action nevertheless survive, based on her allegations
9   contained in paragraphs 26 through 29.  In those paragraphs, DeWitt contends that she has
10  continued to not be reinstated to her position.  With one exception, her allegations are vague as to
11  time.  Thus, she has failed to meet her burden to plead facts that show her complaint is timely.  The
12  one date specific allegation, that in February of 2007 the City sent her a letter telling her that she
13  was an employee but would not provide her a job schedule or place to work, is not sufficient to state
14  a claim under any cause of action.

15  Accordingly, Defendants' motion to dismiss should be granted as to DeWitt's first five
16  claims for failure to comply with the Tort Claims Act.

17  **III.   THE PROMISSORY ESTOPPEL (SECOND CAUSE OF ACTION) FAILS AS A
        MATTER OF LAW BECAUSE PUBLIC EMPLOYMENT IS SET BY STATUTE
18      AND NOT CONTRACT.**

19  In her First Amended Complaint, DeWitt adds a cause of action for promissory estoppel.
20  She contends that the City agreed to provide her with a position with accommodations, induced her
21  to reply on its promise, then failed to perform such promise.  FAC ¶¶43-45.  Because contract
22  claims by public employees are barred as a matter of law, DeWitt's cause of action for promissory
23  estoppel should be dismissed.[3]

24

25  ────────────────
      [3] DeWitt's original complaint listed causes of action for breach of contract and breach of the
26  implied covenant of good faith and fair dealing. The Superior Court sustained Defendants' demurrer
    without leave to amend based upon the same arguments stated herein.
27

28

The California Supreme Court has consistently held that the terms and conditions of civil service employment are set by statute, not by contract.  In *Miller v. State of California*, 18 Cal.3d 808, 813-814 (1977), the California Supreme Court dismissed a civil servant's breach of contract claim, stating that "it is well settled in California public employment is not held by contract but by statute", that "the terms and conditions of civil service employment are fixed by statute and not by contract" and "[t]he statutory provisions controlling the terms and conditions of civil service employment cannot be circumvented by purported contracts in conflict therewith."  See also *Shoemaker v. Myers*, 52 Cal.3d 1, 23 (1990) (sustaining demurrer to contract claims because as a civil service employee plaintiff could not state such causes of action); *Williams v. Dept. of Water & Power*, 130 Cal.App.3d 677, 680 (1982) ("the terms and conditions of public employment, including term of service, are fixed by the statute, rules or regulations creating it, not by contract.") (citations omitted); *Vielehr v. State of California*, 104 Cal.App.3d 392, 396, *cert. denied*, 449 U.S. 953  (1980) (statutory terms and conditions of public employment cannot be circumvented by purported contracts.)  This principle applies claims for promissory estoppel.  *Schmier v. Board of Trustees of the Cal. State Univ. and Colleges*, 74 Cal.App.3d 314, 317-318 (1977) (affirming dismissal of promissory estoppel claim based on holding of *Miller, supra*.)

It is undisputed that DeWitt is an employee of the City and County of San Francisco.  FAC ¶11.  Accordingly, the motion to dismiss DeWitt's promissory estoppel cause of action should be granted without leave to amend.

## IV.    DEWITT'S FRAUD CAUSE OF ACTION (THIRD CAUSE OF ACTION) FAILS BECAUSE THE CITY HAS ABSOLUTE IMMUNITY FOR ANY ALLEGED MISREPRESENTATIONS.

Additionally, the City's motion to dismiss the third cause of action for fraud should be granted because the City is immune from liability for all types of alleged misrepresentations.

Public entities are immune from liability "caused by misrepresentation by an employee of the public entity, whether or not such representation be negligent or intentional."  Govt. Code §818.8.  The immunities set forth in Government Code Section 818.8, apply in cases where financial interests are at stake.  *Johnson v. State of California*, 69 Cal. 2d 782, 800 (1968).  Where the public entity is alleged to have engaged in willful misrepresentation regarding the terms of

7

employment, financial interests are at stake. *Burden v. County of Santa Clara*, 81 Cal.App. 4th 244, 250 (2000).

DeWitt alleges that the City, through Moore, falsely represented to DeWitt that it would reinstate her to her position with reasonable accommodations. FAC ¶¶49-51. Since DeWitt's claim relates to the terms of her employment, the City has absolute immunity. This claim should be dismissed as a matter of law.

**V.  DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED AS TO THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM (FOURTH CAUSE OF ACTION) AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM (FIFTH CAUSE OF ACTION), WITHOUT LEAVE TO AMEND BECAUSE THE CLAIMS ARE PRECLUDED BY THE WORKERS' COMPENSATION ACT.**

The Court should grant the City's motion to dismiss DeWitt's claims for intentional infliction of emotional distress and negligent infliction of emotional distress because these claims are barred by the Workers Compensation Acts.[4]

**A.  The Workers' Compensation Act Bars Dewitt's Intentional And Negligent Infliction Of Emotional Distress Claims.**

Generally, an employee whose injury arises out of and in the course of employment is limited to recovery of workers' compensation benefits. Labor Code §§3600-3602. "Section 3600 of the Labor Code provides that an employer is liable for injuries to its employees arising out of and in the course of employment, and section [3602] declares that where the conditions of workers' compensation exist, the right to recover such compensation is the exclusive remedy against an employer for injury or death of an employee." *Vuillemainroy v. American Rock & Asphalt, Inc.,* 70 Cal.App.4th 1280, 1283 (1999). These provisions apply to all injuries that arise from the employment relationship. *Livitsanos v. Superior* Court, 2 Cal.4th 744, 747 (1992). Where, as here, "the complaint affirmatively alleges facts indicating coverage by the workers' compensation laws, if it fails to state additional facts negating application of the exclusive remedy provision, no civil

---

[4] The Superior Court sustained Defendants' demurrer to DeWitt's emotional distress claims as stated in her original complaint based on the same arguments set forth herein. RJN Exh. B.

DEFS' NOTICE OF MOTION TO DISMISS AND SUPPORTING MPA          n:\labor\li2007\071000\00427116.doc

action will lie and the complaint is subject to a general demurrer." *Halliman v. Los Angeles Unified School Dist.*, 163 Cal.App.3d 46, 50 (1994).

California has a "tripartite system for classifying injuries arising in the course of employment." *Vuillemainroy*, 70 Cal.App.4th at 1284, quoting *Fermino v. Fedco, Inc.,* 7 Cal.4[th] 701, 714-715 (1994), additional internal citations and quotations omitted.) First, "there are injuries caused by employer negligence," which are subject to the Act's exclusivity. *Id.* Second, "there are injuries caused by ordinary employer conduct that intentionally, knowingly, or recklessly harms an employee," which are also subject to the Act's exclusivity. *Id.* Third, there are injuries caused by "certain types of *intentional* employer conduct" that "could not be considered a normal risk of employment or is contrary to fundamental public policy." *Id.* Only this third category of injuries is exempt from the Act's exclusivity. *Id.*

### 1.    The Workers' Compensation Act's Exclusivity Applies to DeWitt's Intentional Infliction of Emotional Distress claim.

The Act's exclusivity applies to claims that an employer has inflicted emotional distress on an employee where the employee alleges an injury that arises in the course of the employment. *Shoemaker v. Myers*, 52 Cal.3d 1, 15-16 (1990). Acts that have been deemed to arise within the normal course of employment include personnel actions such as "demotions, criticism of work practices, and friction in negotiations as to grievances." *Cole v. Fair Oaks Fire Protection District,* 43 Cal.3d 148, 159 (1987). Exclusivity applies to preclude employees from bringing emotional distress claims against their employers even when an employee alleges that an employer's conduct was "manifestly unfair, outrageous, harassment, or intended to cause emotional distress." *Id.*

DeWitt's claim for intentional infliction of emotional distress fails because she does not allege any facts negating application of the exclusive remedy provision. See *Halliman v. Los Angeles Unified School Dist.*, 163 Cal.App.3d at 50 (1984).

The alleged acts in DeWitt's Complaint fit squarely within those types of actions discussed in *Cole*, which are deemed to be within the scope of employment. In *Cole*, a firefighter alleged that his supervisor harassed him and retaliated against him for his participation in union activities. *Id.* at 152. This was accomplished by subjecting the firefighter to unwarranted disciplinary actions. *Id.*

These actions included a proceeding related to false charges of dishonesty brought against the firefighter by his supervisor. *Id.* Further, the supervisor wrongly filed for involuntary retirement with the state in an attempt to discharge the firefighter from his duties. The court deemed all of these actions to be within the supervisor's scope of employment for Worker's Compensation exclusivity purposes.

DeWitt's claim, like the firefighter's in *Cole*, is predicated on alleged personnel actions. Specifically, DeWitt's allegations involve the disciplinary action taken against her, and the City's failure to reinstate her to her job. Accordingly, the Worker's Compensation act bars DeWitt's claim for intentional infliction of emotional distress.

### 2. The Workers Compensation Act's Exclusivity Applies to DeWitt's Negligent Infliction of Emotional Distress Claim.

The Act also bars DeWitt's negligent infliction of emotional distress claim because claims based on an employer's negligent conduct fall within *Fermino*'s first category of claims, which are covered by the Act's exclusivity rule. *Fermino*, 7 Cal. 4th at 713-14; *Vuillemainroy*, 70 Cal.App.4th at 1284. "[B]oth the language and the legislative history of the Act make clear that the Legislature, in setting the terms of the compensation bargain, was focused on eliminating common law tort concepts of negligence." *Fermino*, 7 Cal.4th at 710; accord *Mathews v. Workmen's Comp. Appeals Bd.*, 6 Cal.3d 719, 728 (1972) (reviewing the Act's legislative history and holding that the Act bars employees from bringing negligence claims against their employers).

The Act "reflects the virtually unanimous rule throughout the nation that an injury is 'accidental' for the purposes of workers' compensation unless it results from a conscious and deliberate intent directed to the purpose of inflicting an injury." *Soares v. City of Oakland*, 9 Cal.App.4th 1822, 1827 (1992). Negligently inflicted injuries are a normal "part of the hazards of the work environment." *Id.* at 1828 (internal quotations omitted). Precluding tort actions against employers for such accidental injuries is "consistent with the traditional policy of relying on workers' compensation to cover 'accidents' on the job." *Id.* (internal quotations omitted).

DEFS' NOTICE OF MOTION TO DISMISS AND SUPPORTING MPA          n:\labor\li2007\071000\00427116.doc

## VI.    DEWITT'S SECTION 1983 CLAIM FAILS AS A MATTER OF LAW.

DeWitt alleges that she was retaliated against for exercising her right to free speech when she was a "vocal critic of inadequate conditions for appropriate healthcare for SFGH patients and her fellow employees including but not limited to faulty gurneys, unsanitary conditions and infestation of the patient property room." (FAC ¶9, 68.  DeWitt's cause of action is barred by the statute of limitations.  DeWitt's claim is also barred as a matter of law as against the City because she does not allege that the alleged constitutional violation was caused by a custom, practice, or policy of the City.

### A.    DeWitt's Section 1983 Claim Is Barred By The Statute Of Limitations

California's personal injury two-year statute of limitations governs 42 U.S.C. §1983  claims for actions arising after January 1, 2003.  *Canatella v. Van De Kamp*, 486 F.3d 1128 (9th Cir. 2007).[5]

As explained in Section II, *supra*, the alleged events giving rise to DeWitt's discrimination claims occurred, at the latest, March 29, 2003.  FAC ¶ 25.  DeWitt, however, did not file her original complaint until January 9, 2007.  RJN Exh. D, Superior Court Docket.  Therefore, DeWitt's Section 1983 claim is barred by the statute of limitations.

### B.    DeWitt's Section 1983 Cause of Action Against the City Must Be Dismissed Because she Fails to Allege a Custom, Practice, or Policy of the City.

In order to state a claim for a Section 1983 violation against the City, DeWitt must allege that there was unconstitutional conduct that was proximately caused by a custom, practice or policy of the City.  *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir. 1996), cert denied, 117 S.Ct. 972 (1997).

A municipality cannot be held liable under section 1983 based on respondeat superior. *Monell v. Department of Social Services of City of New York*, 436 U.S. at 691.  Liability may be imposed only when the enforcement of a municipal policy or custom was "the moving force"

---

[5] A one-year statute of limitations governs 42 U.S.C. §1983 claims for actions arising before January 1, 2003.  *Taylor v. Regents of University of California*, 993 F.2d 710, 711 (9th Cir. 1993). Because DeWitt's claims are barred even under a two-year statute of limitations, for the sake of this argument, Defendants assume, without conceding, that the two-year statute of limitations applies.

behind the violation of federally protected rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Federation of African American Contractors v. City of Oakland*, 96 F.3d 1204 1213-15 (9th Cir. 1996); *Owens v. Haas*, 601 F.2d 1242, 1247 (2nd Cir. 1979) *cert. denied*, 444 U.S. 980 (1979). The Ninth Circuit has set forth three types of municipal conduct that may create liability under the Civil Rights Statutes:

> (a) A City employee committed the alleged constitutional violations pursuant to a formal governmental policy or a "long standing practice or custom which constitutes the 'standard operating procedure' of the local governmental entity."
>
> (b) The individual who committed the constitutional tort was an official with "final policy making authority."
>
> (c) An official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.
>
> *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992).

Whether a particular individual has final policy making authority is a question of state law. *Jett v. Dallas Indep. School Dist.*, 491 U.S. 701, 737 (1989). In the case of a municipality, a court will look specifically to the city's Charter. *Hyland v. Wonder*, 117 F.3d 405, 414 (9th Cir. 1997), *cert. denied*, 522 U.S. 1148, (1997). Moreover, with respect to the personnel matters, the Civil Service Commission, not the directors of individual departments or the commissions that oversee them, have authority to set personnel policies. San Francisco Charter §10.101, RJN Exh. E. Finally, the Department of Human Resources has jurisdiction over "all employee complaints concerning job-related conduct of City and County employees." San Francisco Charter §10.103, RJN Exh. E.

DeWitt fails to allege facts that demonstrate a *Monell* violation. First, she does not allege any facts that show the City had a policy, custom or practice of chilling of free speech. Second, DeWitt does not allege that an official with final policy-making authority committed or ratified a constitutional tort against her. Accordingly, the Court should dismiss DeWitt's §1983 claim.

### CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss as to all causes of action should be granted, without leave to amend.

Dated:  July 25, 2007                    Respectfully submitted,

                                         DENNIS J. HERRERA
                                         City Attorney
                                         ELIZABETH S. SALVESON
                                         Chief Labor Attorney
                                         ROSE-ELLEN H. FAIRGRIEVE
                                         Deputy City Attorney


                                   By:_____/s/_____
                                         ROSE-ELLEN H. FAIRGRIEVE
                                         Attorneys for Defendant