# Exhibit A

Case 3:07-cv-03791-PJH   Document 5   Filed 07/25/2007   Page 1 of 19

0602346

DPHGH

# CLAIM AGAINST THE CITY AND COUNTY OF SAN FRANCISCO

Before completing this form, please read the instructions on the back. You have only **6 months** from the date of incident. Submit this form and supporting documentation to the Controller or the Clerk of the Board of Supervisors.

**1. Claimant's Name and Home Address** (Please Print Clearly)
Gladys Dewitt
772 Hampshire St
City San Francisco, CA   Zip 94110
Telephone Daytime (415) 695-0470   Evening

**2. Send Official Notices and Correspondence to:**
Gladys Dewitt
772 Hampshire St
City San Francisco   Zip 94110
Telephone Daytime 695-0470   Evening

**3. Date of Birth:** 9/20/50

**4. Social Security Number:** 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

**5. Date of Incident:** Approx. Jan 28th 06

**6. Time of Incident (AM or PM):** Approx. 11:00 AM

**7. Location of Incident or Accident:** SFGH 1001 Potrero Ave SF CA 94110

**8. Claimant Vehicle License Plate #, Type and Year:** —

**9. Basis of Claim.** State in detail all facts and circumstances of the incident. Identify all persons, entities, property and City departments involved. State why you believe the City is responsible for the alleged injury, property damage or loss.

Was removed from job Jan 2001. Replaced via arbitration in 03 City is ordered. I was offered job in Jan 06 by Robert Thompson Personnel Director S.F.G.H. I never received new job.

**Name, I.D. Number and City Department of City Employee who allegedly caused injury or loss:** Robert Thompson

**Type of City Vehicle:** —

**Vehicle License Number and Bus or Train Number:** —

**10. Description of Claimant's Injury, property damage or loss:**
Loss Removal from Job
Health Worker II Classification
#2586
Reference - City & County D.P.H
Grievance # G05-55

**11. Amount of Claimant's property damage or loss and method of computation. Attach supporting documentation.** (See Instructions)

ITEMS
Loss g Wages          $189,000
Punitive Damages      $ unknown
                      $
                      $

**TOTAL AMOUNT:** $189,000

Court Jurisdiction: Limited Civil ☐   Unlimited Civil ☒

**12. Witnesses (if any)**
| | Name | Address | Telephone |
|---|---|---|---|
| 1. | Julian Hubbard | 600 Allerton St Redwood City 94063 | 650-369-8353 |
| 2. | Robert Thompson | 1001 Potrero Ave S.F. | 415-206-8000 |

**13.**
Signature: Gladys Dewitt    Date: 3-16-06
Print Name: Gladys Dewitt
Relationship to Claimant:

Do Not Write In This Space
RECEIVED 06 MAR 20 PM 2:30
CITY & COUNTY OF SAN FRANCISCO CONTROLLER
#1615

CA/FORM 2. 2/01

CRIMINAL PENALTY FOR PRESENTING A FALSE OR FRAUDULENT CLAIM IS IMPRISONMENT OR FINE OR BOTH. (PENAL CODE §72)

# Exhibit B

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 5th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3845
6  Facsimile:    (415) 554-4248
   E-Mail:       rose-ellen.fairgrieve@sfgov.org

7

8  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
   LADRON DURIO, AND JAMES MOORE

9

```
                            ENDORSED
                            F I L E D
                      San Francisco County Superior Court

                            APR 2 5 2007

                         GORDON PARK-LI, Clerk
                      BY:    LINDA K. ESPY
                                       Deputy Clerk
```

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                         COUNTY OF SAN FRANCISCO

12                           UNLIMITED JURISDICTION

13  GLADYS DEWITT,                         | Case No. 459-735
14         Plaintiff,                      | [PROPOSED] ORDER SUSTAINING
                                           | DEFENDANT CITY AND COUNTY OF
15     vs.                                 | SAN FRANCISCO AND LADRON
                                           | DURIO'S DEMURRER TO
16  CITY AND COUNTY OF SAN                 | PLAINTIFF'S COMPLAINT
    FRANCISCO, SAN FRANCISCO
17  GENERAL HOSPITAL, LADRON               | Hearing Date: April 11, 2007
    DURIO, JAMES MOORE, and DOES 1 –       | Hearing Judge: Hon. Patrick J. Mahoney
18  25,                                    | Time:         9:30 a.m.
                                           | Place:        Dept. 302
19         Defendants.
                                           | Date Action Filed:  January 19, 2007
20                                         | Trial Date:         Not yet set

1

This matter came on regularly for hearing on April 11, 2007, in Department 302, the Honorable Patrick J. Mahoney presiding. Present during the hearing and representing defendants City and County of San Francisco and Ladron Durio ("City") was Deputy City Attorney Rose-Ellen H. Fairgrieve. Plaintiff Gladys DeWitt was represented by her attorney, Ashwin Ladva, Esq. After considering the pleadings, oral argument, and matters judicially noticeable,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, THAT:**

The Defendants' demurrer to Plaintiff's January 19, 2007 Complaint is sustained without leave to amend as to the First and Second causes of action, and is sustained as to the Third, Fourth, and Fifth causes of action, with leave to amend as against all Defendants except San Francisco General Hospital.

**In so ordering, the Court finds that:**

1) The Complaint is barred on its face by Government Code Sections 911.2 and 911.4. Pursuant to those Sections, a plaintiff must file a California tort claim within six months or, in the event of late claim relief, within one year of the date the injury incurred as a result of defendant's wrongful act or omission.

2) Plaintiff filed her tort claim on March 20, 2006. Plaintiff does not allege any facts that give rise to her causes of action that occurred after September 20, 2005, six months before she filed her claim. Accordingly, Plaintiff's tort claim was untimely.

3) The first and second causes of action for breach of contract and breach of implied covenant of good faith and fair dealing fail as a matter of law because a public servant may not, as a matter of law, assert contract or quasi-contract claims. (*Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426, 1432-35.)

4) The third cause of action for fraud against the City fails because the City is immune from liability for misrepresentation under California Government Code Section 818.8. (*Burden v. County of Santa Clara* (2000) 81 Cal.App.4th 244, 250.)

5) The fourth and fifth causes of action for intentional infliction of emotional distress and negligent infliction of emotional distress fail because they are barred by Workers' Compensation Act exclusivity.

6) Generally, an employee whose injury arises out of and in the course of employment is limited to recovery of workers' compensation benefits. (Labor Code §§ 3600-3602.) "Section 3600 of the Labor Code provides that an employer is liable for injuries to its employees arising out of and in the course of employment, and section [3602] declares that where the conditions of workers' compensation exist, the right to recover such compensation is the exclusive remedy against an employer for injury or death of an employee." (*Vuillemainroy v. American Rock & Asphalt, Inc.* (1999) 70 Cal.App.4th 1280, 1283.) These provisions apply to all injuries that arise from the employment relationship. (*Livitsanos v. Superior Court* (1992) 2 Cal.4th 744, 747.)

7) Where, as here, "the complaint affirmatively alleges facts indicating coverage by the workers' compensation laws, if it fails to state additional facts negating application of the exclusive remedy provision, no civil action will lie and the complaint is subject to a general demurrer." (*Halliman v. Los Angeles Unified School Dist.* (1984) 163 Cal.App.3d 46, 50.)

8) Plaintiff's allegations arise out of and in the course of employment, and thus her fourth and fifth causes of action are barred as a matter of law under Workers' Compensation exclusivity.

**IT IS SO ORDERED.**

Dated: APR 2 4 2007

PATRICK J. MAHONEY
_____
Honorable Patrick J. Mahoney
San Francisco Superior Court

Approved as to form.

_____       _____
Ashwin Ladva, Esq.                              Dated

3

[Proposed] Order Sustaining Def's Demurrer, Case No. 459-735       N:\LABOR\LI2007\071000\00018833.DOC

# PROOF OF SERVICE

I, Karen Passanisi, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Fifth Floor, San Francisco, CA 94102.

On April 26, 2007, I served the following document(s):

- **ORDER SUSTAINING DEFENDANT CITY AND COUNTY OF SAN FRANCISCO AND LADRON DURION'S DEMURRER TO PLAINTIFF'S COMPLAINT**

on the following persons at the locations specified:

Ashwin Ladva, Esq.
Ladva, Shoker & Associates
530 Jackson St., 2nd Floor
San Francisco, CA 94133-5143

in the manner indicated below:

☐ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☒ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. **A declaration from the messenger who made the delivery** ☐ **is attached** or ☐ **will be filed separately with the court.**

☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-4248 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached** or ☒ **will be filed separately with the court.**

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed April 26, 2007, at San Francisco, California.

_____
Karen Passanisi

PROOF OF SERVICE; CASE NO. 459735                                   n:\labor\li2007\071000\00011893.doc

# Exhibit C

Ashwin Ladva, Esq. (206140)
Ladva, Shoker & Associates
530 Jackson Street, 2nd Floor
San Francisco, CA 94133
(415) 296 8844

ENDORSED FILED
San Francisco County Superior Court
JUN 2 9 2007
GORDON PARK-LI, Clerk
BY: _____ Deputy Clerk

Attorneys for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| GLADYS DEWITT<br><br>Plaintiff(s),<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO GENERAL HOSPITAL, LADRON DURIO, JAMES MOORE, and DOES 1-25<br><br>Defendant(s). | Case No.: **CGC-O7-459735**<br><br>ORDER OF THE COURT<br><br>Date: June 29, 2007<br>Time: 9:00 A.M.<br>Dept: 302 |

    The Motion of Plaintiff having been made and with proof presented to the satisfaction of the Court, and good cause appearing therefore,

    IT IS HEREBY ORDERED:

Plaintiff's Motion to Set Aside the Dismissal is Granted.

Plaintiff must file her First Amended Complaint by July 3, 2007 and pay sanctions to the Defendant, City and County of San Francisco, in the amount of $835.00.

The Defendant must file its Responsive pleadings by July 25, 2007.

Dated: _June 29, 2007_

JUDGE OF THE SUPERIOR COURT
PATRICK J. MAHONEY

Case No.

## PROOF OF SERVICE BY MAIL

I, the undersigned, declare:

I am over the age of 18 years and am not a party to this action. I am employed in the City and County of San Francisco. My business address is 530 Jackson Street, 2nd Floor, San Francisco, California, 94133. On the date set forth below, I served the foregoing documents described as follows:

- **ORDER OF THE COURT**

On the following person(s) in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Dennis Herrera, City Attorney
Rose-Ellen Fairgrieve
1390 Market Street, 6th Floor
San Francisco, CA 94102

[x]   **BY FIRST CLASS MAIL:**  I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service, to-wit, that correspondence will be deposited with the United States Postal Service this same day in the ordinary course of business. I sealed said envelope and placed it for collection and mailing this date, following ordinary business practices.

[ ]   **BY PERSONAL SERVICE:**   Following ordinary business practices, I cause the aforementioned document to be served, by hand delivery this date to the offices of the addressee(s).

[ ]   **BY OVERNIGHT MAIL:**  I caused such envelope to be delivered by a commercial carrier service for overnight delivery to the office(s) of the addressee(s).

[ ]   **BY FACSIMILE:**   I caused said document to be transmitted by Facsimile machine to the number indicated after the address(es) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this date in San Francisco, California.

Dated: 6/29/07

Daniel Martinez de la Vega

Proof of Service USPS

# Exhibit D

## Superior Court of California, County of San Francisco

Case Number: CGC-07-459735
Title: GLADYS DEWITT VS. SAN FRANCISCO CITY AND COUNTY, A PUBLIC ENTITY et al
Cause of Action: CONTRACT/WARRANTY
Generated: Jul-25-2007 1:38 pm PST

**Register of Actions**　Parties　Attorneys　Calendar　Payments　Documents

# Register of Actions

Date Range: First Date Jan-19-2007　Last Date Jul-25-2007　(Dates must be entered as MMM-DD-YYYY)
Descending Date Sequence　Submit

| Date | Proceedings | Document | Fee |
|---|---|---|---|
| JUL-23-2007 | CASE MANAGEMENT CONFERENCE OF AUG-03-2007 CONTINUED TO SEP-14-2007 AT 9:00 AM IN DEPT. 212. NOTICE SENT BY COURT. | View | |
| JUL-03-2007 | 1ST AMENDED COMPLAINT FILED BY PLAINTIFF DEWITT, GLADYS AS TO DEFENDANT SAN FRANCISCO CITY AND COUNTY, A PUBLIC ENTITY DURIO, LADRON AN INDIVIDUAL MOORE, JAMES AN INDIVIDUAL DOES 1-25 | View | |
| JUN-29-2007 | ORDER TO SET ASIDE/VACATE JUDGMENT (ORDER OF THE COURT TO SET ASIDE JUDGMENT/DISMISSAL OF MAY-25-2007) JUDGMENT OF MAY-25-2007 SET ASIDE | View | |
| JUN-29-2007 | MINI-MINUTES FOR JUN-29-2007 9:30 AM | | |
| JUN-29-2007 | LAW AND MOTION 302, PLAINTIFF GLADYS DEWITT'S MOTION TO SET ASIDE JUDGMENT. COURT ADOPTED ITS TENTATIVE RULING: GRANTED. PLAINTIFF IS TO FILE AMENDED COMPLAINT ON OR BEFORE JULY 3, 2007, AND PAY TO THE CITY $835.00 IN FEES AND COSTS. ORDER SIGNED IN OPEN COURT. JUDGE: PATRICK J. MAHONEY, REPORTER: MARIA TORREANO, CSR 8600 | | |
| JUN-25-2007 | REPLY TO DEFT'S OPPOS TO PLTF'S MOTION TO SET ASIDE THE JUDGMENT AND REQUEST FOR FEES AND COSTS FILED BY PLAINTIFF DEWITT, GLADYS | | |
| JUN-18-2007 | DECLARATION OF ROSE-ELLEN H. FAIRGRIEVE IN SUPPORT OF DEFTS' OPPOS TO PLTF'S MOTION TO SET ASIDE THE JUDGMENT AND REQUEST FOR FEES AND COSTS; POS FILED BY DEFENDANT DURIO, LADRON AN INDIVIDUAL CITY AND COUNTY OF SAN FRANCISCO | | |
| JUN-18-2007 | OPPOSITION TO PLTF'S MOTION TO SET ASIDE THE JUDGMENT AND REQUEST FOR FEES AND COSTS FILED BY DEFENDANT SAN FRANCISCO CITY AND COUNTY, A PUBLIC ENTITY SAN FRANCISCO GENERAL HOSPITAL, A PUBLIC ENTITY DURIO, LADRON AN INDIVIDUAL | | |
| JUN-13-2007 | CASE MANAGEMENT CONFERENCE OF JUN-22-2007 CONTINUED TO AUG-03-2007 AT 9:00 AM IN DEPT. 212. NOTICE SENT BY COURT. | View | |
| MAY-29-2007 | NOTICE OF MOTION AND MOTION TO SET ASIDE JUDGMENT, PROOF OF SERVICE, POINTS AND AUTHORITIES, DECLARATION FILED BY PLAINTIFF DEWITT, GLADYS HEARING SET FOR JUN-29-2007 AT 09:30 AM IN DEPT 302 | | 40.00 |
| MAY-25-2007 | NOTICE OF ENTRY OF JUDGMENT AND ORDER IN FAVORD OF DEFTS CCSF AND LADRON DURIO | | |
| MAY-25-2007 | THE COURT ORDERED THE FOLLOWING JUDGMENT ENTERED: IT IS ADJUDGED THAT PLAINTIFF DEWITT, GLADYS TAKE NOTHING FROM DEFENDANT SAN FRANCISCO CITY AND COUNTY, A PUBLIC ENTITY DURIO, LADRON AN INDIVIDUAL SEE SCANNED "JUDGMENT IN FAVOR OF DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND LADRON DURIO" | View | |
| MAY-25-2007 | ORDER IN FAVOR OF DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND LADRON DURIO | View | |

| Date | Description | | |
|---|---|---|---|
| MAY-24-2007 | EX PARTE APPLICATION FOR ORDER TO DISMISS COMPLAINT AND FOR ENTRY OF JUDGMENT; DECLARATION AND PROOF OF SERVICE, POINTS AND AUTHORITIES FILED BY DEFENDANT SAN FRANCISCO CITY AND COUNTY, A PUBLIC ENTITY DURIO, LADRON AN INDIVIDUAL MOORE, JAMES AN INDIVIDUAL | | EXEMPT |
| MAY-16-2007 | CASE MANAGEMENT STATEMENT FILED BY PLAINTIFF DEWITT, GLADYS JURY DEMANDED, ESTIMATED TIME FOR TRIAL: 5.0 DAYS | | |
| APR-25-2007 | ORDER SUSTAINING DEFENDANT CITY AND COUNTY OF SAN FRANCISCO AND LADRON DURIO'S DEMURRER TO PLAINTIFF'S COMPLAINT | View | |
| APR-11-2007 | MINI-MINUTES FOR APR-11-2007 9:30 AM | | |
| APR-11-2007 | LAW AND MOTION 302, ARGUED AND THE COURT MODIFIED ITS TENTATIVE RULING: DEFENDANTS SAN FRANCISCO CITY AND COUNTY AND LADRON DURIO AND JAMES MOORE'S DEMURRER TO COMPLAINT. THE DEMURRER IS SUSTAINED WITHOUT LEAVE TO AMEND AS TO CAUSES OF ACTION 1 AND 2. SUSTAINED WITH LEAVE TO AMEND AS TO CAUSES OF ACTION 3,4,5 AND WRONGFUL DISCHARGE. DEMURRER IS SUSTAINED WITHOUT LEAVE TO AMEND AS TO GENERAL HOSPITAL. JUDGE: PATRICK J. MAHONEY, REPORTER: MARIA TORREANO, CSR # 8600 | | |
| APR-05-2007 | POS: REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLTF'S COMPLAINT FILED BY DEFENDANT SAN FRANCISCO CITY AND COUNTY, A PUBLIC ENTITY DURIO, LADRON AN INDIVIDUAL MOORE, JAMES AN INDIVIDUAL | | |
| APR-04-2007 | LAW AND MOTION 301, DEFENDANT SAN FRANCISCO CITY AND COUNTY, LADRON DURIO'S DEMURRER TO COMPLAINT WAS TRANSFERRED TO DEPARTMENT 302 BEFORE JUDGE PATRICK MAHONEY. MATTER CONTINUED FROM APR-04-2007 TO APR-11-2007, 9:30 AM IN DEPT. 302. JUDGE: PETER J. BUSCH, REPORTER: CAROL KAREN, CSR # 8189 | | |
| APR-04-2007 | MINI-MINUTES FOR APR-04-2007 9:30 AM | | |
| APR-04-2007 | REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLTF'S COMPLAINT | | |
| MAR-27-2007 | REPLY IN SUPPORT OF DEMURER TO PLTF'S COMPLAINT FOR DAMAGES FILED BY DEFENDANT SAN FRANCISCO CITY AND COUNTY, A PUBLIC ENTITY DURIO, LADRON AN INDIVIDUAL MOORE, JAMES AN INDIVIDUAL | | |
| MAR-22-2007 | FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFT CITY AND COUNTY OF SAN FRANCISCO FILED BY PLAINTIFF DEWITT, GLADYS | | |
| MAR-22-2007 | MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOS OF DEFT CITY AND COUNTY OF SAN FRANCISCO'S DEMURRER TO PLTF'S COMPLAINT FOR DAMAGES FILED BY PLAINTIFF DEWITT, GLADYS | | |
| FEB-28-2007 | DEMURRER TO COMPLAINT, PROOF OF SERVICE, POINTS AND AUTHORITIES FILED BY DEFENDANT SAN FRANCISCO CITY AND COUNTY, A PUBLIC ENTITY DURIO, LADRON AN INDIVIDUAL HEARING SET FOR APR-04-2007 AT 09:30 AM IN DEPT 301 | | EXEMPT |
| FEB-13-2007 | SUMMONS ON COMPLAINT AND DECLARATION OF DILIGENCE, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF DEWITT, GLADYS SERVED FEB-11-2007, SUBSTITUTE SERVICE ON NATURAL PERSON ON DEFENDANT DURIO, LADRON AN INDIVIDUAL | | |
| FEB-02-2007 | SUMMONS ON COMPLAINT, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF DEWITT, GLADYS SERVED JAN-29-2007, PERSONAL SERVICE ON DEFENDANT SAN FRANCISCO CITY AND COUNTY, A PUBLIC ENTITY | | |
| FEB-02-2007 | SUMMONS ON COMPLAINT, PROOF OF SERVICE ONLY, FILED BY PLAINTIFF DEWITT, GLADYS SERVED JAN-29-2007, PERSONAL SERVICE ON DEFENDANT SAN FRANCISCO GENERAL HOSPITAL, A PUBLIC | | |

| | | | |
|---|---|---|---|
| | ENTITY | | |
| JAN-19-2007 | NOTICE TO PLAINTIFF | View | |
| JAN-19-2007 | CONTRACT/WARRANTY, COMPLAINT FILED BY PLAINTIFF DEWITT, GLADYS AS TO DEFENDANT SAN FRANCISCO CITY AND COUNTY, A PUBLIC ENTITY SAN FRANCISCO GENERAL HOSPITAL, A PUBLIC ENTITY DURIO, LADRON AN INDIVIDUAL MOORE, JAMES AN INDIVIDUAL DOES 1-25 SUMMONS ISSUED, JUDICIAL COUNCIL CIVIL CASE COVER SHEET FILED CASE MANAGEMENT CONFERENCE SCHEDULED FOR JUN-22-2007 PROOF OF SERVICE DUE ON MAR-20-2007 CASE MANAGEMENT STATEMENT DUE ON JUN-07-2007 | View | 335.00 |

# Exhibit E

# ARTICLE X: PERSONNEL ADMINISTRATION

## SEC. 10.101. GENERAL POWERS AND DUTIES.

The Civil Service Commission shall adopt rules, policies and procedures to carry out the civil service merit system provisions of this charter and, except as otherwise provided in this Charter, such rules shall govern applications; examinations; eligibility; duration of eligible lists; certification of eligibles; leaves of absence for employees and officers; appointments; promotions; transfers; resignations; lay-offs or reduction in force, both permanent and temporary, due to lack of work or funds, retrenchment or completion of work; the designation and filling of positions, as exempt, temporary, provisional, part-time, seasonal or permanent; status and status rights; probationary status and the administration of probationary periods, except duration; pre-employment and fitness for duty medical examinations, except for the conditions under which referrals for fitness for duty examinations will be made, and the imposition of new requirements; classification; conflict of interest; and such other matters as are not in conflict with this Charter; provided, however, that the minimum rule for the certification of eligibles shall be the Rule of Three Scores, and provided further that rules for leave due to illness or disability shall be approved by the Board of Supervisors. Changes to the rules may be proposed by members of the Commission, the Executive Assistant or the Human Resources Director and approved or rejected by the Commission. The Commission may, upon ten days' notice, make changes in the rules, which changes shall thereupon be printed and be in force; provided that no such changes in rules shall affect a case pending before the Commission.

The Commission shall have power to institute and prosecute legal proceedings for violations of any civil service merit system or Department of Human Resources provisions of this Charter.

The Commission shall establish an inspection service for the purpose of investigating the conduct or an action of appointees in all positions and of securing records of service for promotion and other purposes. All departments shall cooperate with the Commission in making its investigations and any person hindering the Commission or its agents shall be subject to suspension.

The Commission shall by rule establish procedures to review and resolve allegations of discrimination as defined in Article XVII of this Charter or otherwise prohibited nepotism or favoritism appealed to it pursuant to this section. The determination reached under Commission procedures shall be final and shall forthwith be enforced by every employee and officer.

The Commission shall have the power to inquire into the operation of the civil service merit system to ensure compliance with merit principles and rules established by the Commission. After such inquiry, the Commission may direct the Human Resources Director to take such action as the Commission believes necessary to carry out the civil service provisions of this Charter. In any hearing conducted by the Commission or by any hearing officer it appoints pursuant to this section, the Commission or the hearing officer shall have the power to subpoena and require the attendance of witnesses and the production of records.

The Commission may require periodic reports from the Human Resources Director in a manner and form which it shall prescribe.

The Commission may hear appeals from an action of the Human Resources Director in accordance with its rules, including but not limited to:

1. Allegations of discrimination as defined in Article XVII of this Charter. Notwithstanding any other provisions of this Charter except the fiscal provisions hereof, the decision of the Commission regarding allegations of discrimination shall forthwith be enforced by every officer and employee;

2. Allegations of fraud; and

3. Allegations of conflict of interest.

No action by the Human Resources Director which is the subject of any appeal shall be stayed during the appeal process except by a majority vote of the Civil Service Commission.

The Commission shall have the power and it shall be its duty to appoint an executive assistant to be the administrative head of the affairs under its control who shall serve at its pleasure; provided, however, that any person who has Civil Service status in the position of executive assistant to the Commission on the effective date of this section as amended shall continue to have Civil Service status in the position of executive assistant under the Civil Service provisions of this Charter. The executive assistant shall periodically report to the Commission on operation of the civil service merit system and may make recommendations to the Civil Service Commission regarding its rules, policies and procedures.

### SEC. 10.103. HUMAN RESOURCES DIRECTOR.

A Human Resources Director shall be selected by the Mayor from candidates nominated by the Civil Service Commission and confirmed by vote of the Board of Supervisors. The Human Resources Director shall possess not less than ten years professional experience in personnel, human resources management, labor or employee relations at least five years of which must be in federal, state or local governmental personnel management and such other qualifications as determined by the Commission. Notwithstanding any other provisions of this Charter, the Human Resources Director shall be appointed by and serve at the pleasure of the Mayor, provided that the Mayor's removal of the Human Resources Director may be rejected by a four-fifths vote of the Commission. Failure of the Commission to act within 30 days shall be deemed approval of the Mayor's action. The nominee of the Mayor may be appointed acting Human Resources Director pending confirmation. The person so appointed shall, before taking office, make under oath and file in the Office of the County Clerk the following declaration: "I am opposed to appointments to the public service as a reward for political activity and will execute the Office of Human Resources Director in the spirit of this declaration."

The appointment of the Director of the Human Resources Department as of the effective date of this Charter shall be effective until July 1, 1996, after which time he may be reappointed to the position in accordance with the appointment method provided herein.

The Human Resources Director shall have full power to administer the affairs of the Department. He or she shall have all powers of a department head and may appoint a Director of Employee Relations, an executive assistant and one confidential secretary, each of whom shall be exempt from the civil service provisions of this Charter, to assist in the administration and management of the functions of the department.

The Human Resources Director shall review and resolve allegations of discrimination as defined in Article XVII of this Charter against employees or applicants, or otherwise prohibited nepotism or favoritism. Notwithstanding any other provisions of this Charter except the fiscal provisions hereof, the decision of the Human Resources Director shall forthwith be enforced by every employee and officer, unless the decision is appealed to the Commission in accordance with Section 10.101.

The Human Resources Director shall investigate all employee complaints concerning job-related conduct of City and County employees and shall promptly report to the source of the complaint.

The Human Resources Director shall promote effective and efficient management through personnel programs that encourage productivity, job satisfaction and exemplary performance.

The Human Resources Director shall provide a procedure for resolution of employee disputes which shall be consistent with other provisions of this Charter and shall be utilized by all department heads and appointing officers in the absence of an applicable grievance procedure in a binding labor agreement.

The Human Resources Director shall verify that all persons whose names appear on City and County payrolls have been legally appointed to or employed in positions legally established under this Charter. The Controller shall not draw his or her warrant for any claim for salary, wages or compensation which has been disapproved by the Human Resources Director.

Consistent with the foregoing and other applicable provisions of this Charter, the Human Resources Director may delegate to the various appointing officers appropriate personnel responsibilities, and shall consult with appointing officers with respect to Civil Service Commission rules affecting their operations.

The Human Resources Director shall establish a system of job classification. The decision of the Human Resources Director regarding classification matters shall be final unless appealed to the Commission; provided, however, that nothing herein shall be construed to alter the scope of bargaining set forth in the following sections of the 1932 Charter: 8.400, 8.403, 8.404, 8.405, 8.407-1, 8.409 et seq. and 8.590-1 et seq.

The allocation or reallocation of a position shall not adversely affect the civil service rights of an occupant regularly holding such position. No person shall hold a position outside of the classification to which the person has been appointed, provided that every employee of any department or office shall discharge any of the duties pertaining to such department or office to which the employee's department head may temporarily assign the employee.

(Amended November 2004)