Ashwin Ladva, Esq. (206140)
Palvir K. Shoker (SB# 215533)
LADVA, SHOKER & ASSOCIATES
530 Jackson Street, 2nd Floor
San Francisco, CA 94133
(415) 296 - 8844

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLADYS DEWITT<br><br>Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et. al.<br><br>Defendants. | Case No.: CGC-07-459-735<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S 12(B)6 MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES<br><br>Hearing Date: October 3, 2007<br>Hearing Judge: Hon. Hamilton |

## INTRODUCTION

Plaintiff filed a complaint against the City for a breach of an agreement entered into between Defendant SFCC and Plaintiff. Defendant incorrectly states in the opening line of their Motion to Dismiss that Plaintiff's complaint arises out of her employment with San Francisco City and County (hereinafter "SFCC").

Plaintiff's complaint is not barred because Plaintiff filed a timely government claim; Plaintiff's claims do not only involve the terms and conditions of her employment, but more importantly an independent contractual agreement reached between Plaintiff and SFCC.

Plaintiff's claims for breach of contract, breach of implied covenant of good faith and fair

1

dealing, and fraud must be allowed to go forward as SFCC has no immunity from contractual obligations.

## PROCEDURAL HISTORY

On March 20, 2006, Plaintiff properly filed and served a claim with SFCC stating that SFCC breached a contract with Plaintiff because SFCC breached their promise to provide Plaintiff with a new job per the agreement. SFCC denied the claim of Plaintiff on September 28, 2006. Plaintiff filed the underlying complaint on January 19, 2007. Plaintiff attempted to serve the parties immediately. Plaintiff was successful in serving SFCC and James Durio respectively on January 19, 2007 and February 11, 2007. Defendant James Moore has been successful in his attempts to evade service.

## STATEMENT OF FACTS

The relevant facts of the complaint are set out below.

During her employment with San Francisco General Hospital, Plaintiff made numerous complaints to SFGH of inadequate conditions for appropriate healthcare for patients and her fellow employees. (Para. 10) Plaintiff's supervisor, James Moore, provided copies of confidential information that was not to be disclosed to other employees, including copies of Plaintiff's performance evaluations, to Defendant Durio. (Para. 12)

In September 2002, Plaintiff advised defendant SFGH that she was able to return to work after an excused absence and communicated her readiness and ability to supervisor James Moore. Moore advised Plaintiff that he was uncertain as to whether he could provide accommodation to Plaintiff given her medical disability. (Paras. 15 – 21). While Plaintiff waited to hear back from Moore as to whether she would be provided with a reasonable accommodation so that she could return to work. (Para. 22) On November 18, 2002, defendant SFCC served Plaintiff with an amended Notice of Intent to Dismiss from Permanent Position. (Para. 22)

On or about December 10, 2002, Plaintiff obtained a medical report from her physician, Artur Swartz, MD. The report stated that her medical condition resolved and that she was able to return to all her major life activities, including work, without restriction. (Para. 20)

On or about December 18, 2002, defendants SFCC and Moore proceeded with a Skelly hearing in order to dismiss Plaintiff from her position for "inattention to duty." During the course of that hearing, Plaintiff was completely exonerated from all charges based on her own testimony and the testimony of individual witnesses obtained by Plaintiff's retained counsel. Defendant SFCC was ordered to reinstate Plaintiff. (Para. 20) From the date of the Skelly hearing to present, defendant SFCC has done nothing to reinstate Plaintiff to a position within SFCC. (Para. 28)

In January 2003, Plaintiff began to make requests that Defendant SFGH provide her with reasonable accommodations so that she could return to work. (Para. 21) On March 28, 2003, within one hour of Plaintiff's time to arrive at work, Ms. Ito telephoned Plaintiff and told her not to appear at work, withdrawing her invitation for Plaintiff to return to work as scheduled. Ms. Ito then informed Plaintiff that she would get back to her. (Para. 24) On March 29, 2003, Plaintiff's supervisor Moore called her and stated that Ms. Ito made a mistake and the position was no longer available and he could not accommodate her. Defendant James Moore then promised to get back to Plaintiff at a later date. Defendant Moore never contacted Plaintiff again. (Para. 36). Plaintiff continued to wait to hear from Defendants.

Since recovery from her back injury and the completion of her training, Defendant SFGH has continuously failed and refused and continues to fail and refuses to provide Plaintiff with a reasonable accommodation so that she can return to work. Instead, Plaintiff has been offered a series of temporary assignments that would result in the loss of benefits, including medical benefits, provided no vacation time or retirement contributions, to which she would be entitled to otherwise. Additionally, Defendant

SFCC has sent Plaintiff out for interviews for two separate programs for which Plaintiff learned there was no funding. (Para. 39) Defendant SFCC has continued to frustrate the purposes of the agreement between the parties by not offering employment to Plaintiff when it was available, by offering Plaintiff temporary assignments and by not attempting in good faith to honor their portion of the agreement. (Para. 40)

Based on the above facts, Plaintiff filed the five following causes of action against Defendant SFCC and Ladron Durio: Breach of contract, Breach of the implied covenant of good faith and fair dealing, Fraud, Intentional infliction of emotional distress, and negligent infliction of emotional distress.

## LEGAL ARGUMENT

### STANDARD APPLICABLE FOR A MOTION TO DISMISS PURSUANT TO RULE 12(B)(6).

A ruling that Plaintiff has failed to state a claim under 12(b)(6) may be granted only in extraordinary circumstances. United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981). The party bringing a 12(b)(6) motion has the burden to show that Rule 8(a)(2) has not been met. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3rd Cir. 1991)

Rule 8(a) requires that a complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Rule 8(e) of the Federal Rules of Civil Procedure further requires that "each averment of a pleading shall be simple, concise, and direct." The purpose of these requirements is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests ." Conley v. Gibson, 355 U.S. 41, 47 (1957).

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). The court's role at the 12(b)(6) stage is not to evaluate the

4

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO DISMISS

strength or weakness of claims. Jacobson v. Hughes Aircraft Co. (9th Cir. 1997) 105 F.3d 1288, 1292. A Plaintiff's brief may always be used "to clarify allegations in her complaint whose meaning is unclear." Pegram v. Herdrich (2000) 530 U.S. 211, 230, fn. 10. "New" facts in Plaintiff's opposition must be considered to determine if to grant leave to amend or to dismiss with or without prejudice. Orion Tire Corp. v. Goodyear Tire & Rubber Co. (9th Cir. 2001) 268 F.3d 1133, 1137.

Defendant SFCC is attempting to twist a fact of the pleading in order to prevent Plaintiff from bringing her causes of action against Defendant SFCC. Here, Defendant SFCC has colored the entire complaint as being one that "arises out of her employment with San Francisco City and County." However, a plain reading of the complaint will show that the action was brought as SFCC breached its promise to reinstate Plaintiff to a like position within San Francisco City and County.

## I. PLAINTIFF'S COMPLAINT IS NOT TIME BARRED AS PLAINTIFF PROPERLY COMPLIED WITH ALL APPLICABLE PROCEDURES OF THE GOVERNMENT TORT CLAIM ACT.

Plaintiff filed a timely Government Claim with SFCC before filing her lawsuit and as such is in compliance with the California Torts Claim Act. Defendant SFCC claims that Plaintiff's complaint is now time barred. However, Defendant SFCC is incorrect in its calculation. SFCC has stated that Plaintiff is barred from any recovery for any act which occurred prior to September 20, 2005. Defendant SFCC is incorrect.

In making the determination as to when the applicable period is to file a Government Claim, the appropriate statute provides:

> For the purpose of computing the time limits prescribed by Sections 911.2, 911.4, 912, and 945.6, the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon. Cal. Gov't. Code § 901.

The California Supreme Court recently examined a similar issue of when a contract is breached. In *Mullins v. Rockwell Internat. Corp.*, (1997) 15 Cal. 4th 731, the Plaintiff was employed by Defendant for over twenty years. During the period of his employment, Plaintiff was harassed and demoted. Plaintiff took a medical leave of absence from March 18, 1988, to April 24, 1988, and again from January 7, 1989, to September 20, 1989. *Id*. On September 19, 1991, Mullins filed a complaint against Rockwell for constructive discharge and requested damages for wrongful termination, wrongful termination based upon a breach of the covenant of good faith and fair dealing, breach of an oral employment contract.

Defendant sought summary judgment on the ground that all the claims alleged against it were time-barred by the applicable statute of limitations. The trial court granted Defendant's motion for summary judgment on the ground that all claims were barred by the applicable statutes of limitation. The court declared that the first cause of action was barred by the applicable one-year limitations period because Mullins announced his resignation on September 20, 1989, and did not file his complaint until September 19, 1991. The court held that the contract causes of action were barred by the two-year statute of limitations set out in Code of Civil Procedure section 339.

Plaintiff appealed, and the Court of Appeal affirmed. With respect to the contract causes of action, the Court of Appeal declared that the limitations period for a wrongful discharge claim begins when the employee is given notice of termination or "the basis for constructive discharge," not when termination occurs. It reasoned that the limitations period begins when the circumstances have developed such that the plaintiff is entitled to a legal remedy.

The California Supreme Court saw the issue differently and reversed and remanded the case. The Court wrote:

> In the context of successive breaches of a continuing contractual obligation, we have explained: ' "In such a contract, where the parties did

> not mutually abandon or rescind it upon a breach or successive breaches, the injured party could wait until the time arrived for a complete performance by the other party and then bring an action for damages for such breaches. Respondent was not bound to treat the contract as abandoned on the first breach of it, or on any particular breach, but had his election to still rely on it, and the statute of limitations could not begin to run until it had made its election.'"" *Mullins v. Rockwell Internat. Corp.*, (1997) 15 Cal. 4th 731, 739, citing *Romano v. Rockwell Internat., Inc.* (1996) 14 Cal. 4th 479, 489-490.

The above passage from Mullins is completely applicable to Plaintiff's position with Defendant SFCC. Here, the City had a continuing contractual obligation to reinstate Plaintiff to a position with SFCC per the Skelly hearing. Plaintiff pleaded that Defendant SFGH failed and refused and continues to fail and refuse to provide Plaintiff with a reasonable accommodation so that she can return to work. Also that Plaintiff has been offered a series of temporary assignments that would result in the loss of benefits, including medical benefits, provided no vacation time or retirement contributions, to which she would be entitled to otherwise and SFCC sent Plaintiff out for interviews for two separate programs for which Plaintiff learned there was no funding. Defendant SFCC has continued to frustrate the purposes of the agreement between the parties by not offering employment to Plaintiff when it was available, by offering Plaintiff temporary assignments and by not attempting in good faith to honor their portion of the agreement.

As per the California Supreme Court, Plaintiff and Defendants did not mutually rescind the agreement upon a breach or successive breaches, so Plaintiff is entitled to wait until the time arrived for a complete performance by the other party and then bring an action for damages. She was not bound to treat the contract as abandoned on the first breach by Defendant, but had an election to rely on it, and the statute of limitations could not begin to run until Plaintiff made her election.