Plaintiff made her election on March 20, 2006 when Plaintiff filed and served a claim with SFCC stating that SFCC breached a contract with Plaintiff for its breach of a promise to provide Plaintiff with a new job per the agreement.

**II.  PLAINTIFF'S COMPLAINT IS NOT TIME BARRED AS PLAINTIFF PROPERLY COMPLIED WITH ALL APPLICABLE PROCEDURES OF THE GOVERNMENT TORT CLAIM ACT.**

Plaintiff argues in the alternative that if the Court does view this action as an employment action, then California Government Code § 905 applies. The statute provides that:

> There shall be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of this part all claims for money or damages against local public entities except:
> …
> (c) Claims by public employees for fees, salaries, wages, mileage or other expenses and allowances.

Plaintiff's lawsuit is an attempt to be put into a position she would have been if SFCC had honored their agreement. If SFCC is found to be liable in the above action, SFCC will be ordered to restore Plaintiff to the position she would have been, i.e. payment of all back wages.

Plaintiff argues in the alternative that she was not required to submit a Government Claim Form.

**III.  THE MOTION TO DISMISS THE BREACH OF CONTRACT CLAIM AND THE BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING SHOULD BE OVERRULED BECAUSE PLAINTIFF'S CAUSE OF ACTION FOR BREACH OF CONTRACT AND BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ARE INDEPENDENT OF PLAINTIFF'S EMPLOYMENT TERMS AND CONDITIONS.**

At the Skelly hearing, SFCC entered into an oral agreement with Plaintiff to reinstate her and to provide her with reasonable accommodations. Plaintiff pleaded that SFCC breached the agreement the agreement by not reinstating Plaintiff to a position as agreed upon in the Skelly hearing. Here, Plaintiff entered into an agreement to reinstate her to a position within SFCC.

Defendant SFCC insists that Plaintiff's claim must fail because a public employee cannot maintain a contract claim against a public employer. Defendant then goes on to cite several cases in an attempt to support their position.

In *Miller v. State of California* (1977) 18 Cal. 3d 808, Plaintiff employee sued the State of California over a new mandatory retirement age. Plaintiff attempted to argue that since he began his employment before the new law the old law was applicable to him. Plaintiff argued that he had a vested, contractual right, based on the mandatory retirement age that was in effect when he was first employed by the state, to continue in state service until age 70. The Court stated that "it is well settled in California that public employment is not held by contract but by statute and that, insofar as the duration of such employment is concerned, no employee has a vested contractual right to continue in employment beyond the time or contrary to the terms and conditions fixed by law."

Furthermore, the California Supreme Court again addressed this point in *Shoemaker v. Myers* (1990) 52 Cal. 3d 1. The Court cited to *Miller* and again stated

> Plaintiff has also attempted to state a cause of action for breach of contract or breach of the implied covenant of good faith and fair dealing. However, because plaintiff is a civil service employee, he cannot state such a cause of action. "[I]t is well settled in California that public employment is not held by contract but by statute and that, insofar as the duration of such employment is concerned, no employee has a vested contractual right to continue in employment beyond the time or contrary to the terms and conditions fixed by law." *Shoemaker v. Myers* (1990) 52 Cal. 3d 1, 23.

*Vielehr v. State of California* (1980), 104 Cal. App. 3d 392, 393 is a case that dealt with a class action surrounding a 1968 legislative enactment which affected the amount of interest paid to members of the Public Employees Retirement System (PERS) who withdraw their PERS contributions in a lump sum upon leaving public service before retirement. Plaintiff attempted to litigate the terms and conditions of their employment, primarily the interest paid out from Plaintiff's retirement account upon retirement.

In all of the cases cited, each Plaintiff was asserting that there was an existence of a contract of employment between each government entity and each individual Plaintiff or there was a disagreement

9

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO DISMISS

revolving around the terms and conditions of their employment. By Defendant's reasoning, Government employers can go around and enter into contracts without fear of any repercussion.

Plaintiff agrees that the legislature is responsible for determining the terms and conditions of employment. There is nothing in the case law cited by Defendant SFCC that states a party is barred from bringing an action for a breach of contract that has arisen independently of Plaintiff's employment. Plaintiff is not stating that she had a vested right to continue to work for Defendant SFCC once she was reinstated. Defendant SFCC may have reinstated Plaintiff and released her immediately. However, Plaintiff does insist that Defendant SFCC had a legal obligation in the very least to have reinstated Plaintiff to a position within SFCC.

### B. IN THE ALTERNATIVE, THE DEFENDANTS' BREACHED A SETTLEMENT AGREEMENT TO MAKE REASONABLE ACCOMODATIONS BETWEEN THE PLAINTIFF AND DEFENDANTS.

After the Skelly hearing, Plaintiff may have made an oral settlement agreement with the defendants not to pursue legal avenues as long as she was reinstated with accommodations. Plaintiff has been uncooperative with her counsel of records so I have been unable to investigate more details of her case. However, her rights to proceed on a breach of a settlement agreement should not terminated, or she should be granted leave to amend.

### IV. THE MOTION TO DISMISS THE PROMISSORY ESTOPPEL & FRAUD CLAIMS SHOULD NOT BE SUSTAINED WITHOUT LEAVE TO AMEND BECAUSE THE CITY DOES NOT HAVE IMMUNITY REGARDING CONTRACT CLAIMS.

Cal. Gov't. Code § 818.8 provides that "nothing in this part affects liability based on contract or the right to obtain relief other than money or damages against a public entity or public employee." Additionally, the Legislative Committee Comments also provide that, "The doctrine of sovereign immunity has not protected public entities in California from liability arising out of contract. This [code] section makes clear that this statute has no effect on the contractual liabilities of public entities or public employees."

10

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO DISMISS

Doctrine of governmental immunity for misrepresentation does not apply to actions sounding in contract. *Lundeen Coatings Corp. v. Department of Water & Power* (1991) 232 Cal.App.3d 16 [cited fpr general statement of the law]. Here, Plaintiff's cause of action is one that is based on breach of contract and breach of implied covenant of good faith and fair dealing. Defendant is now attempting to escape any form of liability and is urging the Court to toss out any and all of plaintiff's claims. However, per the statute, Defendant SFCC cannot escape liability by now attempting to paint Plaintiff's claims as one claim as opposed to the varied causes of action that Plaintiff has pleaded.

### A. THE MOTION TO DISMISS THE FRAUD CLAIM SHOULD NOT BE SUSTAINED WITHOUT LEAVE TO AMEND BECAUSE THE CITY DOES NOT HAVE IMMUNITY REGARDING CONTRACT CLAIMS.

Defendant incorrectly states in the opening line of their Motion to Dismiss that Plaintiff's complaint arises out of her employment with San Francisco City and County. This claim of Fraud is based on the breach of contract. Defendants breached a contract with Plaintiff because SFCC breached their promise to provide Plaintiff with a new job per the agreement.

### V. PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS IS NOT PRECLUDED BECAUSE DEFENDANT'S ACTIONS WERE AGAINST PUBLIC POLICY AND OUTSIDE THE SCOPE OF PLAINTIFF'S EMPLOYMENT.

An employee's emotional distress claim against employer is not preempted by California Workers' Compensation Act where alleged wrongful discharge on which claim is based violates fundamental public policy. <u>Kirton v. Summit Medical Center</u>, N.D.Cal.1997, 982 F.Supp. 1381. California courts have recognized that certain types of injurious employer misconduct remain outside this bargain. There are some instances in which, although the injury arose in the course of employment, the employer engaging in that conduct " 'stepped out of [its] proper role[ ]' " or engaged in conduct of " '

11

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO DISMISS

1  "questionable" relationship to the employment.' " <u>Shoemaker v. Myers</u>, 52 Cal.3d at p. 16, 276 Cal.Rptr.
2  303, 801 P.2d 1054 (1990), quoting <u>Cole v. Fair Oaks Fire Protection Dist.</u> 43 Cal.3d at p. 161, 233
3  Cal.Rptr. 308, 729 P.2d 743. (1987).

In <u>Kriton</u> the Employee's emotional distress claims, based on allegations that employer terminated her from position as nurse after falsely accusing her of stealing morphine, did not arise from facts which could be characterized as violations of fundamental public policy, and thus were preempted by California Workers' Compensation Act. <u>Kirton</u>, N.D.Cal.1997.

Defendant contends that plaintiff has not alleged any facts negating application of the exclusive remedy provision. Def. Motion to Dismiss 9. However in Paragraph 10 of Plaintiff's complaint states that "defendant MOORE repeatedly penalized and retaliated against Plaintiff for her advocacy." Paragraph 10, along with the complaint as a whole, exceeds Rule 8(a)(2) requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." At this stage of case, plaintiff has alleged sufficient information to proceed to discovery. Defendant's 12(b)6 motion at this point is improper and their arguments would be more proper on a motion for summary judgment.

### VI. **DEWITT'S SECTION 1983 CLAIM DOES NOT FAIL AS A MATTER OF LAW.**

**A. DEWITT'S SECTION CLAIM IS NOT BARRED BY THE STATUTE OF LIMITATIONS.**

As explained in section I, supra, Plaintiff's claims are not timed barred because the injury was continuous. As per the California Supreme Court wrote, Plaintiff and Defendants did not mutually rescind the agreement upon a breach or successive breaches, so Plaintiff is entitled to wait until the time arrived for a complete performance by the other party and then bring an action for damages. In <u>Mullins v. Rockwell Internat. Corp.</u>, (1997) 15 Cal. 4th 731. Plaintiff was not bound to treat the contract as

12

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO DISMISS

abandoned on the first breach by Defendant, but had an election to rely on it, and the statute of limitations could not begin to run until Plaintiff made her election.

### B. DEWITT'S COMPLAINT INCLUDES FACTUAL ACCUSATIONS THAT ALLEGE A CUSTOM, PRACTICE, OR POLICY OF THE CITY.

A local government may not be sued under 42 U.S.C. § 1983 for a constitutional violation committed by its employees or agents unless that violation is pursuant to the execution of an official policy or custom. See Monell v. Dept. of Social Serv., 436 U.S. 658, (1978). A plaintiff "may prove that a city employee committed the alleged constitutional violation pursuant to a formal governmental policy or a 'longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.' " Gillette v. Delmore, 979 F.2d 1342, 1346 (9th Cir.1992) (quoting Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)). Plaintiff "may prove that an official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it." Id. at 1346-47.

In Keough v. City of San Francisco, plaintiff's allegations in their complaint alleged that the County's "policies, customs, or practices" caused the unconstitutionally excessive force during and after plaintiff's arrest. Keough v. City of San Francisco, 2007 WL 1655630, N.D.Cal.,2007. The Keough court found this one paragraph was sufficient to state a claim and overcome a 12(b)6 motion to dismiss under Gillette, 979 F.2d at 1346.

In accordance with Keough, Plaintiff alleged that defendants had a "policies, customs, or practices" of retaliation against the defendant. Complaint Para. 70. Furthermore plaintiff plead additional facts and circumstances supporting her allegations. Complaint Para. 69. These two paragraphs coupled with the rest of the complaint is sufficient to state a claim and overcome a 12(b)6 motion to dismiss under Gillette, 979 F.2d at 1346.

13

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO DISMISS

### VII. IN THE ALTERNATIVE, PLAINTIFF SEEKS LEAVE FROM THE COURT IN ORDER TO AMEND.

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir.2000) (citations and internal quotation marks omitted).

Under Rule 12(e) of the Federal Rules of Civil Procedure, "if the pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e).

### VIII. CONCLUSION

Based on the above, Plaintiff respectfully requests the Court overrule the subject motion to dismiss and require the Defendant to answer in 10 days.

Dated: September 12, 2007

LADVA, SHOKER & ASSOCIATES

_____
Ashwin Ladva

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION OF DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S MOTION TO DISMISS