DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar #83788
Chief Labor Attorney
ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
Deputy City Attorney
Fox Plaza
1390 Market Street, Fifth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3845
Facsimile:    (415) 554-4248

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
LADRON DURIO, AND JAMES MOORE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLADYS DEWITT,<br><br>            Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO GENERAL HOSPITAL, LADRON DURIO, JAMES MOORE, and DOES 1 – 25,<br><br>            Defendants. | Case No.  07-3791 PJH<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO AND LADRON DURIO'S MOTION TO DISMISS**<br><br>Hearing Date:    November 7, 2007<br>Time:            9:00 a.m.<br>Place:           Courtroom 3, 17th Fl<br><br>Trial Date:      Not yet set |

1   The motion of Defendants City and County of San Francisco and Ladron Durio to
2   dismiss came on for hearing before this Court on November 7, 2007.  Deputy City Attorney
3   Rose-Ellen H. Fairgrieve appeared as attorney for Defendants City and County of San Francisco
4   and Ladron Durio, and Darryl Parker, Esq. appeared for Plaintiff Gladys DeWitt.
5   After considering the moving and opposition papers, the arguments of counsel, and all
6   other matters presented to the Court,
7   **IT IS HEREBY ORDERED**
8   That Defendants' Motion to Dismiss BE AND IS GRANTED.
9   This order is made based solely on admissible and relevant evidence.
10  Plaintiff's First through Fifth Causes of Action for: constructive discharge in breach of
11  public policy; promissory estoppel; fraud; intentional infliction of emotional distress, and
12  negligent infliction of emotional distress, are dismissed because Plaintiff failed to file a timely
13  government claim, as required by California Government Code Sections 911.2 and 911.4.
14  Pursuant to those Sections, a plaintiff must file a California tort claim within six months or, in
15  the event of late claim relief, within one year of the date the injury incurred as a result of
16  defendant's wrongful act or omission.  Plaintiff filed her tort claim on March 20, 2006.  As is
17  apparent from the face of the allegations, each of the acts that Defendants are alleged to have
18  committed, as well as DeWitt's speech for which she was allegedly retaliated against, occurred
19  more than two years before September 20, 2005.  Accordingly, her government claim to the City
20  was not timely as to those allegations.
21  Plaintiff's Second Cause of Action for promissory estoppel is also barred because as a
22  public employee Plaintiff may not, as a matter of law, assert contract or quasi-contract claims.
23  (*Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426, 1432-35.)
24  Plaintiff's Third Cause of Action for fraud against the City also fails because the City is
25  immune from liability for misrepresentation under California Government Code Section 818.8.
26  (*Burden v. County of Santa Clara* (2000) 81 Cal.App.4th 244, 250.)
27  Plaintiff's Fourth and Fifth Causes of Action for intentional and negligent infliction of
28  emotional distress also fail as a matter of law because they are barred by Workers' Compensation

ORDER GRANTING DEFS' MOTION TO DISMISS          1          N:\LABOR\LI2007\071000\00432885.DOC
CASE NO. 07-3791 PJH

1  Act exclusivity. Generally, an employee whose injury arises out of and in the course of
2  employment is limited to recovery of workers' compensation benefits. (Labor Code §§ 3600-
3  3602.) "Section 3600 of the Labor Code provides that an employer is liable for injuries to its
4  employees arising out of and in the course of employment, and section [3602] declares that
5  where the conditions of workers' compensation exist, the right to recover such compensation is
6  the exclusive remedy against an employer for injury or death of an employee." (*Vuillemainroy v.*
7  *American Rock & Asphalt, Inc.* (1999) 70 Cal.App.4th 1280, 1283.) These provisions apply to all
8  injuries that arise from the employment relationship. (*Livitsanos v. Superior Court* (1992) 2
9  Cal.4th 744, 747.)

10  Where, as here, "the complaint affirmatively alleges facts indicating coverage by the
11  workers' compensation laws, if it fails to state additional facts negating application of the
12  exclusive remedy provision, no civil action will lie and the complaint is subject to a general
13  demurrer." (*Halliman v. Los Angeles Unified School Dist.* (1984) 163 Cal.App.3d 46, 50.)

14  Plaintiff's allegations arise out of and in the course of employment, and thus her fourth
15  and fifth causes of action are barred as a matter of law under Workers' Compensation exclusivity.

16  Plaintiff's Sixth Cause of Action for violation for civil rights based on First Amendment
17  speech is barred as a matter of law by the statute of limitations. California's personal injury two-
18  year statute of limitations governs 42 U.S.C. §1983 claims for actions arising after January 1,
19  2003. (*Canatella v. Van De Kamp*, 486 F.3d 1128 (9th Cir. 2007).) The alleged events giving
20  rise to DeWitt's discrimination claims occurred, at the latest, March 29, 2003. DeWitt, however,
21  did not file her original complaint until January 9, 2007. Therefore, DeWitt's Section 1983 claim
22  is barred by the statute of limitations.

23  Plaintiff's Sixth Cause of Action against the City is also barred as a matter of law
24  because, in order to state a claim for a Section 1983 violation against the City, DeWitt must
25  allege that there was unconstitutional conduct that was proximately caused by a custom, practice
26  or policy of the City. (*Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).)
27  DeWitt fails to allege any facts that show the City had a policy, custom or practice of chilling
28

free speech.  DeWitt also does not allege that an official with final policy-making authority committed or ratified a constitutional tort against her.

**IT IS SO ORDERED.**

Dated:  _____        _____
                                     Hon. Phyllis J. Hamilton
                                     United States District Judge, Northern District