UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GLADYS DEWITT,

    Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.

_____/

No. C 07-3791 PJH

**ORDER GRANTING MOTION TO DISMISS**

    Before the court is defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the first amended complaint for failure to state a claim. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows.

    Plaintiff Gladys DeWitt was formerly employed by defendant City and County of San Francisco ("CCSF") as a healthcare worker at San Francisco General Hospital ("SFGH"). Plaintiff claims she was constructively discharged following a period of temporary disability. Named defendants are CCSF, Ladron Durio ("Durio" – a co-employee of plaintiff at SFGH), James Moore ("Moore" – plaintiff's supervisor at SFGH), and 10 Doe defendants. Moore has apparently not been served.

    The complaint in this action was originally filed in San Francisco Superior Court on

January 19, 2007, alleging state law causes of action only. The Superior Court sustained defendants' demurrer on April 11, 2007, dismissing two of the causes of action with prejudice, and granting leave to amend as to the others. The first amended complaint ("FAC") was filed on July 3, 2007, and included a new § 1983 cause of action. Defendants CCSF and Durio removed the case on July 24, 2007.

## BACKGROUND

The following summary is taken from the factual allegations in the FAC.

Plaintiff began working at SFGH in 1981. She became a full-time employee in 1986. In 1993, she bacame a Healthcare Worker II. On November 1, 2001, plaintiff fell into a pothole on the grounds of SFGH, while working, and injured her back.

On November 29, 2001, plaintiff was served with a notice of intent to dismiss from permanent position. On December 27, 2001, plaintiff advised SFGH that she was suffering from temporary total disability.

Also on December 27, 2001, plaintiff met with Moore to discuss the incidents that were the subject of the notice of intent to dismiss. Plaintiff claims that she refuted all the charges, and that she also informed Moore that Durio was making up charges. Moore allegedly promised to investigate further.

Plaintiff made a claim for worker's compensation benefits for her injuries. On August 18, 2002, plaintiff settled her worker's compensation claim. In September 2002, plaintiff advised SFGH that she was able to return to work, with accommodations. Moore advised plaintiff that he was uncertain whether he could provide the requested accommodations.

On November 18, 2002, while plaintiff was waiting to hear from Moore with regard to whether SFGH could provide her with the requested accommodations, SFGH served plaintiff with an amended notice of intent to dismiss from permanent position, and proceeded with administrative procedures to terminate plaintiff, allegedly based on charges made by Moore and Durio.

According to plaintiff, she was a vocal critic of inadequate conditions for appropriate healthcare for SFGH patients and her fellow employees during the time she was employed

at SFGH. She claims that defendants retaliated against her for her speech as a patient advocate.

In late November or early December 2002, CCSF notified plaintiff that it intended to proceed with her dismissal, based on the same charges made more than a year before. On December 18, 2002, CCSF held a pre-termination hearing (Skelly hearing). Plaintiff alleges that the purpose of the hearing was to dismiss her from her position for "inattention to duty." During the course of the hearing, according to plaintiff, she was exonerated from all charges, based on her testimony and the testimony of other witnesses. She says CCSF was ordered to reinstate her with reasonable accommodations – that is, to place her in a position where she wouldn't be working with Durio.

In January 2003, plaintiff began making requests that CCSF provide her with reasonable accommodations so she could return to work. On January 24, 2003, CCSF's disability coordinator for SFGH wrote plaintiff, stating that "the department has determined that your request does not specify a medical condition for which reasonable accommodation is suitable." Plaintiff claims that this statement was false, and was made for the purpose of delaying her return to work.

On March 20, 2003, plaintiff received a letter from CCSF's personnel officer for SFGH, stating that she (plaintiff) was expected to return to work on March 28, 2003. Plaintiff claims there was no mention in the letter of any reasonable accommodation, of how the conflict with Durio would be resolved, or of what her schedule would be.

Plaintiff alleges that within one hour of when she was to return to work on March 28, 2003, someone from CCSF called her and told her not to appear at work as scheduled. The caller stated that someone from CCSF would get back to her.

On March 29, 2003, Moore called plaintiff and advised her that her position was no longer available. Moore allegedly stated that he would contact her as soon as a position became available. Plaintiff claims that Moore never called her again, although she continued to contact him to inquire about her position. She asserts that Moore never returned her phone calls. She then retained counsel to assist her in getting reinstated, but

3

was still unsuccessful.

CCSF's worker's compensation carrier required that plaintiff attend training during this time to prepare her as a medical assistant. Plaintiff asserts that she attended and completed the required training.

Plaintiff alleges that CCSF has failed and continues to fail to provide her with an accommodation so she can return to work. She claims that all she has been offered are a series of temporary jobs that would result in a loss of benefits. She also asserts that CCSF sent her out for interviews on two jobs for which, she later learned, there was no funding.

On March 20, 2006, plaintiff filed a tort claim with CCSF, alleging, among other things, that she had been removed from her job in January 2001, and had not received a new job. CCSF denied her claim on September 28, 2006.

Plaintiff claims that as recently as February 2007, she received a letter from CCSF informing her that she was still an employee, but that CCSF continues to refuse to provide her with a job schedule or a place to work.

Plaintiff alleges six causes of action in the FAC – (1) constructive discharge in breach of public policy, against all defendants; (2) promissory estoppel, against CCSF and Moore; (3) fraud (against CCSF and Moore); (4) intentional infliction of emotional distress (against all defendants); (5) negligent infliction of emotional distress (against all defendants); and (6) violation of First Amendment right to freedom of speech, under 42 U.S.C. § 1983 (against CCSF, Moore, and DOES 1-10).

On July 25, 2007, defendants filed a motion to dismiss the FAC, noticed for hearing on September 5, 2007. On August 21, 2007, defendants filed a notice indicating that plaintiff had failed to oppose the motion. Plaintiff then requested a continuance of the hearing date, and the court set the new hearing date for October 3, 2007. On September 6, 2007, plaintiff's counsel filed a motion to withdraw. On September 12, 2007, plaintiff filed an opposition to the motion to dismiss.

On September 28, 2007, the court conducted a case management conference, at which plaintiff appeared in propria persona and informed the court that she was seeking

4

1  new counsel. She requested a continuance. The court ordered that the opposition to the
2  motion be filed by October 17, 2007, and set the new hearing date for November 7, 2007.
3  The court signed the order granting the substitution of attorney on October 15, 2007.
4  Plaintiff's opposition to the motion was filed on October 17, 2007.

**DISCUSSION**

A.   Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)). All allegations of material fact are taken as true. Erickson, 127 S.Ct. at 2200. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at 1964-65 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 1966-67.

B.   Defendants' Motion to Dismiss

Defendants make five arguments in support of their motion. First, they assert that the first five causes of action (the state-law tort causes of action) are barred because plaintiff failed to file a timely claim under the California Tort Claims Act, California

5

1   Government Code §§ 905, 911.2, 911.4 .  Second, they contend that the promissory
2   estoppel claim fails as a matter of law, because public employment is set by statute and not
3   contract.  Third, they argue that the fraud claim fails because CCSF has absolute immunity
4   for any alleged misrepresentations, under California Government Code § 818.8.
5   Fourth, they contend that the emotional distress claims fail because they are precluded by
6   the Workers' Compensation Act, California Labor Code § 3600, et seq.  Fifth, they assert
7   that the § 1983 claim is time-barred, and also fails as against CCSF because plaintiff does
8   not allege that the constitutional violation was caused by a custom, practice, or policy of
9   CCSF, as required under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

10   The court has considered only the opposition filed on October 17, 2007, by plaintiff's
11   new counsel.  In the opposition, plaintiff argues that "[t]his is essentially an action for
12   violations of statutory anti-discrimination laws," and asserts that she has "a viable claim for
13   a continuing violation of both state and federal law against disability discrimination and a
14   claim for continuing retaliation under both FEHA and under 1983."  She concedes that "as
15   presently constituted" most of her claims do not state viable claims for relief (although she
16   does assert that the cause of action for promissory estoppel states a viable claim).  She
17   requests that the court deny defendants' motion, but allow her to amend the complaint to
18   properly state appropriate claims for relief.

19   In reply, CCSF argues that the amendments proposed by plaintiff would be futile,
20   and requests that the court grant the motion to dismiss, without leave to amend.

21   Based on plaintiff's concession that most of the claims alleged in the FAC do not
22   state a claim, the court finds that the motion must be GRANTED.  Based, however, on the
23   fact that defendants have not yet filed an answer to the complaint, and also based on the
24   fact that plaintiff is now represented by different counsel than she was before the action
25   was removed, the court finds that the dismissal should be WITH LEAVE TO AMEND.  The
26   court sees no need for an order that addresses each of the arguments made by defendants
27   in their motion.

28   The second amended complaint shall be filed no later than November 14, 2007, with

6

defendants' response due no later than 20 days thereafter.

The date for the hearing on CCSF's motion to dismiss, previously set for Wednesday, November 7, 2007, is VACATED.

**IT IS SO ORDERED.**

Dated: October 25, 2007

PHYLLIS J. HAMILTON
United States District Judge