Darryl Parker, SBN 95914
PREMIER LAW GROUP, PLLC
3131 Elliott Avenue, Suite 710
Seattle, Washington 98121
Telephone: (206) 285-1743
Facsimile: (206) 599-6316

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT CALIFORNIA

| GLADYS DEWITT, | ) | |
|---|---|---|
| | ) | No. C-07-03791 PJH |
| Plaintiff, | ) | |
| | ) | SECOND AMENDED COMPLAINT FOR |
| vs. | ) | DAMAGES |
| | ) | |
| CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO GENERAL HOSPITAL, JAMES MOORE, and Does 1-25, | ) ) ) ) ) | Jury Trial Demanded |
| Defendants. | | |

## INTRODUCTION

1. This is an action to redress unlawful employment practices. Defendants, through their agents, have deprived plaintiff of her right to employment and have caused her to suffer economic damages as well as continuing frustration and emotional distress. Plaintiff asks that this Second Amended Complaint relate back to January 19, 2007, the original date that plaintiff filed her lawsuit in the superior court.

SECOND AMENDED COMPLAINT FOR DAMAGES

(C-07-03791 PJH)-1

Premier Law Group, PLLC
3131 Elliott Avenue, Suite 710
Seattle, WA 98121
(206) 285-1743- / FAX: (206) 599-6316

## JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to 28 United States Code Section 1331, and 42 United States Code Section 1983.

3. This Court has supplemental jurisdiction over the State claims by virtue of the fact that they arise out of the same transactions or series of transactions as do the claims alleged herein under federal and constitutional law.

## VENUE

4. The unlawful employment practices alleged below were committed within the geographical boundaries of San Francisco, California. Venue is thus proper in the San Francisco Federal Courthouse in the Northern District of California.

## ADMINISTRATIVE PROCEDURE

5. Plaintiff has complied with all of the statutory requirements for filing a claim with the California Department of Fair Employment and Housing. She received a right to sue letter from the DFEH on May 23, 2006 to pursue this action and timely filed her original action.

6. Plaintiff also filed a tort claim against the City and County of San Francisco on March 16, 2006, which was rejected within six months of the date that plaintiff originally filed this lawsuit in the superior court.

## PARTIES

7. Plaintiff Gladys DeWitt is a black female adult citizen of San Francisco, California and she is 57 years old.

8. Defendant City and County of San Francisco, hereinafter (CCSF) is and at all

SECOND AMENDED COMPLAINT FOR DAMAGES

(C-07-03791 PJH)-2

**Premier Law Group, PLLC**
3131 Elliott Avenue, Suite 710
Seattle, WA 98121
(206) 285-1743- / FAX: (206) 599-6316

times relevant, has been a governmental agency and a political subdivision of the State of California. Said defendant, at all times mentioned herein, operated San Francisco General Hospital, which is and has been plaintiff's employer. Defendant City and County of San Francisco regularly employs more than 15 people and is defined as an employer under both California and federal law.

9. Defendant James Moore at all times herein mentioned was plaintiff's supervisor and in doing the things herein alleged was acting within the course and scope of his employment with defendant CCSF and was acting as its agent. At all times Defendant Moore's actions were under color of law.

## STATEMENT OF FACTS

10. In April 1981, plaintiff Gladys DeWitt began her employment with defendant CCSF at San Francisco General Hospital as an Inventory Clerk.

11. In 1986, plaintiff was promoted to a Storekeeper at San Francisco General Hospital.

12. In or about 1993, plaintiff was promoted to a Healthcare Worker II. Plaintiff worked in that position until 2002. During plaintiff's employment, she complained about discriminatory practices which she believed violated the Fair Employment and Housing Act. Beginning in 2001, plaintiff made continuous complaints to OSHA about the safety of the hospital's equipment and about unsanitary conditions that the hospital patients had to endure.

13. On or about November 1, 2001, plaintiff fell into a pothole on the grounds of San Francisco General Hospital while working and severely injured her back, causing her to become disabled.

SECOND AMENDED COMPLAINT FOR DAMAGES

(C-07-03791 PJH)-3

Premier Law Group, PLLC
3131 Elliott Avenue, Suite 710
Seattle, WA 98121
(206) 285-1743- / FAX: (206) 599-6316

14. In late 2001, defendant began to retaliate against plaintiff in part because of her age, her vocal opposition to unlawful employment practices, and her filing of a Worker's Compensation claim related to her injury. Plaintiff's immediate supervisor James Moore repeatedly threatened to replace plaintiff with a younger employee and made harassing comments to her regarding her age, race and gender. Defendant Moore also involved co-worker Durio in trying to remove plaintiff from her position by sharing plaintiff's confidential performance evaluations and other information about plaintiff with Durio who also made inappropriate comments to plaintiff about her age, race, and gender, thereby creating a hostile working environment.

15. On November 29, 2001, plaintiff was served with a Notice of Intent to Dismiss from Permanent Position for "inattention to duty".

16. After receiving the Notice of Intent to Dismiss dated November 29, 2001, plaintiff, suffering from a severe physical medical condition from her fall, began to suffer from symptoms of anxiety and depression. Plaintiff was referred by the San Francisco General Hospital Human Resources Department to psychiatrist Dr. Nathan Hare.

17. In or about December 2001, plaintiff's psychiatrist, Dr. Hare, sent a letter to San Francisco General Hospital's Human Resources Department advising them that plaintiff was suffering from temporary total disability.

18. On or about December 27, 2001, plaintiff met with her supervisor, James Moore, to discuss the incidents that were the subject of the Notice of Intent to Dismiss from Permanent Position. At that meeting, plaintiff specifically and in detail refuted the charges and informed Moore that one or more witnesses would exonerate her of all charges. Moore

SECOND AMENDED COMPLAINT FOR DAMAGES

(C-07-03791 PJH)-4

Premier Law Group, PLLC
3131 Elliott Avenue, Suite 710
Seattle, WA 98121
(206) 285-1743- / FAX: (206) 599-6316

promised to investigate further. Plaintiff is informed and believes and thereon alleges that he did not do so.

19. On November 18, 2002, defendant CCSF served plaintiff with an Amended Notice of Intent to Dismiss from Permanent Position based on the same charge that was brought against plaintiff in the prior Notice of Intent to Dismiss dated November 29, 2001.

20. On December 18, 2002, defendant CCSF proceeded with a Skelly hearing, the purpose of which was to dismiss plaintiff from her permanent position as a Healthcare Worker II for "inattention to duty," based on defendant Moore's recommendation. Robert Thomas, a Personnel Officer with CCSF's Labor Relations Division of the Department of Public Health, oversaw the Skelly hearing, and based on plaintiff's testimony and the testimony of individual witnesses, exonerated plaintiff of all charges and ordered that she be reinstated to her position with reasonable accommodations. The reasonable accommodations promised to plaintiff by CCSF at the Skelly hearing were providing plaintiff with a position that accommodated her medical condition, and a position in a different department so that plaintiff would not continue to be subjected to a hostile work environment, nor continue to be retaliated against by Moore and Durio.

21. In January 2003, plaintiff began to make requests that CCSF provide her with a position with the reasonable accommodations promised in the December 18, 2002 Skelly hearing so that she could return to work.

22. On January 24, 2003, defendant CCSF's disability coordinator for SFGH, Casey Chatillon, wrote plaintiff stating that, "the department has determined that your request does not specify a medical condition for which a reasonable accommodation is

SECOND AMENDED COMPLAINT FOR DAMAGES

(C-07-03791 PJH)-5

Premier Law Group, PLLC
3131 Elliott Avenue, Suite 710
Seattle, WA 98121
(206) 285-1743- / FAX: (206) 599-6316

applicable." This statement was false and on information and belief plaintiff alleges that the statement was made for the purpose of delaying plaintiff's return to work.

23. On February 6, 2003, plaintiff's attorney Hubbard, sent a letter to Robert Thomas, CCSF's personnel officer who oversaw the December 2002 Skelly hearing, requesting that plaintiff be reinstated to a position with reasonable accommodations.

24. On February 13, 2003, Robert Thomas wrote a letter to Julian Hubbard indicating that plaintiff was on sick leave due to her injury, and that "work restrictions… barred her from returning to work at the Messenger Center."

25. On March 20, 2003, Janis Ito, CCSF's Departmental Personnel Officer for the Department of Public Health, sent plaintiff a letter indicating that plaintiff was expected to return to work to the same position, Healthcare Worker II for Messenger Services, on March 28, 2003. The letter did not address plaintiff's request for reasonable accommodation, nor her concerns for a working in a hostile work environment created by defendant Durio's prior threats.

26. On March 28, 2003, within one hour of what was to be her return to work, plaintiff's supervisor, James Moore, telephoned plaintiff and told her not to report to work as scheduled. Moore then informed plaintiff that he would notify her when to report to work again.

27. On March 29, 2003, Defendant Moore telephoned plaintiff and stated that her position as a Healthcare Worker II was no longer available. Defendant Moore then informed plaintiff that as soon a position became available, he would contact her. To date: defendant Moore has not contacted plaintiff.

SECOND AMENDED COMPLAINT FOR DAMAGES

(C-07-03791 PJH)-6

Premier Law Group, PLLC
3131 Elliott Avenue, Suite 710
Seattle, WA 98121
(206) 285-1743- / FAX: (206) 599-6316

28. From March 29, 2003 to the present, plaintiff has made numerous attempts to be reinstated to a position with CCSF with the reasonable accommodations promised to her at the Skelly hearing. Every few months she has left telephone messages for defendant Moore inquiring about positions, but he has not returned her calls. Beginning in February 2003 until March 2006, plaintiff's attorney Julian Hubbard sent numerous letters to both CCSF Personnel Officer Robert Thomas and Casey Chatillon, CCSF's ADA coordinator, requesting reinstatement of plaintiff to a position with reasonable accommodation. Robert Thomas responded by letter to Julian Hubbard dated February 24, 2005 stating that "I have referred [your letter] to the office of the City Attorney, as well as to the Equal Employment Opportunity Office of the Department of Public Health. One of those offices will respond to you shortly." Casey Chatillon responded to letters on several occasions stating that "[a]n ongoing search for vacant positions has been continuously ongoing for vacant positions for which Ms. DeWitt meets the minimum qualifications, and for which she could perform the essential functions with, or without an accommodation."

29. Since the Skelly hearing on December 18, 2002, plaintiff has complied with all of CCSF's requests so that she can be reinstated to a position with reasonable accommodations, including successfully completing a medical assistant training program, and going to interviews set up by CCSF for positions that had no funding.

30. On July 3, 2007, Rhonda Lunsford, a Senior Personnel Analyst with CCSF's Department of Public Health, sent plaintiff a Notice of Intent to File Automatic Resignation with "intent to record your absences without leave as automatic resignation from your Class 2586 Health Worker II position."

SECOND AMENDED COMPLAINT FOR DAMAGES

(C-07-03791 PJH)-7

Premier Law Group, PLLC
3131 Elliott Avenue, Suite 710
Seattle, WA 98121
(206) 285-1743- / FAX: (206) 599-6316

31. Despite plaintiff's five year compliance with defendant CCSF's requirements for reinstatement per the Skelly hearing, defendant CCSF continues to unlawfully deny plaintiff's request for reasonable accommodation, and continues to prevent and delay plaintiff's reinstatement to a position as promised at the Skelly hearing. Defendants' ongoing pattern of discrimination, retaliation and denial of employment has caused plaintiff extreme financial hardship and mental anguish.

### FIRST CLAIM FOR RELIEF

(Denial of Equal Protection – all defendants)

32. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 31 with the same force and effect as if such paragraphs were separately realleged in this First Claim For Relief.

33. Defendants have continuously prevented plaintiff from working and not allowed to return to her position with the City and County of San Francisco because of her race and sex in violation of 42 United States Code Section 1983. Plaintiff has been treated arbitrarily and her right to equal protection of the laws has been violated.

34. As a direct and proximate result of the acts of defendants, and each of them, plaintiff sustained severe and continuing shock to her nervous system, mental anguish, mortification, humiliation, loss of good health and sleep, all to her damage according to proof at trial. Plaintiff also sustained lost wages and employment benefits according to proof at trial.

### SECOND CLAIM FOR RELIEF

(Retaliation Discrimination – 1981 – all defendants)

SECOND AMENDED COMPLAINT FOR DAMAGES

(C-07-03791 PJH)-8

Premier Law Group, PLLC
3131 Elliott Avenue, Suite 710
Seattle, WA 98121
(206) 285-1743- / FAX: (206) 599-6316

35. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 31 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

36. Plaintiff has been continuously denied an accommodation for her disability and has repeatedly been prevented from resuming her position at San Francisco General Hospital, in part, because of her prior complaints of racial discrimination in violation of 42 United States Code Section 1981.

37. As a direct and proximate result of the acts of defendants, and each of them, plaintiff sustained severe and continuing shock to her nervous system, mental anguish, mortification, humiliation, loss of good health and sleep, all to her damage according to proof at trial. Plaintiff also sustained lost wages and employment benefits according to proof at trial.

### THIRD CLAIM FOR RELIEF

(Violation of the DFEH – racial discrimination CCSF only)

38. Plaintiff realleges and incorporates by reference herein paragraphs 1-31 with the same force and effect as if such paragraphs were separately realleged in this Third Claim For Relief.

39. Plaintiff has been continuously denied an accommodation for her disability and has repeatedly been prevented from resuming her position at San Francisco General Hospital, in part, because of her race, black, in violation of the Fair Employment and Housing Act. Defendant's continuous discriminatory actions against plaintiff, as alleged above, constitutes a continuing violation of Government Code Section 12940.

SECOND AMENDED COMPLAINT FOR DAMAGES

(C-07-03791 PJH)-9

Premier Law Group, PLLC
3131 Elliott Avenue, Suite 710
Seattle, WA 98121
(206) 285-1743- / FAX: (206) 599-6316

40. As a direct and proximate result of the acts of defendant CCSF, plaintiff sustained severe and continuing shock to her nervous system, mental anguish, mortification, humiliation, and loss of good health and sleep, all to her damage according to proof at trial. Plaintiff also sustained lost wages and employment benefits according to proof at trial.

### FOURTH CLAIM FOR RELIEF

(Violation of the DFEH – Sex Discrimination – CCSF only)

41. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 31 with the same force and effect as if such paragraphs were separately realleged in this Fourth Claim for Relief.

42. Plaintiff has been continuously denied an accommodation for her disability and has repeatedly been prevented from resuming her position at San Francisco General Hospital, in part, because of her sex, female, in violation of the Fair Employment and Housing Act. Defendant's continuous discriminatory actions against plaintiff, as alleged above, constitutes a continuing violation of Government Code Section 12940.

43. As a direct and proximate result of the acts of defendant CCSF, plaintiff sustained severe and continuing shock to her nervous system, mental anguish, mortification, humiliation, and loss of good health and sleep, all to her damage according to proof at trial. Plaintiff also sustained lost wages and employment benefits according to proof at trial.

### FIFTH CLAIM FOR RELIEF

(Violation of the DFEH – Age Discrimination – CCSF only)

44. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 31 with the same force and effect as if such paragraphs were separately realleged in this Fifth Claim For Relief.

SECOND AMENDED COMPLAINT FOR DAMAGES

(C-07-03791 PJH)-10

Premier Law Group, PLLC
3131 Elliott Avenue, Suite 710
Seattle, WA 98121
(206) 285-1743- / FAX: (206) 599-6316

45. Plaintiff has been continuously denied an accommodation for her disability and has repeatedly been prevented from resuming her position at San Francisco General Hospital because of her age in violation of the Fair Employment and Housing Act. Defendant's continuous discriminatory actions against plaintiff, as alleged above, constitutes a continuing violation of Government Code Section 12940.

46. As a direct and proximate result of the acts of defendant CCSF, plaintiff sustained severe and continuing shock to her nervous system, mental anguish, mortification, humiliation, and loss of good health and sleep, all to her damage according to proof at trial. Plaintiff also sustained lost wages and employment benefits according to proof at trial.

### SIXTH CLAIM FOR RELEF

(Violation of Public Policy – OSHA – Complaint – CCSF only)

47. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 31 with the same force and effect as if such paragraphs were separately realleged in this Sixth Claim For Relief.

48. Plaintiff has been continuously denied an accommodation for her disability and has repeatedly been prevented from resuming her position at San Francisco General Hospital in retaliation for her prior complaints to a governmental agency about conditions which jeopardized the health and safety of patients and employees, in violation of the Labor Code and established California Public Policy.

49. As a direct and proximate result of the acts of defendant CCSF, plaintiff sustained severe and continuing shock to her nervous system, mental anguish, mortification, humiliation, and loss of good health and sleep, all to her damage according to proof at trial. Plaintiff also sustained lost wages and employment benefits according to proof at trial.

SECOND AMENDED COMPLAINT FOR DAMAGES

(C-07-03791 PJH)-11

Premier Law Group, PLLC
3131 Elliott Avenue, Suite 710
Seattle, WA 98121
(206) 285-1743- / FAX: (206) 599-6316

## SEVENTH CLAIM FOR RELIEF

(Violation of Public Policy Labor Code Section 132a Complaint – CCSF only)

50. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 31 with the same force and effect as if such paragraphs were separately realleged in this Seventh Claim For Relief.

51. Plaintiff has been continuously denied an accommodation for her disability and has repeatedly been prevented from resuming her position at San Francisco General Hospital in retaliation for her exercising her right to worker's compensation for an on the job injury and in retaliation for suffering an on the job injury in violation of the Labor Code and established California Public Policy. Said conduct constitutes a continuing violation of California Public Policy.

52. As a direct and proximate result of the acts of defendant CCSF, plaintiff sustained severe and continuing shock to her nervous system, mental anguish, mortification, humiliation, and loss of good health and sleep, all to her damage according to proof at trial. Plaintiff also sustained lost wages and employment benefits according to proof at trial.

## EIGHTH CLAIM FOR RELIEF

(Violation of the DFEH – Disability and Medical Condition – CCSF)

53. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 31 with the same force and effect as if such paragraphs were separately realleged in this Eighth Claim for Relief.

54. Plaintiff has been continuously denied an accommodation for her disability and has repeatedly been prevented from resuming her position at San Francisco General

SECOND AMENDED COMPLAINT FOR DAMAGES

(C-07-03791 PJH)-12

Premier Law Group, PLLC
3131 Elliott Avenue, Suite 710
Seattle, WA 98121
(206) 285-1743- / FAX: (206) 599-6316

Hospital because of her disability and medical condition, a degenerative condition of her spine in violation of the Fair Employment and Housing Act.

55. As a direct and proximate result of the acts of defendants and each of them, plaintiff sustained severe and continuing shock to her nervous system, mental anguish, mortification, humiliation, and loss of good health and sleep, all to her damage according to proof at trial. Plaintiff also sustained lost wages and employment benefits according to proof at trial.

## NINTH CLAIM FOR RELIEF

(Promissory Estoppel Against City and County of San Francisco)

56. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 31 with the same force and effect as if such paragraphs were separately realleged in this Ninth Claim for Relief.

57. Beginning in December 2002, defendant CCSF represented and promised that it would reinstate plaintiff with reasonable accommodations within the CCSF system. CCSF knew plaintiff would rely on such promises, wait to be reinstated, and would forgo taking any legal action.

58. Plaintiff reasonably relied on CCSF's promises and representations, forewent any legal action, and waited patiently to be reinstated as defendant repeatedly put obstacles and hurdles in her path while having no intention of ever allowing her to return to work.

59. As a direct and proximate result of the continuous acts of defendant it is estopped from claiming that the statute of limitations has run on any of plaintiff's claims. Plaintiff has also suffered the economic damages herein described.

SECOND AMENDED COMPLAINT FOR DAMAGES

(C-07-03791 PJH)-13

Premier Law Group, PLLC
3131 Elliott Avenue, Suite 710
Seattle, WA 98121
(206) 285-1743- / FAX: (206) 599-6316

## PRAYER

WHEREFORE, plaintiff respectfully prays that this Court enter judgment granting her the following:

- A. Plaintiff request immediate instatement into a position that reasonably accommodates her disability;
- B. Back pay according to proof at trial, plus all lost fringe and employment benefits including the cost of health insurance;
- C. General damages for emotional distress and punitive damages against the individual defendants according to proof at trial;
- D. Plaintiff's costs of suit, including reasonable attorney's fees; and
- E. For such other and further relief as this Court deems appropriate.

DATED: November 13, 2007

PREMIER LAW GROUP, PLLC

/s/ Darryl Parker
Darryl Parker, SBN. 95914
Attorney for Plaintiff

SECOND AMENDED COMPLAINT FOR DAMAGES

(C-07-03791 PJH)-14

Premier Law Group, PLLC
3131 Elliott Avenue, Suite 710
Seattle, WA 98121
(206) 285-1743- / FAX: (206) 599-6316

**PROOF OF SERVICE**
*DeWitt v. City and County of San Francisco*
*U.S. District Court – Northern District of California - Case No. -07-03791 PJH*

I am a citizen of the United States and a resident of the County of King, Seattle, Washington. I am over the age of 18 years and not a party to this action. My business address is 3131 Elliott Avenue, Suite 710, Seattle, Washington, 98121.

On November 13, 2007 I served the attached **SECOND AMENDED COMPLAINT FOR DAMAGES** on all parties in this action, by electronic filing:

| | |
|---|---|
| Dennis J. Herrera, City Attorney<br>Rose-Ellen Fairgrieve, Deputy City Attorney<br>San Francisco City Attorney's Office<br>Fox Plaza<br>1390 Market Street, 5th Floor<br>San Francisco, CA 94102-5408 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Seattle, Washington, on November 13th, 2007.

Shannon K. McKown

PROOF OF SERVICE BY ELECTRONIC FILING
(Case No. C0700464)- 1

Premier Law Group PLLC
3131 Elliott Avenue, Suite 710
Seattle, Washington 98121
(206) 285-1743 / Fax: (206) 599-6316