DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar #83788
Chief Labor Attorney
ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
Deputy City Attorney
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3845
Facsimile:    (415) 554-4248
E-Mail:    rose-ellen.fairgrieve@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
AND JAMES MOORE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLADYS DEWITT,<br><br>       Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO GENERAL HOSPITAL, JAMES MOORE, and DOES 1 – 25,<br><br>       Defendants. | Case No. Case No. 07-3791 PJH<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Action Filed: 1/19/07<br>First Amended Complaint Filed: 7/3/07<br>Second Amended Complaint Filed: 11/13/07 |

Defendant City and County of San Francisco[1], hereby answer plaintiff's Second Amended Complaint filed November 13, 2007.

---

[1] Because the San Francisco General Hospital is a City department, it cannot be sued separate and apart from the City and County of San Francisco. See *Talbot v. City of Pasadena* (1938) 28 Cal.App.2d 271, 274. Defendant James Moore has not been served.

1. Answering paragraph 1 of the complaint, defendant denies each and every allegation.

2. Answering paragraph 2 of the complaint, defendant admits to the jurisdiction of this court.

3. Answering paragraph 3 of the complaint, defendant admits that at this time this court has supplemental jurisdiction over plaintiff's claims.

4. Answering paragraph 4 of the complaint, defendant admits to the venue of this action.

5. Answering paragraph 5 of the complaint, defendant lacks information or belief sufficient to admit or deny the allegations, and on that basis denies the allegations.

6. Answering paragraph 6 of the complaint, defendant admits that plaintiff filed a claim against the City and County of San Francisco on March 20, 2006, and that the claim was denied on September 28, 2006.

7. Answering paragraph 7 of the complaint, defendant admits that plaintiff is a black female, but lacks sufficient information and belief to admit or deny the remaining allegations.

8. Answering paragraph 8 of the complaint, defendant admits the allegations.

9. Answering paragraph 9 of the complaint, defendant admits that James Moore began supervising plaintiff in approximately 1997, and remained her supervisor while she was working. Defendant denies that Defendant James Moore committed the acts alleged in the complaint, and on that basis denies the remaining allegations.

10. Answering paragraph 10 of the complaint, defendant admits that plaintiff first worked as an inventory clerk in the storeroom at San Francisco General Hospital in May 1981.

11. Answering paragraph 11 of the complaint, defendant admits that plaintiff began work as a storekeeper at San Francisco General Hospital in July 1986.

12. Answering paragraph 12 of the complaint, defendant denies that plaintiff was promoted to Health Worker II in or about 1993. Defendant denies that they engaged in discriminatory practices and on that basis deny that she complained of violations of the Fair Employment and Housing Act. Defendant lacks information and belief sufficient to admit or deny the allegation that plaintiff claimed to OSHA, and on that basis denies that allegation.

Def's Answer to 2nd Amended Complaint
Case No. 07-3791 PJH
2
C:\staging\4768BD8D-1292-085A65\in\4768BD8D-1292-085A65.doc-18-Dec-07

13. Answering paragraph 13 of the complaint, defendant lacks information or belief sufficient to admit or deny the allegations, and on that basis denies the allegations.

14. Answering paragraph 14 of the complaint, defendant denies the allegations.

15. Answering paragraph 15 of the complaint, defendant admits the allegations, but add that the 11/29/01 Notice of Intent to Dismiss was also based on dishonesty.

16. Answering paragraph 16 of the complaint, defendant lacks information or belief sufficient to admit or deny the allegations, and on that basis denies the allegations.

17. Answering paragraph 17 of the complaint, defendant admits that such a letter was sent to James Moore.

18. Answering paragraph 18 of the complaint, defendant denies that plaintiff met with James Moore regarding the Notice of Intent to Dismiss on December 27, 2001.

19. Answering paragraph 19 of the complaint, defendant admits the allegations.

20. Answering paragraph 20 of the complaint, defendant admits that a Skelly hearing took place, and denies the remaining allegations.

21. Answering paragraph 21 of the complaint, defendant denies the allegations.

22. Answering paragraph 22 of the complaint defendant admits the first sentence and denies the second sentence.

23. Answering paragraph 23 of the complaint, defendant admits that Robert Thomas received a letter from Julian Hubbard that was dated February 6, 2003, and that Mr. Thomas oversaw the Skelly hearing, and denies the remaining allegations.

24. Answering paragraph 24 of the complaint, defendant admits the allegations.

25. Answering paragraph 25 of the complaint, defendant admits that Janis Ito sent a letter to plaintiff on March 20, 2002 stating that her leave expired March 27, 2002, and that she was expected to return to work the following day. Defendant denies that plaintiff had been threatened or that a hostile work environment existed, and on that basis denies the remaining allegations.

26. Answering paragraph 26 of the complaint, defendant denies the allegations.

27. Answering paragraph 27 of the complaint, defendant denies the allegations.

28. Answering paragraph 28 of the complaint, defendant admits that plaintiff has left phone messages for defendant Moore, that attorney Julian Hubbard sent numerous letters to defendant City and County of San Francisco, and that the City sent letters containing the stated quotes. Defendant denies the remaining allegations.

29. Answering paragraph 29 of the complaint, defendant denies the allegations.

30. Answering paragraph 30 of the complaint, defendant admits the allegations.

31. Answering paragraph 31 of the complaint, defendant denies the allegations.

## FIRST CLAIM FOR RELIEF

(Denial of Equal Protection – all defendants)

32. Answering paragraph 32 of the complaint, defendant incorporates its responses to paragraphs 1-31, infra.

33. Answering paragraph 33 of the complaint, defendant denies the allegations.

34. Answering paragraph 34 of the complaint, defendant denies that plaintiff is entitled to any relief requested, or any relief whatsoever.

## SECOND CLAIM FOR RELIEF

(Retaliation Discrimination – 1981 – all defendants)

35. Answering paragraph 35 of the complaint, defendant incorporates its responses to paragraphs 1-31, infra.

36. Answering paragraph 36 of the complaint, defendant denies the allegations.

37. Answering paragraph 37 of the complaint, defendant denies that plaintiff is entitled to any relief requested, or any relief whatsoever.

## THIRD CLAIM FOR RELIEF

(Violation of the DFEH – Racial Discrimination CCSF only)

38. Answering paragraph 38 of the complaint, defendant incorporates its responses to paragraphs 1-31, infra.

39. Answering paragraph 39 of the complaint, defendant denies the allegations.

40. Answering paragraph 40 of the complaint, defendant denies that plaintiff is entitled to any relief requested, or any relief whatsoever.

### FOURTH CLAIM FOR RELIEF

(Violation of the DFEH – Sex Discrimination CCSF only)

41. Answering paragraph 41 of the complaint, defendant incorporates its responses to paragraphs 1-31, infra.

42. Answering paragraph 42 of the complaint, defendant denies the allegations.

43. Answering paragraph 43 of the complaint, defendant denies that plaintiff is entitled to any relief requested, or any relief whatsoever.

### FIFTH CLAIM FOR RELIEF

(Violation of the DFEH – Age Discrimination CCSF only)

44. Answering paragraph 44 of the complaint, defendant incorporates its responses to paragraphs 1-31, infra.

45. Answering paragraph 45 of the complaint, defendant denies the allegations.

46. Answering paragraph 46 of the complaint, defendant denies that plaintiff is entitled to any relief requested, or any relief whatsoever.

### SIXTH CLAIM FOR RELIEF

(Violation of Public Policy – OSHA – Complaint - CCSF only)

47. Answering paragraph 47 of the complaint, defendant incorporates its responses to paragraphs 1-31, infra.

48. Answering paragraph 48 of the complaint, defendant denies the allegations.

49. Answering paragraph 49 of the complaint, defendant denies that plaintiff is entitled to any relief requested, or any relief whatsoever.

### SEVENTH CLAIM FOR RELIEF

(Violation of Public Policy Labor Code Section 132a Complaint - CCSF only)

50. Answering paragraph 50 of the complaint, defendant incorporates its responses to paragraphs 1-31, infra.

51. Answering paragraph 51 of the complaint, defendant denies the allegations.

52. Answering paragraph 52 of the complaint, defendant denies that plaintiff is entitled to any relief requested, or any relief whatsoever.

### EIGHTH CLAIM FOR RELIEF

(Violation of the DFEH – Disability and Medical Condition - CCSF only)

53. Answering paragraph 53 of the complaint, defendant incorporates its responses to paragraphs 1-31, infra.

54. Answering paragraph 54 of the complaint, defendant denies the allegations.

55. Answering paragraph 55 of the complaint, defendant denies that plaintiff is entitled to any relief requested, or any relief whatsoever.

### NINTH CLAIM FOR RELIEF

(Promissory Estoppel Against City and County of San Francisco)

56. Answering paragraph 56 of the complaint, defendant incorporates its responses to paragraphs 1-31, infra.

57 Answering paragraph 57 of the complaint, defendant denies the allegations.

58. Answering paragraph 58 of the complaint, defendant denies the allegations.

59. Answering paragraph 59 of the complaint, defendant denies that plaintiff is entitled to any relief requested, or any relief whatsoever.

### AFFIRMATIVE DEFENSES

In addition, defendant alleges the following separate and affirmative defenses:

1. As the First Separate and Affirmative Defense to the Complaint, Defendant asserts that the Complaint, and each and every allegation contained therein, whether considered singly or in combination, fails to state a claim upon which relief can be granted.

2. As the Second Separate and Affirmative Defense to the Complaint, Defendant asserts that the Complaint and each and every claim contained therein is barred by the applicable statute of limitations.

Def's Answer to 2nd Amended Complaint
Case No. 07-3791 PJH
6
C:\staging\4768BD8D-1292-085A65\in\4768BD8D-1292-085A65.doc-18-Dec-07

3. As the Third Separate and Affirmative Defense to the Complaint, Defendant asserts that Plaintiff has failed to exhaust her administrative, judicial and/or contractual remedies.

4. As the Fourth Separate and Affirmative Defense to the Complaint, Defendant asserts that Plaintiff has failed to mitigate her damages, if any, as required by law.

5. As the Fifth Separate and Affirmative Defense to the Complaint, Defendant asserts the Complaint and each and every claim contained therein are barred by immunities conferred upon them by the California Government Code and other applicable provisions of law, including but not limited to Government Code §§ 825 *et seq*.

6. As the Sixth Separate and Affirmative Defense to the Complaint, Defendant asserts that at all times and places alleged, Defendant acted without malice and with a good faith belief in the propriety of its conduct.

7. As the Seventh Separate and Affirmative Defense to the Complaint, Defendant asserts that at all times and places alleged, Defendant performed and discharged in good faith each and every obligation, if any, owed to Plaintiff.

8. As the Eighth Separate and Affirmative Defense to the Complaint, Defendant asserts that at all times material herein, its conduct was privileged and/or justified under applicable law.

9. As the Ninth Separate and Affirmative Defense to the Complaint and to each and every allegation contained therein, Defendant asserts that any relief sought by Plaintiff is barred by the doctrine of laches.

10. As the Tenth Separate and Affirmative Defense to the Complaint, Defendant alleges that its is not liable under the provisions of California Government Code §§ 815, 815.2 and/or 820.2, and other applicable provisions of law, in that any damage to Plaintiff as alleged in the Complaint would have resulted from acts or omissions committed in the exercise of discretion vested in public employees.

11. As the Eleventh Separate and Affirmative Defense to the Complaint, Defendant asserts that Plaintiff has failed to set forth a prima facie claim for race, sex, age, and physical

disability discrimination under Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act.

12. As the Twelfth Separate and Affirmative Defense to the Complaint, Defendant asserts that Plaintiff's claims are barred by the Workers' Compensation Act.

13. As the Thirteenth Separate and Affirmative defense to the complaint, Defendant asserts that plaintiff has failed to set forth a prima facie claim for retaliation.

14. As the Fourteenth Separate and Affirmative defense to the complaint, Defendant asserts that this action is barred due to plaintiff's failure to file a sufficient claim as required by California Government Code § 910 et seq. and other applicable provisions of law.

15. As the Fifteenth Separate and Affirmative defense to the complaint, Defendant asserts that, by her conduct, plaintiff has waived any right to recover any relief by the Complaint.

16. As the Sixteenth Separate and Affirmative defense to the complaint, Defendant alleges that plaintiffs have failed to comply with the jurisdictional prerequisites to maintaining lawsuits under Title VII of the Civil Rights Act of 1964 and/or the California Fair Employment and Housing Act.

17. As the Seventeenth Separate and Affirmative defense to the complaint, Defendant alleges that plaintiff's employment was entirely governed by statute.

/ / /

/ / /

/ / /

WHEREFORE, Defendant pray that Plaintiff take nothing by his Complaint, that Plaintiff's Complaint be dismissed with prejudice, and for the following:

1. For cost of suit herein;
2. For reasonable attorney's fees; and
3. For any such other relief as the Court deems just and proper.
4. Defendant demands a jury trial.

Dated: December 18, 2007

DENNIS J. HERRERA
City Attorney
ELIZABETH S. SALVESON
Chief Labor Attorney
ROSE-ELLEN H. FAIRGRIEVE
Deputy City Attorney

By: _____/s/_____
ROSE-ELLEN H. FAIRGRIEVE
Attorneys for Defendants

Def's Answer to 2nd Amended Complaint
Case No. 07-3791 PJH
9
C:\staging\4768BD8D-1292-085A65\in\4768BD8D-1292-085A65.doc-18-Dec-07