Darryl Parker, State Bar #95914
PREMIER LAW GROUP, PLLC
3131 Elliott Avenue, Suite 710
Seattle, Washington 98121
Telephone:   (206) 285-1743
Facsimile:   (206) 599-6316

Attorney for Plaintiff
GLADYS DEWITT

DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar #83788
Chief Labor Attorney
ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
Deputy City Attorney
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:   (415) 554-3845
Facsimile:   (415) 554-4248
E-Mail:      rose-ellen.fairgrieve@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
AND JAMES MOORE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLADYS DEWITT,<br><br>             Plaintiff,<br><br>      vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO GENERAL HOSPITAL, JAMES MOORE, and DOES 1 – 25,<br><br>             Defendants. | Case No. Case No. 07-3791 PJH<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**<br><br>Hearing Date:   2/28/2008<br>Time:           2:30 p.m.<br>Place:  Courtroom 3, 17th Floor<br>Judge:  Honorable Phyllis J. Hamilton |

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

## I. JURISDICTION AND SERVICE

The parties agree that the Court has jurisdiction over plaintiffs' claims in this action pursuant to 28 U.S.C. §1331 and 42 U.S.C. §1983.  The parties agree that the Court has jurisdiction over the parties to this action pursuant to 29 U.S.C. §1391(b).

Defendant the City and County of San Francisco has been served and has answered the Second Amended Complaint for Damages.  Defendant James Moore has not been served.  San Francisco General Hospital is a City department, and thus cannot be sued separate and apart from the City and County of San Francisco.

## II. FACTS

### A. Plaintiffs' Position:

Plaintiff alleges in her complaint that she has been deprived of the ability to earn a living because of her race, sex, age and/or a combination of the three.  She also has alleged that when she complained about what she reasonably believed were violations of state and federal law she was retaliated against and prevented from working.  She further alleges that she has been deprived reasonable accommodations for her disability and she has been discriminated against because she was injured on the job and because she has a disabling medical condition.  Plaintiff claims economic and general damages on each cause of action

### B. The City's Position:

The City contends that it has acted appropriately and lawfully with respect to Plaintiff's employment.

Plaintiff has been out of work since the end of 2001 due to one or more physical injuries. Over the years the City has received conflicting information about whether Plaintiff can return to work, whether she needs a reasonable accommodation, and, if so, what accommodation she requires. The City responded appropriately given the information it had.  At no time has Plaintiff been discriminated again on any basis, including, but not limited to, her race, gender, age, or disability.

**III.   THE PRINCIPAL FACTUAL AND LEGAL ISSUES IN DISPUTE ARE:**

The principal factual and legal issues which the parties dispute are whether Defendant has failed to provide plaintiff with reasonable accommodations and whether plaintiff is still an employee of defendant.

1. Whether Plaintiff has a disability within the meaning of California and federal law.
2. Whether she is regarded as having a disability.
3. The type and extent of the disability
4. Whether plaintiff requested an accommodation
5. Whether defendants failed reasonably to accommodate plaintiff
6. Whether defendants discriminated against plaintiff on the basis of her race, sex, age, or disability.
7. Whether plaintiff engaged in protective activity.
8. Whether defendants retaliated against plaintiff.
9. Whether plaintiff is stilled employed by defendants.
10. Whether defendant made a promise upon which plaintiff reasonably relied to her detriment.
11. Whether plaintiff's claims are time-barred.
12. Whether plaintiff is entitled to the relief she requests.

**IV.   MOTIONS**

At the time of this Joint Statement there are no pending motions.

Both parties anticipate filing motions for summary judgment or adjudication.

**V.   AMENDMENT OF PLEADINGS**

Neither party currently intends to amend the pleadings.

**VI.   EVIDENCE PRESERVATION**

Plaintiff request that all internal emails, memos or correspondence regarding plaintiff be preserved in its current electronic form.  Plaintiff also requests that all documents be

preserved and not destroyed and all back up systems not be erased during the pendency of this lawsuit and until so ordered by the Court.

## VII. DISCLOSURES

The parties anticipate completing Initial Disclosures by Friday, March 7, 2008. The parties anticipate listing all of the witnesses who have knowledge of the facts outlined above known to the parties at this time. The parties also anticipate disclosing relevant documents.

## VIII. DISCOVERY

Plaintiff intends to take the depositions of (1) James Moore, plaintiff's former immediate supervisor, (2) Robert Thomas, CCSF Personnel Officer (3) Janis Ito, CCSF's Departmental Personnel Officer for the Department of Public Health, (4) Casey Chatillon, CCSF's ADA coordinator, (5) Rhonda Lunsford, a Senior Personnel Analyst with CCSF's Department of Public Health, (6) Linda Cleary, Rehabilitation Counselor, (7) Ladron Durio and any other person who is identified in discovery as having relevant information.

Plaintiff further intends to propound written discovery in the form of interrogatories, documents requests, and requests for admissions. In addition, plaintiff intends to request to examine defendants' internal office computers which were used by the seven people she identified as possible deponents.

Defendant intends to depose Gladys DeWitt and the doctors who have treated or examined Ms. DeWitt, including, but not limited to, Dr. Michael Sutro, Dr. Aubrey Swartz, Dr. Stephen Conrad, and Dr. Nathan Hare.

Defendant also intends to propound written discovery in the form of document requests, interrogatories, and requests for admissions.

## IX. CLASS ACTION

Not applicable.

**X.    RELATED CASES:**

There are no related cases pending in this court.

**XI.    RELIEF:**

Plaintiff is requesting back pay and attendant economic damages, front pay, emotional distress damages

**XII.    SETTLEMENT AND ADR:**

The parties agree to attend Early Neutral Evaluation, and will file a joint ADR Certification with Stipulation to ADR Process by the time of the case management conference.

**XIII.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The parties do not consent to a magistrate judge.

**XIV.    OTHER REFERENCES:**

The parties do not believe that the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.    NARROWING OF ISSUES:**

The parties believe that after some discovery, the issues can be narrowed, if not entirely disposed of, on summary judgment.

**XVI.    EXPEDITED SCHEDULE:**

The parties do not anticipate this case can be handled on an expedited basis with streamlined procedures at this time, although we remain open to exploring the option as the case progresses.

**XVII.    SCHEDULING:**

**Trial date:**    November 17, 2008

**Final pretrial conference date:**    November 6, 2008, 2:30 p.m.

**Date required for filing of the joint pretrial conference statement and proposed pretrial order required by Civ. L.R. 16-9(a):**  October 31, 2008

**Anticipated length of trial:**  5 days

**Deadline to hear motions directed at the merits of all or part of the case:** October 1, 2008

**Completion of all discovery except from experts (see Civ.L.R. 26-2):** July 30, 2008

1 **Disclosure of identities, resumes, final reports and all other matters required by Fed. R.
2 Civ. P. 26(a)(2):** October 10, 2008

3 **Completion of discovery from experts:** October 24, 2008

4 **XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

5 Not applicable.

6 **XIX. SERVICE LIST:**

7 **FOR PLAINTIFFS:**

Darryl Parker
PREMIER LAW GROUP, PLLC
3131 Elliott Avenue, Suite 710
Seattle, Washington 98121
Tel: (206) 285-1743
Fax: (206) 599-6316

**FOR DEFENDANT:**

Rose-Ellen H. Fairgrieve
City Attorney's Office
1390 Market, 5th Floor
San Francisco, CA 94102
Tel: (415) 554-3845
Fax: (415) 554-4248

Dated:   February 21, 2008

                              PREMIER LAW GROUP, PLLC

                              _____/s/_____
                              DARRYL PARKER, Esq.
                              Attorney for Plaintiff
                              GLADYS DEWITT

Dated: February 21, 2008

                              DENNIS J. HERRERA
                              City Attorney
                              ELIZABETH SALVESON
                              Chief Labor Attorney
                              ROSE-ELLEN H. FAIRGRIEVE
                              Deputy City Attorney

                     By:_____/s/_____
                              ROSE-ELLEN H. FAIRGRIEVE

                              Attorneys for Defendant
                              CITY AND COUNTY OF SAN FRANCISCO

## CASE MANAGEMENT ORDER

The foregoing joint statement is adopted by this Court as the Case Management Order in this action in accordance with Civil Local Rule 16-9 and other applicable Local Rules, and shall govern all further proceedings in this action.

**IT IS SO ORDERED.**

Dated:

_____
HON. PHYLLIS J. HAMILTON
United States District Court Judge