DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar #83788
Chief Labor Attorney
ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
Deputy City Attorney
Fox Plaza
1390 Market Street, Fifth Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3845
Facsimile:    (415) 554-4248

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JAMES MOORE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLADYS DEWITT,<br><br>             Plaintiff,<br><br>      vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO GENERAL HOSPITAL, JAMES MOORE, and DOES 1 – 25,<br><br>             Defendants. | Case No.  07-3791 PJH<br><br>**DECLARATION OF ROSE-ELLEN H. FAIRGRIEVE IN RESPONSE TO PLAINTIFF'S REQUEST FOR A CASE MANAGEMENT CONFERENCE** |

I, ROSE-ELLEN HEINZ FAIRGRIEVE, declare as follows:

1. I am an attorney of record for Defendants in the above-captioned matter. I am admitted to practice law in California and to appear before this Court. Unless otherwise stated, I have personal knowledge of the facts in this declaration, and if called upon to testify, I could and would testify competently to the facts contained herein.

2. Since June 2, 2008, when the parties reached a settlement of this matter, I drafted the settlement and release agreement. I met and conferred with Plaintiff's counsel regarding revisions, and revised the agreement. Plaintiff transmitted the signed agreement on July 22, 2008, while I was on vacation. I received the signed agreement from Plaintiff when I returned on July 30.

3. I have completed the remaining necessary documents to transmit to the Health Commission and Board of Supervisors for their approval.

4. The Health Commission generally meets the first and third Tuesdays of each month. I anticipate that the proposed settlement can be placed on the Health Commission's calendar for its meeting on August 19, 2008.

5. Assuming the Health Commission approves the settlement on August 19, the proposed settlement would then go to the Controller's Office for verification of the availability of funds. I am informed that the verification process usually takes approximately one week.

6. The Board of Supervisors meets every Tuesday, unless there is a holiday on the prior Monday, in which case the Board does not meet that week. Additionally, the Board of Supervisors is in recess on August 19 and 26, 2008.

7. Thus, the first Board of Supervisors meeting after the anticipated Health Commission approval is on September 9. I am informed that, because the Board will have not met for 3 weeks, it is probable that the settlement will not be placed on the Board's calendar until the following meeting, September 16.

8. I am informed that the Board of Supervisors will refer the approval of the settlement to the Rules Committee, which meets on the first and third Thursdays of each month.

1  If the settlement is on the September 16 calendar of the full board, I would expect it to be
2  calendared for the Rules Committee meeting on September 18.
3      9.    If the Rules Committee approves the settlement, it will recommend the approval
4  to the full Board.  The settlement ordinance must be presented to the full Board for two separate
5  readings.  If the Rules Committee considers the settlement at its meeting on September 18, I
6  would expect the settlement ordinance to go before the full Board at its meetings on September
7  23 and October 7, 2008.
8      10.    After the Board of Supervisors approves the settlement ordinance, the Mayor
9  must approve the settlement ordinance.  The Mayor has ten days to approve the ordinance.  Thus,
10 assuming the Board approved the ordinance on October 7, the Mayor would have until October
11 17 to approve the ordinance.
12     11.    I am informed that upon receiving the Mayor's approval, this office takes
13 approximately one week to process the payment.  Assuming the schedule set forth above is
14 followed, we would have a check ready for Plaintiff the week of October 27, 2008.
15     12.    The schedule set forth above is dependant on the matters being calendared before
16 the respective bodies on the dates that we anticipate.  I am informed that it is not always possible
17 to have proposed settlements scheduled for the particular meetings we anticipate, and that even if
18 a settlement is placed on a calendar for a particular meeting, sometimes the body will continue
19 the consideration of the settlement to another meeting.
20     13.    The estimate of a six month time frame for settlement approval that I gave to Mr.
21 Parker takes into account the possible continuances referred to in the previous paragraph and
22 other unforeseen circumstances that I am informed often arise along the settlement approval
23 process because of the number of steps the settlement must go through.  I do not recall informing
24 Mr. Parker that the process could take up to a year.  I do not foresee any circumstances in which
25 it would take a year for the settlement of this action to be approved and payment to be issued.
26     14.    Prior to payment being issued, the City must receive a completed W-9 form from
27 Plaintiff's counsel.  Also prior to payment being issued, the case must be dismissed.  The way
28 this is usually accomplished is that the Plaintiff submits a Stipulation for Dismissal to this office,

1  which holds the stipulation in trust until the settlement is approved by the Mayor.  After the
2  settlement is approved, this office records the dismissal, then issues the payment.  I am informed
3  that this allows for the most expedient processing of the payment after the settlement is
4  approved.

7  Dated:

DENNIS J. HERRERA
City Attorney
ELIZABETH S. SALVESON
Chief Labor Attorney
ROSE-ELLEN H. FAIRGRIEVE
Deputy City Attorney

By:_____/s/_____
ROSE-ELLEN H. FAIRGRIEVE

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO
AND JAMES MOORE