DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH S. SALVESON, State Bar #83788
Chief Labor Attorney
ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
Deputy City Attorney
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3845
Facsimile:    (415) 554-4248
E-Mail:       rose-ellen.fairgrieve@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
AND JAMES MOORE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLADYS DEWITT,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO GENERAL HOSPITAL, JAMES MOORE, and DOES 1 – 25,<br><br>　　　　Defendants. | Case No. Case No. 07-3791 PJH<br><br>**CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER**<br><br>Hearing Date:　8/14/2008<br>Time:　　　　　2:30 p.m.<br>Place:　Courtroom 3, 17th Floor<br>Judge:　Honorable Phyllis J. Hamilton |

　　　　Defendant City and County of San Francisco submits this Case Management Statement pursuant to the Court's Order of August 4, 2008.

　　　　The parties attended a court-ordered mediation on June 2, 2008. At the mediation, the parties entered into a tentative settlement ("Settlement"). The Settlement provided that "[t]he parties acknowledge that this agreement is subject to all necessary Board and Commission approvals." A copy of the handwritten settlement agreement signed at the June 2, 2008 mediation is attached hereto as Exhibit A.

The settlement agreement further provided that the parties would prepare and sign a more detailed settlement agreement. Defendant's counsel prepared a settlement and release agreement ("Agreement"). After minor revisions, Plaintiff executed the Settlement Agreement on July 22, 2008, and Defendant's counsel received the signed Agreement on July 30, 2008.

The next step in the approval process is to submit the Agreement to the Health Commission for its approval. Defendant anticipates the Settlement being calendared for the August 19, 2008 Health Commission Meeting. After the Health Commission approves the Settlement, the Agreement will go to the Board of Supervisors for its approval. Defendant anticipates that, considering the steps the Settlement Agreement must go through, the earliest Plaintiff's payment can be issued is the week of October 27, 2008.

The step-by-step procedure for obtaining approval of the Settlement and for the warrant to be processed, including when each step is anticipated to occur, is set forth in the Declaration of Rose-Ellen H. Fairgrieve In Response to Plaintiff's Request for a Case Management Conference, filed on August 4, 2008.[1]

Dated: August 7, 2008

DENNIS J. HERRERA
City Attorney
ELIZABETH S. SALVESON
Chief Labor Attorney
ROSE-ELLEN H. FAIRGRIEVE
Deputy City Attorney

By: _____/s/_____
ROSE-ELLEN H. FAIRGRIEVE
Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, AND
JAMES MOORE

---

[1] Upon review, Counsel realized that she inadvertently failed to sign the declaration under penalty of perjury. A revised declaration is attached hereto as Exhibit B.

# Exhibit A

DeWitt v. City and County of San Francisco
Case No. 07-03791 PJH

The parties mediated this case on June 2, 2008 and have agreed to the following settlement terms:

1. Defendant agrees to pay plaintiff the sum of $50,000.00 to be paid by check made payable to: "Premier Law Group, in trust for Gladys DeWitt."

2. Defendant will pay to plaintiff any accrued vacation, pursuant to defendant's payroll record.

3. Defendant agrees to pay 100% of the mediator's fee for this mediation.

In consideration of the above, plaintiff agrees:

1. To retire from her employment and to not seek re-employment with defendant at any time in the future.

2. To dismiss all litigation/defendants with prejudice.

The parties acknowledge that this agreement is subject to all necessary Board and Commission approvals.
The parties will prepare and sign a more detailed settlement agreement at a later date; this agreement is admissible for enforcement purposes. The mediator's role was solely to act as scribe for this parties' agreement.

Date: 6-2-08    [signature: Gladys DeWitt]    Plaintiff
Date: 6-2-08    [signature]                    Plaintiff's Attorney
Date: 6/2/08    [signature]                    for Defendant
Date: 6/2/08   [signature]                     Defendant's Attorney

# Exhibit B

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  ELIZABETH S. SALVESON, State Bar #83788
   Chief Labor Attorney
3  ROSE-ELLEN H. FAIRGRIEVE, State Bar #181257
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, Fifth Floor
5  San Francisco, California 94102-5408
   Telephone:     (415) 554-3845
6  Facsimile:     (415) 554-4248

7  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO
8  AND JAMES MOORE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| GLADYS DEWITT, | Case No. 07-3791 PJH |
|---|---|
| Plaintiff, | **DECLARATION OF ROSE-ELLEN H. FAIRGRIEVE IN RESPONSE TO PLAINTIFF'S REQUEST FOR A CASE MANAGEMENT CONFERENCE** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO GENERAL HOSPITAL, JAMES MOORE, and DOES 1 – 25, | |
| Defendants. | |

DEC OF R. FAIRGRIEVE RE CMC REQUEST
CASE NO. 07-3791 PJH

N:\LABOR\LI2007\071000\00500713.DOC

1    I, ROSE-ELLEN HEINZ FAIRGRIEVE, declare as follows:

2    1.    I am an attorney of record for Defendants in the above-captioned matter. I am admitted to practice law in California and to appear before this Court. Unless otherwise stated, I have personal knowledge of the facts in this declaration, and if called upon to testify, I could and would testify competently to the facts contained herein.

3    2.    Since June 2, 2008, when the parties reached a settlement of this matter, I drafted the settlement and release agreement. I met and conferred with Plaintiff's counsel regarding revisions, and revised the agreement. Plaintiff transmitted the signed agreement on July 22, 2008, while I was on vacation. I received the signed agreement from Plaintiff when I returned on July 30.

4    3.    I have completed the remaining necessary documents to transmit to the Health Commission and Board of Supervisors for their approval.

5    4.    The Health Commission generally meets the first and third Tuesdays of each month. I anticipate that the proposed settlement can be placed on the Health Commission's calendar for its meeting on August 19, 2008.

6    5.    Assuming the Health Commission approves the settlement on August 19, the proposed settlement would then go to the Controller's Office for verification of the availability of funds. I am informed that the verification process usually takes approximately one week.

7    6.    The Board of Supervisors meets every Tuesday, unless there is a holiday on the prior Monday, in which case the Board does not meet that week. Additionally, the Board of Supervisors is in recess on August 19 and 26, 2008.

8    7.    Thus, the first Board of Supervisors meeting after the anticipated Health Commission approval is on September 9. I am informed that, because the Board will have not met for 3 weeks, it is probable that the settlement will not be placed on the Board's calendar until the following meeting, September 16.

9    8.    I am informed that the Board of Supervisors will refer the approval of the settlement to the Rules Committee, which meets on the first and third Thursdays of each month.

1  If the settlement is on the September 16 calendar of the full board, I would expect it to be
2  calendared for the Rules Committee meeting on September 18.

3      9.    If the Rules Committee approves the settlement, it will recommend the approval
4  to the full Board. The settlement ordinance must be presented to the full Board for two separate
5  readings. If the Rules Committee considers the settlement at its meeting on September 18, I
6  would expect the settlement ordinance to go before the full Board at its meetings on September
7  23 and October 7, 2008.

8      10.    After the Board of Supervisors approves the settlement ordinance, the Mayor
9  must approve the settlement ordinance. The Mayor has ten days to approve the ordinance. Thus,
10 assuming the Board approved the ordinance on October 7, the Mayor would have until October
11 17 to approve the ordinance.

12     11.    I am informed that upon receiving the Mayor's approval, this office takes
13 approximately one week to process the payment. Assuming the schedule set forth above is
14 followed, we would have a check ready for Plaintiff the week of October 27, 2008.

15     12.    The schedule set forth above is dependant on the matters being calendared before
16 the respective bodies on the dates that we anticipate. I am informed that it is not always possible
17 to have proposed settlements scheduled for the particular meetings we anticipate, and that even if
18 a settlement is placed on a calendar for a particular meeting, sometimes the body will continue
19 the consideration of the settlement to another meeting.

20     13.    The estimate of a six month time frame for settlement approval that I gave to Mr.
21 Parker takes into account the possible continuances referred to in the previous paragraph and
22 other unforeseen circumstances that I am informed often arise along the settlement approval
23 process because of the number of steps the settlement must go through. I do not recall informing
24 Mr. Parker that the process could take up to a year. I do not foresee any circumstances in which
25 it would take a year for the settlement of this action to be approved and payment to be issued.

26     14.    Prior to payment being issued, the City must receive a completed W-9 form from
27 Plaintiff's counsel. Also prior to payment being issued, the case must be dismissed. The way
28 this is usually accomplished is that the Plaintiff submits a Stipulation for Dismissal to this office,

1 | which holds the stipulation in trust until the settlement is approved by the Mayor. After the
2 | settlement is approved, this office records the dismissal, then issues the payment. I am informed
3 | that this allows for the most expedient processing of the payment after the settlement is
4 | approved.

6 |      I declare under penalty of perjury under the laws of the State of California that the
7 | foregoing is true and correct. This declaration was executed in San Francisco, California.
8 | Dated: August 7, 2008

*[signature]*

ROSE-ELLEN H. FAIRGRIEVE